65

**United States District Court**

**Wayne County**

| | |
|---|---|
| BNY MELLON AS TRUSTEE FOR CWABS INC ASSET-BACKED CERTIFICATES SERIES 2004-5 [Trust] | Case No. 2:14-cv-14526 Honorable Judge Friedman, Bernard A. |
| Trott & Trott P.C. et al Donald King (P55358) et al | **Companion Case Judge John Corbett O'Meara Case No. 5:11-cv-14066** |
| Plaintiffs' | |

vs.

Usir Nynetjer El Bey f/k/a JOHN SNEAD

Counterclaimant / Respondent,

_____/

# COUNTERCLAIMANT'S MOTION & APPLICATION FOR AN ORDER IN THE NATURE OF A WRIT OF MANDAMUS OR OTHER APPROPRIATE RELIEF

## Pursuant to F. R. Civ. P. Rule 81(b)

(Related Notice of Removal filed separately on December 1, 2014)

**TABLE OF CONTENTS**

APPLICATION FOR ORDER IN THE NATURE OF A WRIT OF MANDAMUS ........................................................5

VERIFICATION.................................................................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................................7

INTRODUCTION ...........................................................................................................................................10

SUMMARY OF ARGUMENT ........................................................................................................................13

STATEMENTS FOR COMPANION CASE ....................................................................................................13

ARGUMENT. .................................................................................................................................................17
1.      The trial court erred in holding its proceedings after its court rules have been rescinded. ...................17
2.      The state court abused its discretion by not reviewing counterclaimant's response and removal which
        acknowledges his legal name change and provides that the trial court lacks subject-matter jurisdiction ...............18
3.      The state court abused its discretion and is liable for any negligence and intentional torts herein that describes
        a civil wrong resulting from an intentional act on the part of the tort feasor.....................................................18

CONCLUSION...............................................................................................................................................19
CERTIFICATE OF SERVICE.........................................................................................................................20

## TABLE OF AUTHORITIES

**CASES**

State Tax Commission of Utah v. Katsis, 90 Utah 406, 62 P.2d 120, 123, 107 A.L.R. 1477........................................11

Von Kettler et al. V. Johnson, 57 Ill. 109 (1870)........................................................................................11

Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)..............................................................................12

The People v. Brewer, 128 Ill. 472, 483 (1928)..........................................................................................12

Board of Public Works v. Columbia College, 84 U.S. (17 Wall.) 521, 528 (1873)........................................14

Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 291 (1888)..............................................................................14

Huntington v. Attrill, 146 U.S. 657, 685 (1892)..........................................................................................14

Brown v. Fletcher's Estate, 210 U.S. 82 (1908)..........................................................................................14

Bigelow v. Old Dominion Copper Co., 225 U.S. 111 (1912)..........................................................................14

Spokane Inland R.R. v. Whitley, 237 U.S. 487 (1915)..................................................................................14

Rogers v. Alabama, 192 U.S. 226, 231 (1904)............................................................................................14

Wells Fargo & Co. v. Ford, 238 U.S. 503 (1915)........................................................................................14

Carpenter v. Longan 16 Wall. 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872)....................................................15

Freeman Brothers Furniture v. Dept. of Revenue, 109 Ill.2d 202, 486 N.E. 2d 893 (1985)..........................18

Laughlin v. Prudential Ins. Co., 882 F. 2d. 187 (5th Cir. 1989)....................................................................18

Anastasoff v. United States, 223 F. 3d 898 (8th Cir. 2000)..........................................................................18

Faretta vs. California 422 U.S. 806 (1975)..................................................................................................19

Dekoven v. Bell, 140 F. Supp.2d 748, 755 (E.D. Mich. 2001)......................................................................19

Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1892)..............19

Power 914 F2d 1459 (11th Cir. 1990)........................................................................................................19

Hulsey v. Owens 63 F3d 354 (5th Cir. 1995)..............................................................................................19

HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)....................................................................................19

Spotts v. United States, 429 F.3d 248, 250 (6th Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)......................19

**STATUTES**

Title 28 U.S.C. §1651............................................................................................................................9

28 U.S.C. § 1332................................................................................................................................7, 8

28 U.S.C. §  1441.................................................................................................................................7

28 U.S.C. §1331.................................................................................................................................8

28 U.S.C. §1446........................................................................................................................8,10,19

28 U.S.C. §1447.................................................................................................................................8

28 U.S.C. §1443.................................................................................................................................8

MCL §600.5807.................................................................................................................................9

USC Title 18 § 1028........................................................................................................................14

USC Title 18 §112............................................................................................................................15

USC Title 18 §1116..........................................................................................................................15

USC Title 18 §970............................................................................................................................15

**CONSTITUTION & TREATIES**

Treaty of Watertown 1776 [Article 3].............................................................................................14

Article VI –Supremacy Clause Article IV........................................................................................15

**OTHER AUTHORITY**

E.D. LR 81.1 ......................................................................................................................................7

Fed. R. Civ. P. 11..............................................................................................................................7

F. R. Civ. P.–Rule 21.........................................................................................................................8

Fed. R. Civ. P.–Rule 7.......................................................................................................................9

Fed. R. Civ. P. –Rule 65.................................................................................................................9,10

Fed. R. Civ. P. –Rule 81....................................................................................................................9

MCR 2.113 Form of Pleading and Other Papers...........................................................................9,10

MCR 4.201 Summary Proceedings to Recover Possession of Premises.....................9,10,14,16,17

MCR 2.603 Default and Default Judgment....................................................................................9,10

MCR 4.202 Summary Proceedings; Land Contract Forfeiture.....................................................9,10

**APPLICATION FOR AN ORDER**
**IN THE NATURE OF A WRIT OF MANDAMUS**

TO THE HONORABLE PRESIDING JUSTICE AND ASSOCIATE JUSTICES OF THE U.S. DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN:

Counterclaimant alleges:

1.      Usir Nynetjer El Bey f.k.a. John Snead is the Counterclaimant in the action (eviction proceedings) entitled,

The BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK TRUSTEE FOR THE BENEFIT OF THE

CERTIFICATEHOLDERS OF THE CWABS INC., ASSET BCKED CERTIFICATES SERIES 2004-5 v. JOHN SNEAD;

for Landlord Tenant [**Case No. 14329864**] filed on November 10, 2014, before the state trial court.

2.      The state trial court is the 36th Judicial District Court of the State of Michigan, County of Wayne, in

which the above-entitled action is pending.

3.      Real party in interest is BANK OF NEW YORK MELLON, who claims an interest as plaintiff in the above entitled

action by way of Assignment of Mortgage and Sheriff Deed on Mortgage Sale.

4.      Counterclaimant filed a Notice of Removal from State Court for the above entitled action and thereby noticed

the clerk of such state court.

5.      Real party in interest to the removal is Petitioner, who claims an interest as Counterclaimant in the above entitled

action removed from the state trial court by way of **Quitclaim Deed to Trust, International Irrevocable Trust**

**Agreement #071973UNEB** and recorded security interest [**UCC Financing Statement & Amendment**] and for lack of

standing and interest by plaintiff.

6.      Counterclaimant is an individual (**aboriginal indigenous Native American man**) beneficially interested in the

issuance of an order in the nature of a writ of mandamus because he is the party whom after removal from the state trial

court, it continues to further exercise its jurisdiction over the removed case.

7.      Counterclaimant has performed all precedent conditions to the removal (by raising an objection to the discretion

of the state trial court's jurisdiction to proceed any further) before the filing of this Motion & Application for an Order in the

Nature of a Writ of Mandamus or other Appropriate Relief.

8.      At all times herein mentioned the state trial court has been noticed and was able to perform the duty stated

above and failed to exercise good judgment and despite counterclaimant's demand for the performance of the duty and

exercise of good judgment, the state trial court continues to fail to perform the duty and exercises its jurisdiction at its own

discretion.

5

9.       Counterclaimant has no plain, speedy, and adequate remedy in the ordinary course of law, other than the relief

sought in this Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief, because

the amount in controversy of $75,000 or more is only reviewable upon a removal of the entire action from state court or upon

a writ or other appropriate relief in accordance with F.R.Civ. P. –Rule 81.


        WHEREFORE, Counterclaimant prays for relief sought:

               a. That the court issues an order in the nature of a writ of mandamus in the first instance

        commanding the state trial court to vacate any orders or arranging of court dates being issued against

        counterclaimant or any continued exercise of jurisdiction over the matters before it.

               b. That the court issues a preemptory writ in the first instance commanding respondent to show

        cause why it should not void the **(awarded possession of premises (2011))** and vacate the removed

        proceedings for eviction issued against petitioner until the pending removal of the state court action is

        further reviewed.

               c. That the court, alternatively, first issue its own alternative writ commanding respondent to

        vacate all orders or, in the alternative, show cause why it should not do so, and thereafter issue a

        preemptory writ commanding the state trial court to proceed no further unless or until the case is remanded.


Dated: _12-12-14_

                                        All Rights Reserved

                                        Usir Nynetjer El Bey f.k.a. John Snead, Counterclaimant

6

## VERIFICATION

I, Usir Nynetjer El Bey, am the Counterclaimant in this proceeding. I have read the foregoing Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief and know its contents. The facts stated therein are true and are within my personal knowledge.

I declare under penalty of perjury under the laws of the United States and the State of Michigan that the foregoing is true and correct.

Dated: _12-12-14_

All Rights Reserved

_[signature]_

Usir Nynetjer El Bey f.k.a. John Snead, Counterclaimant

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On December 1, 2014, Counterclaimant Usir Nynetjer El Bey f.k.a. John Snead moved to remove the above-entitled action to the U.S. District Court for the Eastern District of Michigan pursuant to **LR 81.1 Removal of Diversity Actions**.

   (a) This rule applies to actions removed on the basis of diversity of citizenship in which the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332.

   (b) the removing defendant must: (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation.

   (c) if the notice of removal does not establish that the case meets the jurisdictional requirement, the Court may issue an order to the defendant to show cause, either orally or in writing, why the case should not be remanded to state court.

   (d) if a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, the plaintiff must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate.

   (e) The court will not enter an order to remand on the ground that the amount in controversy does not exceed the required jurisdictional amount without an opportunity to be heard.

   **Comments (in part):** At both a show cause hearing or hearing on a motion to remand, both parties may file statements of facts supporting their jurisdictional allegations. These statements may be supported by affidavits or documentary evidence. These statements and supporting materials are "papers" within the meaning of **Fed. R. Civ. P. 11**.

2. The Notice of Filing of Removal and Notice of Removal was filed in the U.S. District Court on December 1, 2014, pursuant to

   **28 U.S.C. § 1441 – Removal of civil actions. 1441(b) Removal based on Diversity of Citizenship** provides:

   (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332 of this title, the

citizenship of defendants sued under fictitious names <u>shall be disregarded</u>.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332 of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3. Pursuant to **Title 28 U.S.C. §1331.—** The district court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States.

4. Counterclaimant's removal was made in accordance with **Title 28 U.S.C. §1446 Procedure for removal of civil actions.**

   **1446 (c) Requirements; Removal Based on Diversity of Citizenship.—**

   **(2)** If a removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that— **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks— **(i)** a nonmonetary relief; or **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph **(A)** if the district court finds by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332.

   **1446 (d) Notice to Adverse Parties and State Court.—** <u>Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.</u>

5. Pursuant to **F. R. Civ. P. Rule 21. Misjoinder and Nonjoinder of Parties.—** Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

6. In accordance with **Title 28 U.S.C. §1447 Procedure after removal generally.—**

   **(a)** in any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

   **(b)** It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

   **(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446. If any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

   **(d)** An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

7. Pursuant to **Title 28 U.S.C. §1443.—**

   (a) Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

8

    (1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

    (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

8.  On December 1, 2014, Counterclaimant Usir Nynetjer El Bey f.k.a. John Snead also filed a Lis Pendens and a Application for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief against the above-entitled action in state court in accordance to **Fed. R. Civ. P. –Rule 7. Pleadings allowed; form of Motions and Other Papers** and Fed. R. Civ. P. –Rule 65. Injunctions and Restraining Orders.
    (a)  Notice.
    (1)  The court may issue a preliminary injunction only to notice to the adverse party.
    (2)  Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

    (b)  Temporary Restraining Order.
    (1)  Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
    (A)  Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
    (B)  The movant certifies in writing any efforts made to give notice and the reasons why it should not be required.

9.  Counterclaimant's motion and application for an order in the nature of a writ to issue is in accordance to **Federal Rules of Civil Procedure Rule 81. Applicability of the Rules in General; Removed Actions**

    **Rule 81. (b) Scire Facias and Mandamus.** The Writ of scire facias and mandamus are abolished. Relief Previously available through them may be obtained by appropriate action or motion under these rules.

10.  All Writs to Circuit courts should be in Pursuance to **Title 28 U.S.C. § 1651.—**

    **(a)**  The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
    **(b)**  An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

11.  Administrative procedures (Michigan Court Rules) for the 36TH JUDICIAL DISTRICT COURT:

    **(a)**  **MCR 2.113 Form of Pleading and Other Papers** has been rescind as of March 25, 1991, effective immediately.

    **(b)**  **MCR 4.201 Summary Proceedings to Recover Possession of Premises** has been rescinded as of June 9, 2004, effective immediately.

    **(c)**  **MCR 2.603 Default and Default Judgment** has been rescinded as of November 3, 2004, effective immediately.

    **(d)**  **MCR 4.202 Summary Proceedings; Land Contract Forfeiture** has been rescinded and has been effective as of March 22, 2011.

12.  See also Statute of Limitation **MCL § 600.5807** Damages for breaches of contract; specific performances; fiduciary bonds; deeds; mortgages; surety bonds; appeal bonds; public obligations.

**INTRODUCTION**

13. This extraordinary writ petition concerns (1) an eviction action filed under rescinded court rules.

14. I Usir Nynetjer El Bey f.k.a. John Snead responded by removing the above-entitled action because of Diversity in citizenship; amount in controversy and for various other aspects concerning the state trial court's jurisdiction to continue proceeding after its removal. That removal has been filed separately on December 1, 2014. Counterclaimant also filed a Lis Pendens and an Application for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief in accordance with **Fed. R. Civ. P. –Rule 65**.

15. After Counterclaimant filed the Notice of Removal in the U.S. District court on December 1, 2014, it was assigned [**Case No. 2:14-cv-14526**] and immediately thereafter on December 1, 2014, Counterclaimant promptly noticed the clerk of the state trial court by filing a response and attaching the contents of his notice of removal.

16. Counterclaimant would like to further point to the record of the (eviction proceedings) held on December 1, 2014 and that after noticing the state trial court that Counterclaimant responded and removed the proceedings to federal court, it was emphasized by the trial court before reviewing counterclaimant's response and removal that:

(1) "If the U.S. District courts are determining the waiver of the filing fees," "technically, the removal hasn't been opened." That's the same way we do it here with a waiver of filing fees." "So technically, it hasn't been filed yet."

17. After a verbal request was made for escrow/rent on the sum of $138,709.52, counterclaimant objected by noticing the trial court that in accordance with Title 28 §1446(d) after filing a copy with the clerk, which shall effect the removal, the state court shall proceed no further, the trial court again emphasized that:

(1) "the problem is your case technically isn't filed yet"
(2) "because the waiver has not been approved yet, you haven't legally filed the case over there;"
(3) "either way, I still have an obligation to enter an escrow here"
(4) "from what I am hearing here, I'm going to have to adjourn for at least 30 days and if I am adjourning for more than two weeks, I will have to enter an escrow by my local rules."
(5) "even if they stay it from federal, normally they require me to enter an escrow."

18. Counterclaimant, again objected by also noticing the state trial court that plaintiff's representative Trott & Trott P.C., improperly filed this action and that the 36th District court lacks subject matter jurisdiction over this particular action on the grounds that the following administrative procedures, Michigan Court Rules for the 36th Judicial District Court:

(a) **MCR 2.113 Form of Pleading and Other Papers** has been rescinded as of <u>March 25, 1991</u>, effective immediately.
(b) **MCR 4.201 Summary Proceedings to Recover Possession of Premises** has been rescinded as of <u>June 9, 2004</u>, effective immediately.
(c) **MCR 2.603 Default and Default Judgment** has been rescinded as of <u>November 3, 2004</u>, effective immediately.
(d) **MCR 4.202 Summary Proceedings; Land Contract Forfeiture** has been rescinded and has been effective as of <u>March 22, 2011</u>.   The above mentioned court rules are void, have been rescinded and rules against evictions under landlord tenant proceedings and/or setting escrow to obtain payments.

19. Counterclaimant has performed all conditions precedent to the filing of the removal by raising an objection to the underlying proceedings and the discretion of the inferior court's jurisdiction to proceed any further in the above entitled action.

20. At all times herein mentioned the state trial court has been noticed and was able to perform the duties stated above and failed to exercise good judgment and despite Counterclaimant's demand for the performance of the duty and exercise of good judgment, the state trial court failed to perform the duty and continued to exercise its jurisdiction at its own discretion.

21. At the conclusion of the hearing, the trial court was offered a courtesy copy of counterclaimant's response and notice of removal in which the trial court declined, a copy was also hand delivered to the chief judge of the state trial court. Petitioner has attached the transcript of the proceedings hereto and is made a part hereof as **[Copy 1]** (reference Pgs. 1-13).

22. The state trial court has abused its discretion and/or acted in excess of its jurisdiction without first taking in to consideration Counterclaimant's response, (status) correct name, domicile, citizenship and nationality.

23. The state trial court has abused its discretion by acting in excess of its jurisdiction against Counterclaimant, by continuing to proceed through its adjournments and attempting to impose an unreasonable financial burden on him in violation of its own rescinded Court Rules.

24. The state trial court in acting sua sponte, has granted immunity to itself when its court rules mentioned above in paragraph 18) are void, have been rescinded, and rules against Pleadings, Summary proceedings to recover possession of premises (awarding possession, orders of evictions and/or setting up escrow), Default and Default judgment, Summary proceedings; Land Contract Forfeiture.

25. The state trial court has granted themselves judicial immunity for their judicial functions and has acted with discretion – in not performing its administrative and judicial duties by performing ministerial acts. **Ministerial Act** – One which a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or exercise of his own judgment upon the propriety of the act being done. **State Tax Commission of Utah v. Katsis, 90 Utah 406, 62 P.2d 120, 123, 107 A.L.R. 1477.** Source: Black's Law Dictionary 4th Ed. The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are tresspassers." **Von Kettler et al. V. Johnson, 57 Ill. 109 (1870)**. Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and

11

orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." **Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)**. The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." **The People v. Brewer, 128 Ill. 472, 483 (1928)**.


This Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief has been honorably drafted and filed timely on **December 15, 2014**.

## SUMMARY OF ARGUMENT

The state trial court erred without first providing Counterclaimant an opportunity to have his response reviewed before deciding on the merits of the state court action, his response exhibits his identifying documentation establishing his (status) correct name, domicile, citizenship and nationality.  Additionally, the trial court abused its discretion in holding the proceedings before and after the removal and continued to further proceed in the case after being noticed of its rescinded court rules.

In accordance with the law, extraordinary relief is warranted here because the state court lacks subject matter jurisdiction and the proceedings are only reviewable only upon removal or by motion for extraordinary writ  ( **F. R. Civ. P. Rule 81(b))** because despite being noticed of its rescinded court rules and that the case has been removed, the state trial court under its own discretion provided no other adequate relief to Counterclaimant.  The state trial court jurisdiction is both clearly erroneously as a matter of law and substantially prejudices I Usir Nynetjer El Bey f.k.a. John Snead.

Briefly counterclaimant's Notice of Removal and evidence also provides the following:

(a)  There exists a breach in the mortgage contract referencing Florida Circuit Court ruling **[Ref. Remova [Copy ]** on the existence of America's Wholesale Lender as a mortgage lender and its creation as a (DBA) instead of a New York Corporation established under the laws of New York as cited in the mortgage and note: therefore the mortgage and note are invalid null and void

(b)  There exists a breach in the PSA/Trust Agreement which created the securitized trust name CWABS Inc. Asset-Backed Certificates Series 2004-5

(c)  The mortgage note is in the amount of $76,000

(d)  The Sheriff Deed [Felicia Mack] is in the amount of $138,709.52

## STATEMENTS FOR COMPANION CASE

This Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief also concerns a requested order to vacate the eviction proceedings after plaintiff's failed to provide there was a federal companion **[Case No. 5:11-cv-14066 (9-19-2011)]** and state trial court companion **[Case No. 11-324130 LT (9-21-2011)]** that substantially has similar evidence (or new evidence) that will be offered or the same or related parties are present and the cases arise out of the same transaction or (new) occurrences held in the state trial court.

Counterclaimant states for the record, at the time the above companion cases were pending, diversity issues existed where the amount in controversy exceeded the federal courts required amount of $75,000, and if the facts are found to be true herein and sufficient to meet the burden of proof as provided in the above INTRODUCTION then the referenced precedent case law rulings in the INTRODUCTION detail that the Summons, Complaint, Judgment attached as **[Copy 2]** of the state trial court proceeding held for [Case No. 11-324130 LT (2011)] would substantially be a void (Emphasis added); because the state trial court abused its discretion in holding the proceedings without having subject

13

matter jurisdiction to rule on the merits before it in the year (2011) by **awarding possession of the premises** to BANK OF NEW YORK MELLON in accordance with Michigan Court Rules 4.201 (K) Judgment. **Records and Proceedings of courts wanting jurisdictions are not entitled to credit. Board of Public Works v. Columbia College, 84 U.S. (17 Wall.) 521, 528 (1873). See also Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 291 (1888); Huntington v. Attrill, 146 U.S. 657, 685 (1892); Brown v. Fletcher's Estate, 210 U.S. 82 (1908); Bigelow v. Old Dominion Copper Co., 225 U.S. 111 (1912); Spokane Inland R.R. v. Whitley, 237 U.S. 487 (1915). However, a denial of credit, founded upon a mere suggestion of want of jurisdiction and unsupported by evidence, violates the clause. Rogers v. Alabama, 192 U.S. 226, 231 (1904); Wells Fargo & Co. v. Ford, 238 U.S. 503 (1915).**

In the federal companion case, the U.S. District court ruled plaintiff's complaint is "Dismissed With Prejudice" as "Plaintiff lacks standing to challenge the foreclosure sale and Plaintiff's claims are barred by res judicata." A copy of the U.S. District courts Amended Order is attached hereto as **[Copy 3]** and has been made a part hereof to only evidence: (1) both state and federal companion cases and; (2) that the court in rendition to dismissing the complaint accepted plaintiffs Motion to Precede In Pro Per attached hereto as **[Copy 4]**.

The Motion to Precede In Pro Per amongst other things, entails that the Usir El Bey is an aboriginal indigenous Native American man domiciled, and natural born citizen of Michigan Republic. Counterclaimant herein provides a courtesy copy of Usir Nynetjer El Bey's **Tribal Court Name Change Certification** attached as [**Copy 5**] to dissolve any further matters by the state trial court on the inherent worth of Counterclaimant's name change and for the purpose of immediate notice to support that we have properly noticed to the United States Department of State, State of Michigan and County of Wayne that I Usir Nynetjer El Bey am a foreign U.S. National in regards to the jurisdiction of the United States and therefore I am not a citizen or resident of the State of Michigan, I am a permanent resident in/of the Indigenous Lands of Wasat Shaykhakhu (original land names) in which said property is situated. Our Nationality cards and documents do not resemble any other nation nor are they produced as a means to defraud the government of the United States or the State of Michigan and cannot be considered false identification per [**USC Title – 18section 1028 (d) 3, 4 [A], [B]**. Our United States Department of State Authentication Number [**06013144-1**] which is placed on our Nationality cards are for the purpose of verifying the documents that we have noticed to the United States Department of State, in which I have provided certified copies to the state and federal courts that they are legitimate and are of proper verification on the federal, state, and county levels of government and only then and thereafter all that's required by law is notice. The following violations of the rights of our Nationals (Counterclaimant) are herein incorporated: confiscation of the property of our Nation is in violation of Treaties and laws listed herein: **[Treaty of Watertown 1776 article 3]**, The United States

14

Constitution **[Article VI –Supremacy Clause Article IV]**, **USC 18 Ch.-7 Section 112** Protection of foreign officials, official

guests, and internationally protected persons, whether recognized or not by the United States **USC Title 18 Ch.-51**

**Section 1116 (b)2**, and our property is being wrongfully stolen and transferred. **USC Title 18 Ch.-45 Section 970 (a),(b),**

**& (c) Protection of property occupied by foreign governments**.

During the state court action for [Case No. 11-324130 LT (2011)] the following similarities' existed as noted

above in the SUMMARY OF ARGUMENT (a –d), all except that the Sheriff Deed in this proceeding was valued at

$110,882.53. In addition to the amount in controversy, the alleged Assignment of Mortgage in this case which also

purported to transfer interest in the mortgage to the trustee Bank of New York Mellon f.k.a. Bank of New York, as

assignee, was invalid because Mortgage Electronic Registration Systems Inc. (MERS), as nominee for America's

Wholesale Lender had no authority to assign the ownership interest of said mortgage, because MERS was not the owner

of the subject mortgage and was only a nominee for America's Wholesale Lender, an alleged New York Corporation

which was a non-existent  Corporation. Said purported assignment was without authority, and therefore invalid. The

attempt to assign or transfer any interest in said mortgage in any event is invalid because MERS had no ownership

interest in the mortgage and was merely named as a nominee for the non-existent corporate mortgagee. In **Carpenter v.**

**Longan 16 Wall. 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872)**, the U.S. Supreme Court stated "The note and mortgage are

inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while

assignment of the latter alone is a nullity." Please **[Ref. Notice of Removal (Copy4)]** for Florida's Circuit Court Ruling and

Usir El Bey's Securitization Audit.

The state trial court judgment for [Case No. 11-324130 LT (2011)] has been the heart beat and center of all the

confusion in both federal and state court actions and with its rescinded court rules it shows if found to be wanting

jurisdiction at the time the judgment was rendered, the state trial court essentially must reverse any prior judgment

**awarding possession (2011),** that supports the state trial court action for an Order of Eviction made to I, Usir Nynetjer

El Bey f.k.a. John Snead to vacate premises. Even with its rescinded court rules and the existing diversity issues, the

state trial court under its own discretion exercised its jurisdiction by holding the proceedings for **[Case No. 14329864]** and

without plaintiff's attorney ever referencing in the proceeding or the complaint attached as **[Copy 6]**; that a civil action

between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been

previously filed in U.S. District Court [Case No. 5:11-cv-14066 (2011)] and its own state trial court [Case No. 11-324130

LT (2011)]." Plaintiff's attorney in fact have provided in their complaint, **"there is no other pending or resolved civil**

**action arising out of the same transaction or occurrence alleged in this complaint.**"

Counterclaimant herein demonstrates by attaching the following Register of Actions; Summons; Complaint; Sheriff Deed on Mortgage Sale [Copy 7] for [Case No. 14 327007] filed October 15, 2014. In this complaint Plaintiff's clearly detail that "a civil action between these parties or other parties arising out of the same transaction or occurrence alleged in this complaint has been previously filed in U.S. District Court Eastern District Court." "The docket number and assigned judge are 11-324130-LT, 5:11-cv-14066." These records were retrieved by Counterclaimant from the 36th District Court after receiving the notice of dismissal attached hereto as [Copy 8] from the 36th District Court via USPS first class mail.

The court can take JUDICIAL NOTICE of the fact Counterclaimant was never served with a copy of the Summons and Complaint for state trial court [Case No. 14 327007], and that this case is also in connection to T&T #112335E07 and [Copy 2] of Counterclaimant's Notice of Removal. It is also essential to note, that after the dismissal of [Case No. 14 327007] on October 29, 2014 plaintiff's attorney made a anxious attempt as MCR 4.201 has been rescinded effective immediately since June 9, 2004; to seek an Order of Eviction in accordance with Michigan Court Rules 4.201(L) and without giving notice in its complaint that the order of eviction sought after has derived from the dismissed federal companion case [res judicata] and its state trial court companion case awarding possession of premises in accordance with Michigan Court Rules 4.201 (K).

What plaintiff's attorneys have failed to mention before the state trial court is after receiving a judgment awarded possession of premises in 2011 in it's state court companion case via of Sheriff Deed [Ralph Leggat], plaintiff's attorney drafted, executed and recorded on behalf of the plaintiff the Affidavit Expunging Sheriff Deed on Mortgage Sale [Ralph Leggat] attached hereto as [Copy 9] an now makes the appearance in this case and point that plaintiff's were never awarded possession of premises or there was never any associated cases or occurrences involving the same transaction. [Ref. Expunged Deed in Notice of Removal Copy 2 & 8] and the public records of Bernard J. Youngblood Wayne County Register of Deeds Office. The court can take JUDICIAL NOTICE that, plaintiff's now seek a second award for possession of premises under the state trial courts rescinded court rules and under a second Sheriff Deed on Mortgage Sale for Felicia Mack drafted and executed by RANDALL S. MILLER & ASSOCIATES P.C. through its current representatives TROTT & TROTT P.C.

In summary counterclaimant has demonstrated for both companion cases herein that under the state trial court rescinded rules: (1) Plaintiff's representatives took legal action before the 36th District Court and received a judgment awarding possession of premises via Sheriff Deed for Ralph Leggat in [Case No. 11-324130-LT (2011)]. (2) counterclaimant's federal companion [Case No. 5:11-cv-14066 (9-19-2011)] was ruled to be DISMISSED "WITH

16

PREJUDICE" for lack of standing to challenge the foreclosure sale and his claims were barred by the doctrines of res judicata". (3) Two years later on June 10, 2013 the attorneys for plaintiff recorded an affidavit expunging the sheriff deed for Ralph Leggat in the public recorders office. (4) Plaintiff's attorney commenced an action in state court on October 15, 2014 under the Expunged Sheriff Deed for Ralph Leggat and immediately thereafter filed a notice of dismissal on October 22, 2014 in which the case was dismissed on October 29, 2014. (5) Plaintiff's attorney then filed the entitled action for [Case No. 14329864] on November 10, 2014 seeking a second judgment awarding possession through a un-notarized Sheriff Deed on Mortgage Sale for Felicia Mack drafted and executed by RANDALL S. MILLER & ASSOCIATES P.C., while making it appear as if the plaintiff's were never **awarded possession of premises** in [Case No. 11-324130-LT (2011)] or that there was never any other resolved civil action arising out of the same transaction or occurrence as alleged in the complaint for [Case No. 14329864].

In respect to all courts of the United States, the court rules and judgments, the state trial court records for the removed action, plaintiff's complaint reflect that plaintiff's attorney failed to make clear and obvious the matters involving the companion cases and the grounds for which it sought possession, to evict and demand escrow from counterclaimant; plaintiff's attorney(s) also must show in the state trial court proceedings that a federal and state trial court companion case arising out of the same transaction or occurred in the year 2011. I Usir Nynetjer El Bey accept as proven to be true the attorneys for TROTT & TROTT P.C. have misled the state trial court and Counterclaimant believes that plaintiff's attorney(s) failed to mention both companion cases due to the fact that TROTT & TROTT P.C.; on behalf of the plaintiff's drafted, executed and recorded an Affidavit Expunging Sheriff Deed on Mortgage Sale [Ralph Leggat] trial court.

Respondent in acting sua sponte has in the past and to date allowed for and has held that the proceedings in which Counterclaimant's property have become subject to in accordance to its court rules are valid; and even after being properly noticed through affidavits and special appearances by counterclaimant that the state trial court rules have been rescinded [Emphasis added], the 36th Judicial District Court was able to perform the duties of dismissing any action stated above, but failed to exercise good judgment and despite Counterclaimant's demand for the performance of the duty and exercise of good judgment, the 36th Judicial District continued to fall short in performing the duties of the court and continued to exercise its jurisdiction at its own discretion by accepting each of plaintiff's summons and complaint as true.

## ARGUMENT

1.     **The trial court erred in holding its proceedings after its court rules have been rescinded.**

Holding proceedings awarding possession, demanding escrow and eviction proceedings under MCR 4.201 after

5:14-cv-14526-JCO-MJH   Doc # 10   Filed 12/15/14   Pg 18 of 65   Pg ID 380

the rescission of the trial court rules is Fraud committed in the procurement of jurisdiction, **Freeman Brothers Furniture v. Dept. of Revenue, 109 Ill.2d 202, 486 N.E. 2d 893 (1985).**

Without giving counterclaimant an opportunity to have his response and removal fully reviewed the court continued without jurisdiction. "The party seeking removal has the burden of proving the jurisdictional and procedural requirements for removal." **Laughlin v. Prudential Ins. Co., 882 F. 2d. 187 (5ᵗʰ Cir. 1989).** In re Anastasoff; litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according to the rule of precedent. See **Anastasoff v. United States, 223 F. 3d 898 (8ᵗʰ Cir. 2000).**

2.    **The trial court abused its discretion by not reviewing counterclaimant's response which acknowledges his legal name change and provides that the trial court lacks subject-matter jurisdiction.**

The Issue here is violation of right to due process, it does not appear that the trial court truly considered Usir Nynetjer El Bey's status as an addressable matter and did not consider whether it was discriminatory in nature on him. " The trial court emphasized that John Snead was a.k.a. Usir El Bey," but the only testimony the trial court accepted on this issue was that of plaintiff and its representatives. There was no evidence that John Snead is also Usir El Bey. The trial court thus did not have sufficient evidence before it to determine counterclaimant's (status) nationality, correct name and the authenticity in the legal name change and at all times herein mentioned respondent has been noticed and was able to perform the duty stated above and failed to exercise good judgment and review his identifying documentation exhibited with his response which establishes his (status) correct name, domicile, citizenship and nationality.

3.    **The trial court abused its discretion and is liable for any negligence and intentional torts that's described herein as a civil wrong resulting from an intentional act on the part of the tort feasor.**

Because the state trial court (as set forth herein and above in the STATEMENTS FOR COMPANION CASE) abused its discretion in preserving the proceedings presented before it and ruling on their intrinsic worth, it has created an intentional tort to a level that the state trial court has now become liable for the injuries sustained by Counterclaimant. The level of intent required to render a party liable for an intentional tort has been described as "substantial certainty" that the following results would occur. Common law intentional torts include:

(A)   Assault
(B)   Battery
(C)   Slander and Libel
(D)   False Imprisonment
(E)   Intentional Infliction of Emotional Distress
(F)   Trespass to Land
(G)   Trespass to chattels
(H)   Unlawful Conversion

**CONCLUSION**

Counterclaimant has made offers of proof and evidence via sworn oath and testimony attested to under penalties of perjury. Counterclaimant reserved his right to secure himself as an litigant [pro se] which right is protected by law per Supreme Court case **Faretta vs. California 422 U.S. 806 (1975)**. Petitioner is a litigant regardless of any deficiencies in his pleadings; [pro se] litigants are entitled to the opportunity to submit evidence in support of their claims.

Counterclaimant is only required to plead those facts sufficient to show a redressable legal wrong exists. **Dekoven v. Bell, 140 F. Supp.2d 748, 755 (E.D. Mich. 2001)**.

Counterclaimant has not requested the court to entertain an action over which it lacks subject matter jurisdiction. Federal courts may not entertain an action over which jurisdiction is lacking. See **Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1892)**.

Counterclaimant's original complaint has been filed Pro Se/Pro per, wherein the pleadings are to be considered without regard to technicalities, the pleadings are not to be held to the same high standards of perfection as practicing lawyers. See **Power 914 F2d 1459 (11ᵗʰ Cir. 1990)**, and **Hulsey v. Owens 63 F3d 354 (5ᵗʰ Cir. 1995)**. In Re: **HALL v. BELLMON 935 F.2d 1106 (10ᵗʰ Cir. 1991).**" "The court is required to construe plaintiff's pro se complaint liberally and hold plaintiff's complaint to a less stringent standard than one drafted by an attorney." **Spotts v. United States, 429 F.3d 248, 250 (6ᵗʰ Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972))**.

The 36ᵀᴴ JUDICIAL DISTRICT COURT erred in holding the proceedings and procuring the Judgment awarding possession of premises for **[Case No. 11-324130-LT (2011)]** under its rescinded court rules and in ALL other proceedings filed against Counterclaimant for **[Case No. 14 327007 (2014)]** and **[Case No. 14329864 (2014)]**. The 36ᵀᴴ JUDICIAL DISTRICT COURT also erred in holding the proceedings and procuring a demand for escrow after receiving notice of its rescinded court rules and that the entire eviction proceeding has been removed to federal court which counterclaimant has caused a copy of the notice of removal to be filed with the clerk of such State court, to effect the removal in accordance with 28 U.S.C. §1446(d); thereafter the state trial court under its own discretion continued to exercise its jurisdiction over the proceedings without reviewing Counterclaimant's response and removal or the case being remanded. Counterclaimant at all times herein has provided numerous grounds for a writ to issue to the state trial court for continuing to exercise its jurisdiction over the removed proceedings including (diversity of jurisdiction; amount in controversy), (court transcript), and the trial courts (rules have been rescinded) [Emphasis added] and not the least to be said Counterclaimant is being forced through threat duress and coercion to jeopardize his removal by appearing before the state trial court after removing the proceedings to the U.S. District Court.

Counterclaimant therefore requests that the U.S. District court reasonably grant an order in the nature of a writ of mandamus or other the appropriate relief for which Counterclaimant has prayed.

Dated: _12-12-14_

All Rights Reserved

Usir Nynetjer El Bey f.k.a. John Snead, Counterclaimant

**Certificate of Service**

I **(Usir Nynetjer El Bey f.k.a. John Snead)** Certify that on December ___15___, 2014, I served **Counterclaimant's Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief w/attached [Copies 1-9]** via filing with the Court Clerk in the U.S. District Court (Theodore Levin Building) for the U.S. District Court In the Eastern District of Michigan Southern Division with courtesy copies filed for plaintiff and with the Court Clerk of the 36th Judicial District Court.

A courtesy copy will also be hand delivered to:

Chief Justice of the 36TH JUDICIAL DISTRICT COURT

"I certify to the fact that **Counterclaimant's Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief w/attached [Copies 1-9]** was served upon the above state trial court."

"I **(Usir Nynetjer El Bey f.k.a. John Snead)**, declare under penalty of perjury under the dejure laws of the United States of America and of State of Michigan that the foregoing is true and correct.
_____

[Made Pursuant to the United States Constitution & Title 28 USCA Section 1746]

All Rights Reserved
Authentication-Seal-Signature

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

State Republic **Michigan**
County/Borough/Parish **Wayne**

This document was acknowledged before me on _12-12-14_ [Date]

(Signature of Officer)

My commission expires: **February 8, 2021**

D JOHNSON EL BEY
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires February 8, 2021
Acting in the County of Wayne



20

## Copy 1

STATE OF MICHIGAN

IN THE 36th DISTRICT COURT FOR THE CITY OF DETROIT

THE BANK OF NEW YORK MELLON
(FKA) THE BANK OF NEW YORK
AS TRUSTEE

        Plaintiff,               District Court
vs.                              Case No. 14-329864

JOHN SNEAD, ENOLA SNEAD and
ALL OCCUPANTS,

        Defendants.
_____/

HEARING

BEFORE THE HONORABLE B. PENNIE MILLENDER

MONDAY, DECEMBER 1, 2014

APPEARANCES:

For the Plaintiff:        RANA D. RAZZAQUE  (P-67627)
                         Trott & Trott, PC
                         31440 Northwestern Highway, Suite 200
                         Farmington Hills, Michigan  48334
                         248-723-5073

                         JOHN SNEAD
                         Appearing In Pro Per
                         16734 Lamphere Street
                         Detroit, Michigan  48219
                         313-989-5244

Reported By:             SHERRI L. RUFF, CSR/CER-3568
                         313-965-6189

1

## TABLE OF CONTENTS

<u>WITNESSES:</u>                                                    <u>PAGE</u>

None

- - -

<u>EXHIBITS</u>                                      <u>OFFERED</u>    <u>ADMITTED</u>

No Exhibits Offered

- - -

2

1              Detroit, Michigan
2              Monday, December 1, 2014 - 11:21 a.m.
3                        -   -   -
4              THE COURT:  Case 14-329864, Bank of New York Mellon
5       versus John Snead, Enola Snead, and All Occupants.  I do not
6       have proof of service in the file.
7              MS. RAZZAQUE:  Mr. Snead is here.
8              THE COURT:  And you are?
9              MR. SNEAD:  Usir El Bey.
10             THE COURT:  I'm sorry, your name again, sir?
11             MR. SNEAD:  Usir El Bey.  Your Honor --
12             THE COURT:  Hold on just a second.
13             Your appearance, Counsel.
14             MS. RAZZAQUE:  Good morning, your Honor.  Rana
15      Razzaque, appearing on behalf of plaintiff.
16             THE COURT:  Okay.  And would you spell your first
17      name for me, sir?
18             MR. SNEAD:  U-s-i-r.
19             THE COURT:  Last name?
20             MR. SNEAD:  E-l B-e y.
21             THE COURT:  Are you an occupant of this home on
22      Lamphere?
23             MR. SNEAD:  I'm the homeowner.
24             THE COURT:  Okay.  But your name at one point was
25      John Snead?

                                3

1          MR. SNEAD:  Formerly known as.

2          THE COURT:  Okay.  Because, technically, Enola Snead

3     and --

4          MR. SNEAD:  My ex-wife.

5          THE COURT:  Because I do not have a proof of service

6     for her.  You are here; apparently, you got some kind of

7     notice.

8          MR. SNEAD:  I got the notice you guys mailed out,

9     but nobody process served or came out and served it.

10         THE COURT:  Actually, we don't mail them anymore, so

11    that means you got the mailed notice.

12         MR. SNEAD:  Correct.

13         THE COURT:  But you didn't get the personal notice

14    from the bailiff or process server or anyone.

15         So, sir, are you prepared to go forward today, or do

16    you need some time, or what?

17         MR. SNEAD:  Well, your Honor, I went to federal

18    court today, and I filed a notice of removal.

19         THE COURT:  To try and move this case to federal

20    court?

21         MR. SNEAD:  Yes, I moved it to federal.  They took

22    everything, and I understand under United States Code,

23    Title 28, Section 1446, I have to serve the court's clerk, and

24    I brought a courtesy copy for you guys, and you, your Honor.

25    And I was supposed to serve her, but they said since it's an

4

1    LG case, do not serve any other parties.  They took an extra

2    copy for Bank of New York Mellon, but they told me do not

3    serve anybody yet, because I had additional attorneys and

4    things and like that that I was going to serve.  And I do have

5    a certificate of service showing all the parties I was going

6    to serve, but they told me strictly do not serve any of the

7    parties.  I have to wait for them to make a decision on

8    whether or not I can file the case for free or not.  But I did

9    bring courtesy copies, and I did file in the clerk's court of

10   records downstairs, and I brought you a courtesy copy.

11            THE COURT:  Okay.  So they are waiting to see if

12   they are going to waive the filing fees?

13            MR. SNEAD:  Yes.

14            THE COURT:  Technically, it hasn't been opened.

15   That's the same way we do it here with a waiver of filing

16   fees.  So, technically, it hasn't been filed yet.

17            Ma'am?

18            MR. SNEAD:  I just don't want her to think I'm not

19   going to send her a copy.

20            THE COURT:  She understands what's happening.

21            MS. RAZZAQUE:  Your Honor, it appears as though

22   Mr. Usir has also filed answers to the complaint in this

23   court, and they are file-stamped by this court, and I also

24   have not been served with that either.

25            MR. SNEAD:  I can give you a copy of that, the

5

1    actual page.

2             THE COURT:  She's saying the answer to this file.

3             MR. SNEAD:  The answer was on this form, and then I

4    just attached the removal as my answer.

5             THE COURT:  Well, technically you need to file the

6    answer here, at least.

7             MR. SNEAD:  I did.  I did.

8             MS. RAZZAQUE:  He got it file-stamped here, your

9    Honor.

10            MR. SNEAD:  Yes.

11            MS. RAZZAQUE:  But I don't have a copy of either the

12   answer to the complaint or the removal.  We are going to need

13   time to file a motion to remand, as the removal is improper.

14            In the meantime, I would ask this Court to enter an

15   escrow order.  I do not know Mr. Usir's payment, but the bid

16   amount at sale was $138,709.52, so I would ask the Court to

17   enter a reasonable escrow order at this time.

18            THE COURT:  And you are going to have to do service

19   over Enola Snead.

20            MR. SNEAD:  Well, me and her are no longer together,

21   and we are divorced, and she has nothing over -- interest in

22   the property no more.  She put it in the divorce, and she

23   don't want anything --

24            THE COURT:  Which you have a copy of.  Would you

25   make sure they get a copy of the divorce papers to secure that

                                6

1     part, to verify that.  Because, other than that, service has

2     not been completed over that person.

3              MS. RAZZAQUE:  And that's fine, your Honor.  The

4     escrow order can be as to Mr. Usir only.

5              MR. SNEAD:  Well, your Honor, I would like to make

6     another statement to object to what she's stating about the

7     escrow.  Under United States Code, Title 28, Section 1446(d),

8     promptly after the filing of such notice of a civil action,

9     the defendant or defendants shall give written notice thereof

10    to all adverse parties and shall file a copy of the notice

11    with the clerk of such state court, which shall effect the

12    removal, and the state court shall proceed no further unless

13    and until the case is remanded.

14              So I am asking the Court not to proceed until the

15    case is remanded.  She said she will file the remand into the

16    court case, and escrow will be pretty -- a little bit extinct,

17    to the extent I filed the case for free already in federal

18    court.

19              THE COURT:  The problem is your case technically

20    isn't filed over there --

21              MR. SNEAD:  Well --

22              THE COURT:  Excuse me, sir.  Let me finish.

23              Technically, because the waiver has not been

24    approved yet, you haven't legally filed the case over there.

25    Either way, I still have an obligation to enter an escrow

1    here.  Maybe not for the amount she's asking for, but I'm
2    going to enter an escrow here, because I'm going to have to
3    adjourn for, at least what I'm hearing here, for 30 days.  If
4    I am adjourning for more than two weeks, I will have to enter
5    an escrow by my local rules.
6              MR. SNEAD:  Well, your Honor, the reason why I ask
7    again that the escrow not be filed, because the money that I
8    do receive from the state is only through the childrens' SSI,
9    and I can't spend that money on anybody.  I don't have a job.
10   I do not -- I'm filing the court case literally for free.  I
11   do not have a job.  The only way that I would pay is by using
12   the childrens' money, and I can't do that with the SSI.  And I
13   also provided that to the federal court.
14             THE COURT:  How long have you been in this property?
15             MR. SNEAD:  I have been in here ten years.  But I
16   lost my job in 2007, so it's been pretty much a downfall from
17   there.  I got divorced, the children were removed.  I had a
18   really big struggle with fighting this case.  And pretty much
19   I have --
20             THE COURT:  You have no income whatsoever?
21             MR. SNEAD:  None.  And that's why I filed the case
22   for free there.  I put in there, no income at all.  The only
23   income I have is SSI for the children.
24             THE COURT:  I'm going to have to adjourn for a quick
25   two weeks, and you are going to have to try to move this.

8

1    Because, let me tell you, sir, even if they stay it from

2    federal, normally they require me to enter an escrow.

3              MR. SNEAD:  I understand that.

4              THE COURT:  I'm just telling you.  Let me finish,

5    sir.  I'm going to give you two weeks without an escrow.

6    After that, even the feds, if they stay it, they require an

7    escrow.  So you should get ready, because there's going to be

8    one.

9              MR. SNEAD:  I want to also mention that 4. -- I

10   appreciate you letting me speak this into the record.

11             THE COURT:  Not a problem.

12             MR. SNEAD:  Okay.  I want to read it like I have it;

13   that's the only way I can get it out correctly.

14             THE COURT:  Okay.

15             MR. SNEAD:  Plaintiff's representative, Trott &

16   Trott, PC, improperly filed this action.  The 36th District

17   Court lacks subject matter jurisdiction over this particular

18   action on the ground that the following administrative

19   procedures, Michigan Court Rules for the 36th Judicial

20   District Court, MCR 2.113, formal pleadings and other papers

21   has been rescinded as of March 25, 1991, effective

22   immediately.

23             MCR 2.01 summary proceedings to recover possession

24   of premises has been rescinded as of June 9, 2004, effective

25   immediately.

9

1          Michigan Court Rule 2.603, default or default
2   judgment have been rescinded as of November 3, 2004, effective
3   immediately.
4          Michigan Court Rule 4.202, summary proceedings and
5   land contract forfeiture has been rescinded -- has been
6   rescinded effective on March 22, 2011.
7          The above-mentioned court rules are void, have been
8   rescinded and rules against eviction under landlord
9   proceedings and/or setting of escrow to obtain payments.
10          THE COURT:  Okay.  Spell that first name of yours
11   again.  Is it U-s-i-r?
12          MR. SNEAD:  Yes.  So her request is unreasonable
13   when the laws before setting up escrow --
14          THE COURT:  As far as you believe, but I disagree.
15   I'm going to give you the benefit of the doubt and give you
16   two weeks, until December 15th, at 1:00 p.m., with no escrow.
17   If this case is adjourned any further, I will be entering an
18   escrow.  And at that point in time, you can appeal that
19   decision, also, sir.  Thank you.
20          MS. RAZZAQUE:  December 15th at 1:00 p.m.?
21          MR. SNEAD:  December what?
22          THE COURT:  Hold on.  I'm getting ready to give you
23   written adjournments so you won't have to worry about it.
24          And I noted on the side that there is question of
25   removal to federal court and no escrow at this time, but if

10

1    further adjournment, escrow will be entered.

2         MR. SNEAD:  Now, what if I can't afford escrow, am I

3    just supposed to show you something that --

4         THE COURT:  That's going to be a problem, sir.

5         MR. SNEAD:  I did mention on the record that I can't

6    afford it, so I want to be able to prove that to you, that way

7    I don't get held liable.

8         THE COURT:  See, I believe the court rules require

9    me to post escrow.  Hold on, sir.  I can waive a bond, but I

10   cannot waive escrow.

11        MR. SNEAD:  You say waive a bond?

12        THE COURT:  If this were an appeal or the court was

13   requiring any bonds, I can waive that based on indigency.  But

14   escrow is something that is required.  I will look into it

15   between now and when we come back to see if there is some kind

16   of waiver of that, too.

17        MR. SNEAD:  Okay.  Well, do everybody understand

18   what rescinded is?  Doesn't that mean that it's canceled?

19        THE COURT:  Not necessarily.  What are you asking,

20   what is rescinded at this point?  Nothing is rescinded now.

21        MR. SNEAD:  Michigan Court Rule 4.201 is rescinded.

22        THE COURT:  Well, we disagree with you on that.

23        MR. SNEAD:  But it's your court rule.

24        THE COURT:  Goodbye.  Thank you.

25        MR. SNEAD:  Do you want a copy?

11

1            THE COURT:  No, not yet.  Wait until it's officially
2    filed.  And you filed one downstairs, didn't you?
3            MR. SNEAD:  Yes.
4            THE COURT:  It will get to me.
5            MR. SNEAD:  Okay.
6            (At 11:47 a.m., proceedings concluded.)
7                           -   -   -
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1          STATE OF MICHIGAN    )
2                               )
3          COUNTY OF WAYNE      )
4
5
6
7                      C E R T I F I C A T E
8
9                      I certify that this transcript, consisting
10         of 13 pages, is a complete, true, and correct transcript
11         of the HEARING in this case on December 1, 2014.
12
13         Electronically signed on December 8, 2014.
14
15
16
17
18                                        _____
19                                        Sherri L. Ruff, CSR/CER-3568
20                                        36th District Court
21                                        421 Madison Street
22                                        Detroit, Michigan 48226
23                                        313-965-6189
24
25
```

13

**<u>Copy 2</u>**

| STATE OF MICHIGAN JUDICIAL DISTRICT 36th DC Detroit | SUMMONS Landlord-Tenant / Land Contract | CASE NO. |
|---|---|---|

| Court address | | Court telephone no. |
|---|---|---|
| 421 Madison St, Detroit, MI 48226-2358 | | 313.965.5794 |

| Plaintiff's name, address, and telephone no. | Plaintiff's attorney, bar no., address and telephone no. |
|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York as Trustee | Donald J King P55358 Trott & Trott, P.C. 31440 Northwestern Highway, Suite 200 Farmington Hills, MI 48334-2525 248.723.6452 |

v

| Defendant's name, address, and telephone no. | If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in courtproceedings please contact the court immediately to make arrangements |
|---|---|
| John Snead, Enola Snead, Mr Occupant, Mrs Occupant 16734 Lamphere St Detroit, MI 48219-3761 T&T #112335E04 | |
| | ☐ Rental unit eviction |
| Property situated in City of Detroit | ☐ Land contract forfeiture |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. The plaintiff has filed a complaint against you and wants
☐ to recover possession, after land contract forfeiture, of
☐ a money judgment for
☒ to evict you from

| Address or description of premises 16734 Lamphere St Detroit, MI 48219-3761 | |
|---|---|
| | 8:30 a.m. |

2. You are summoned to be in the district court on _____ **SEP 2 1 2011** _____ at _____
   Day and date                                                                    **Room 421**

   ☐ at the address above, ☐ _____ courtroom
                             Location

3. You have the right to a jury trial. If you do not demand a jury trial and pay the required jury fee in your first defense response, you will lose this right.

4. If you are in district court on time, you will have an opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you.

5. If you are not in district court on time, you may be evicted without a trial and a money judgment may be entered against you.

| Date issued | Court clerk |
|---|---|
| | This document must be sealed by the seal of the court. |

## HOW TO GET LEGAL HELP

1. You have the right to an attorney to assist you in answering the complaint filed in this case and in preparing defenses.

2. If you do not have an attorney but have money to retain one, you may locate an attorney through the State Bar of Michigan Lawyer Referral Service at 1-800-968-0738 or through a local lawyer referral service. Lawyer referral services should be listed in the yellow pages of your telephone directory or you can find a local lawyer referral service at www.michbar.org.

3. If you do not have an attorney and cannot pay for legal help, you may qualify for assistance through a local legal aid office. Legal aid offices should be listed in the yellow pages of your telephone directory or you can find a local legal aid office at www.michiganlegalaid.org. If you do not have Internet access at home, you can access the Internet at your local library.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| DC 104 (3/08) | SUMMONS, LANDLORD-TENANT / LAND CONTRACT | Tenant | MCL 600.5735, MCR 2.102, MCR 4.201(C), MCR 4.202(E) |
|---|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>36th DC Detroit | COMPLAINT<br>TERMINATION OF TENANCY<br>Landlord - Tenant | CASE NO. |
|---|---|---|

| Court address<br>421 Madison St, Detroit, MI 48226-2358 | Court telephone no.<br>313.965.5794 |
|---|---|

| Plaintiff name(s), address(es), and telephone no.(s)<br>The Bank of New York Mellon f/k/a The Bank of New York<br>as Trustee | v | Defendant name(s) and address(es)<br>John Snead, Enola Snead, Mr Occupant, Mrs Occupant<br>16734 Lamphere St<br>Detroit, MI 48219-3761<br>T&T #112335E04<br>#334 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Trott & Trott, P.C.<br>Donald J. King P55358, Primary Attorney<br>Ryan Barr P68047<br>31440 Northwestern Highway, Suite 200<br>Farmington Hills, MI 48334-2525<br>248.723.6452 | | Property situated in City of Detroit |

**The plaintiff states:**

1. Attached to this complaint is a copy of the lease or occupancy agreement, if any, under which possession is claimed, and a copy of the notice to quit or demand for possession showing when and how it was served.

2. The owner of the property described in the attached Sheriff's Deed, recorded on March 1, 2011 in Liber 49006 on Page 1439-1444 in instrument 2011055872 in Wayne County Records is the Plaintiff as referenced above.

3. The defendant is in possession of the following portion of the property:   all of the above captioned property

4. The plaintiff has terminated tenancy and has a right to possession of the property because:

    ☐ a. lease expired on _____ .          ☐ b. tenancy terminated by notice to quit
    ☐ c. lease terminated per provision in lease (para no. _____).      ☐ d. defendant is a trespasser. see instructions on other side
    ☐ e. forcible entry made or possession held by force after peaceful entry.
    ☒ f. other: Defendants are wrongfully holding over after the expiration of the redemption period following a  mortgage foreclosure sale. Upon information and belief, property is not occupied by a "bona fide tenant" as defined by Protecting Tenants at Foreclosure Act P.L. 111-22(702).

☐ 5. (If applicable)   The tenancy involves regulated housing operated by or under rules of a governmental unit.  The rule or law under which the tenancy is ended is _____

☐ 6. (If applicable) Plaintiff declares that this residential property was kept fit for the use intended and has been kept in reasonable repair during the term of the lease.

7. The defendant has not complied with the demands made and has not moved.

8. Plaintiff asks for a judgment of possession and costs and asks the court to issue an order to evict the occupants.

☐ 9. The plaintiff demands a jury trial.

☒ 10. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint

☐ 11. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in _____ Court. The docket number and assigned judge are: The action ☐ remains ☐ is no longer pending.

## SUPPLEMENTAL COMPLAINT

☐ 12. (If applicable)  Complaint is made and judgment is sought for money damages against the defendant as follows:

_____           _____
Date                                    Plaintiff/Attorney signature   Ryan Barr P68047

DC 102c (3/09)  **COMPLAINT, TERMINATION OF TENANCY, Landlord - Tenant**   *MAILING*          MCR 2.113(C), MCR 4.201(B)

| STATE OF MICHIGAN<br>**JUDICIAL DISTRICT**<br>36th DC Detroit | **JUDGMENT**<br>**LANDLORD - TENANT** | **CASE NO.** |
|---|---|---|

| Court address<br>421 Madison St, Detroit, MI 48226-2358 | Court telephone no.<br>313.965.5794 |
|---|---|

| Plaintiff<br>The Bank of New York Mellon f/k/a The Bank of New York as Trustee | v | Defendant<br>John Snead, Enola Snead, Mr Occupant, Mrs Occupant |
|---|---|---|

Donald J King P55358
Trott & Trott, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-2525
248.723.6452

Plaintiff/Attorney          ☐ Personal service

John Snead, Enola Snead, Mr Occupant, Mrs Occupant
16734 Lamphere St
Detroit, MI 48219-3761
T&T #112335E04

Defendant/Attorney          ☐ Personal service

**THE COURT FINDS:**

by  ☐ hearing  ☐ default*  ☐ consent**

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

**POSSESSION JUDGMENT**

☐ 1. The plaintiff has a right to possession.

☐ 2. There is now due to plaintiff:
   a. Rent to retain possession $ _____
   b. Costs ……………………… $ _____
   c. Total ……………………….. $ _____

☐ 3. The defendant has a right to possession.

**TO THE DEFENDANT:**

4. ☐ a. An order evicting you will be issued unless you pay the plaintiff or court the amount due in item 2c above or unless you move out on or before _____.
                                  Date

   **OR**
   ☒ b. An order evicting you will be issued on or after _____ unless you move.
                                               Date

☐ 5. You may be liable for money damages after you move if additional rent is owed or if there is damage to the property.

☐ 6. Acceptance of partial payment of the total amount due in item 2c above  ☐ will  ☐ will not prevent an order evicting you from being issued.

☐ 7. No money judgment is entered at this time.

**MONEY JUDGMENT**

☐ 8. A possession judgment was previously entered.
☐ 9. A money judgment is entered as follows:
                    a. Damages $ _____
                    b. Costs     $ _____
This judgment will earn interest at statutory rates.   c. Total     $ _____

**10. FURTHER ORDERS:** _____

11. **YOU ARE ADVISED** that you may file a motion for a new trial, a motion to set aside a default judgment, or an appeal and appeal bond. This must comply with all court rules and must be filed in court by _____.
    You may want legal help.                                          Date
☐ 12. MCR 4.201(I) was explained to parties.

_____
Date                           Judge                                  Bar no.

| **CERTIFICATE OF MAILING:** I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3). | **\*\*Approved:** |
|---|---|
| | Date      Plaintiff/Attorney |
| Date    Deputy clerk | Date      Defendant/Attorney |

DC 105 (3/08)  **JUDGMENT, LANDLORD-TENANT**       Defendant       MCR 4.201(K)(1)(d), 50 USC 521

## Copy 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

MAY - 2 201

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR MI

USIR EL BEY f/k/a JOHN SNEAD,

    Plaintiff,

                                    Case No. 11-14066

v.

                                    Hon. John Corbett O'Meara

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

_____/

## AMENDED ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court is Defendants' motion for summary judgment, filed November 3, 2011.

The court initially granted Defendants' motion on February 9, 2012, after Plaintiff failed to file a

response. Plaintiff then sought rehearing, which the court granted on March 9, 2012. The court

permitted Plaintiff to file a brief in opposition to Defendants' motion, which Plaintiff did on

March 23, 2012.[1] Plaintiff, proceeding in pro per, has also filed several documents, none of

which are a response to Defendants' motion or are otherwise in compliance with the court's order

and rules. See Docket Nos. 20, 24, 25, 29, 30. See also LR 7.1. Defendants filed a motion to

strike Plaintiff's improper filings on April 13, 2012.

Having reconsidered Defendants' motion and Plaintiff's response, the court's initial

conclusion stands: Plaintiff lacks standing to challenge the foreclosure sale and Plaintiff's claims

are barred by *res judicata*. Accordingly, the court will grant Defendants' motion for summary

_____

[1] Plaintiff, through counsel, also filed amended briefs on March 25 and 27, 2012. None
of Plaintiff's counsel's filings comply with the court rules, which impose a 20-page limit on
response briefs.

judgment.

The court will also strike the extraneous material filed by Plaintiff (Docket Nos. 20, 24, 25, and 29), thereby granting Defendants' motion to strike.

Plaintiff's counsel filed a motion to withdraw on April 11, 2012, and Plaintiff filed a motion to proceed in pro per on April 16, 2012; the court grants those motions.

Judgment will be entered in favor of Defendants.

**SO ORDERED.**


s/John Corbett O'Meara
United States District Judge


Date: May 2, 2012


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 2, 2012, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

-2-

## **Copy 4**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MICHIGAN EASTERN DISTRICT

USIR EL BEY f.k.a JOHN SNEAD )

Plaintiff, )

       vs. )

)

BANK OF AMERICA, N.A., d.b.a. )
BAC HOME LOANS SERVICING, LP; )
THE BANK OF NEW YORK MELLON, )
AS TRUSTEE FOR CWABS INC ASSET- )
BACKED CERTIFICATES SERIES 2004- )
5; MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC.; AND )
DOES 1 THROUGH 10 )

Defendant(s). )

)

DAWN T. YEATON, MADDIN HAUSER )
WARTELL ROTH & HELLER, P.C. )

Case: 5:11-cv-14066
Honorable Judge: O'Meara, John Corbett
MJ: Hluchaniuk, Michael J.

**Jury Demand**

### Plaintiff's Motion to Precede In Pro Per

Respectfully, Plaintiff submits with clean hands and inserts to move and precede In Pro Per, Sui Juris for the following reasons:

1. Respectfully, Plaintiff has reserved the right to defend as a litigant Pro Se and/or In Pro Per, [Case law: Supreme Court, Faretta vs. California 422 U.S. 806 (1975)].

2. Respectfully, Plaintiff has attached a Synopsis of Aboriginal Native Status as Exhibit $A$ , Federal & State Governmental Identifications as Exhibit $B$ , Genealogy Certification as Exhibit $C$ , Nationality documents as Exhibits $D$ - $J$ , the U.N. Declaration on the Rights of Indigenous Peoples as Exhibit $K$ & the U.N. Universal Declaration of Human Rights (1948) as Exhibit $L$ to support plaintiff's statements made in paragraph 1 of plaintiff's Original Verified Complaint and in paragraph(s) 6-8 of Plaintiff's Affidavit & Notice of Attorney's Professional Conduct.

1

3. The submittal of plaintiff's nationality documents is admissible for properly introducing and identifying plaintiff as a U.S. National natural-born Citizen only, in no way are they presented to further delay the case or the decisions of plaintiff's claim.

4. Respectfully, plaintiff filed a claim on September 19, 2011 against defendants and thereafter plaintiff hired attorney Robert Weed to work as counsel September 23, 2011. Plaintiff has shown strict reservation of rights in the Retainer Agreement dated September 23, 2011, signed by plaintiff and initialed A.R.R. and entered into the court records on April 6, 2012, as Exhibit 1 attached to Plaintiff's Amended Verified Complaint. **[Case law: McClintock v. Skelly Oil Co., 232 MoApp. 1204 (1938)]** a meeting of the minds required to make a contract is not based on secret purpose of intention on the part of the parties, stored away in his mind and not brought to the attention of the other party but must be based on purpose and intention which has been made known or which from all the circumstances should be known."

5. Respectfully, Defendants made entries on October 12, 2011 styled as Defendants Statements of Disclosure(s) and Defendants Answer To Complaint With Affirmative Defenses with a Certificate of Service whereby respectfully, plaintiff never received an order to reply

6. Respectfully Plaintiff states: Defendants October 12, 2011 filings have been completely mysterious to plaintiff until February 27, 2012 whereby plaintiff has not received defendants' pleadings as stated in the Certificate of Service filed October 12, 2011. Respectfully, Plaintiff addressed these concerns and entered into the court records on April 2, 2012, an Amended Verified Complaint, under Defendant(s) Asserts paragraph(s) (a) - (i)

7. Respectfully, Robert Weed an attorney for 44 years, neglected to sign our Retainer Agreement and to file an Appearance of Counsel after September 23, 2011with the courts in a timely manner, while never bestowing plaintiff's best interest at all times, and after immediately being noticed defendants have 17 days to file an answer.

2

8. Respectfully, defendants contacted plaintiff in or around the month of October 2011 seeking more time to file an answer.

9. Respectfully, plaintiff has saved phone messages left by defendants' counsel Dawn Yeaton on November 1st and 2nd of 2011 as noted in paragraph(s) 9 – 12 of plaintiff's Affidavit & Notice of Attorney's Professional Conduct.

10. Respectfully, Plaintiff's time to reply to the October 12, 2011 filings concluded on November 2, 2011.

11. Respectfully, attorney Robert Weed erroneously provided counsel and received assistance from Plaintiff and a tribal member from September 23 - November 2 2011, without contacting Defendants attorney or the courts immediately after September 23, 2011.

12. Respectfully, Defendants filed a Motion to Dismiss w/attachments on November 3, 2011 noticing plaintiff and attorney Robert Weed, whereby copies were given to plaintiff by attorney Robert Weed to make duplicates, (3) three sets.

13. Respectfully, attorney Robert Weed filed his Appearance as Counsel in the courts on November 8, 2011 as noted in paragraph (l) of Plaintiff's Amended Verified Complaint entered into the court records on April 2, 2012.

14. Respectfully, attorney Robert Weed sent an email to plaintiff on December 16, 2011 stating "Defendants still have not answered plaintiff's allegations," as noted in paragraph 18 of Plaintiff's Affidavit & Notice of Attorney's Professional Conduct, and his motives show he has contracted and been misleading to plaintiff with secret intentions and has never had plaintiff's best interest at hand.

3

15. Respectfully, Plaintiff has invested valuable time and patience over 6 months assisting attorney Robert Weed with research and plaintiff has seen a financial loss from travel, the purchase of case laws, making copies and mailing USPS Certified mailings after paying a retainer fee. Plaintiff has lost time with family on this case alone and from the energies spent preparing motions and affidavits after researching any intentional neglect that may be found.

16. Respectfully, Plaintiff states any intentional neglect in paragraphs(s) 7, 11, 13, and 14 as stated above and in the paragraphs hereafter has caused plaintiff to research our intercourse and history and attorney Robert Weed's motives have shown the intentional neglect has provided defendants with time to file an Answer & Motion to Dismiss by allegedly not contacting Defendants after (4) requests.

17. Respectfully, attorney Robert Weed actions have caused Plaintiff to enter into the court records on March 22, 2011 an Affidavit & Notice of Attorney's Professional Conduct which was mailed via USPS Certified Mail to attorney Robert Weed on March 3, 2012. See USPS return receipt attached as exhibit M .

18. Respectfully, Plaintiff submits with clean hands, as noted in paragraph 39 of plaintiff's Affidavit & Notice of Attorney's Professional Conduct, "if necessary this affidavit will be used as evidence for my defense and/or for re-examining any violations of plaintiff's protected Constitutional; natural and contract rights.

19. Respectfully, Plaintiff's submits with clean hands, that plaintiff's Affidavit & Notice of Attorney's Professional Conduct has a remedy demand, requesting of attorney Robert Weed to please forward to Defendants Attorney Dawn Yeaton and the Honorable Judge John Corbett Omeara for the U.S. District Court Eastern District of Michigan (Ann Arbor) that this affidavit should be reflected on the court records along with Plaintiff's Motion for Rehearing.

4

20. Respectfully, Plaintiff submits with clean hands, all matters and issues of time involving plaintiff's case have involved two (2) court cancellations, one (1) dismissal, and a Rehearing have derived and been under strict control of attorney Robert Weed's personal personages and/or sickness and plaintiff's case has been dragged out longer than expected.

21. Respectfully, for the duration of six (6) months September 23, 2011 to February 23, 2012 attorney Robert Weed without plaintiff's consent or prior knowledge has only filed a (2) two page Motion for Rehearing on behalf of plaintiff.

22. Respectfully, from February 23, to March 23 and 25, 2012 attorney Robert Weed filed a (39) thirty-nine page Brief and a (38) thirty-eight page First Amended Brief, and as noted in Local Rules 7.1 attorney Robert Weed has prepared a Brief well over the court's 20 page limit.

23. Respectfully, Plaintiff submits with clean hands, attorney Robert Weed has avoided conference and/or discussing these matters in particular, attorney Robert Weed has been very difficult to contact for meetings and consultation from September 23, 2011 to date and plaintiff has not received any certified rebuttals notarized under penalties of perjury from attorney Robert Weed and therefore plaintiff entered the Affidavit & Notice of Attorney's Professional Conduct into the court records on March 22, 2012 as an affirmative defense.

24. Respectfully, Plaintiff requested through text messages on February 25, 2012 that attorney Robert Weed make known specific court records that have been filed and I plaintiff received through email on February 26, 2012 from attorney Robert Weed the Court Civil Docket for Case#: 5:11-cv-14066-JCO-MJH.

25. Respectfully, Plaintiff has analyzed the Court Civil Docket and plaintiff found defendants had filed an alleged Answer With Affirmative Defenses as noted in paragraph 37 of plaintiff's Affidavit & Notice of Attorney's Professional Conduct, which was retrieved from the court records on February 27, 2012, and this is when plaintiff became aware of the certificate of service

5

and alleged service having been made on plaintiff. (Proof of purchase attached as Exhibit _rV_ )

defendants.

26. Respectfully, plaintiff addressed these matters with attorney Robert Weed verbally, concerning

    entries made on October 12, 2011 by Defendants counsel, whereby defendants alleged in the

    Certificate of Service that service was made via of USPS to Plaintiff Usir El Bey.

27. Respectfully, plaintiff has on numerous occasions requested that attorney Robert Weed demand

    defendants counsel provide evidence of Proof of Service and that service was made complete

    according to court rules respectfully, and as noted in Defendant(s) Asserts and paragraph(s) (a) -

    (i) of plaintiff's Amended Verified Complaint entered into the courts records on April 2, 2012.

28. Respectfully, Plaintiff submits with clean hands, on April 9, 2012 at 5:33 p.m. plaintiff received

    one text message from attorney Robert Weed stating "I'm available after 3:00 p.m. I plaintiff

    replied at 5:45 p.m., "Yep and don't forget my contract you didn't sign and my messages I left

    you.

29. Respectfully, Plaintiff submits with clean hands, on April 10, 2012 on or around 3:50 p.m.

    plaintiff received one text message from attorney Robert Weed asking, "Are you available." I

    plaintiff replied on or around 3:55 p.m. "Yeah, I'm down here". (Meaning in the same

    neighborhood of Sunderland St.)

30. Respectfully, Plaintiff submits with clean hands, on April 10, 2012 on or around 9:14 p.m.

    plaintiff sent a text message stating "anything filed in the courts from here on out will be coming

    from plaintiff, default judgment has been entered so please don't disrespect my entries filed, we'll

    talk further tomorrow."

31. Respectfully, Plaintiff submits with clean hands, on April 11, 2012 on or around 11:56 a.m. attorney Robert Weed sent a text message again stating, "Am free the next (2) hours call and let me know."

32. Respectfully, Plaintiff submits with clean hands, that on April 11, 2012 I plaintiff replied around 12:52 p.m. stating, I'm backed up with work (Lawn care) today, tomorrow in the afternoon is when I'll be free just give me the time you can set it again.

33. Respectfully, Plaintiff submits with clean hands, on April11, 2012 around 4:55 p.m. plaintiff sent a text message to attorney Robert Weed stating, "any time after 1:00 tomorrow.

34. Respectfully, Plaintiff submits with clean hands, on April11, 2012 around 7:13 p.m. plaintiff sent a text message to attorney Robert Weed stating, "what's going on we meeting tomorrow or what Bob."

35. Respectfully, Plaintiff submits with clean hands, on April 11, 2012 around 7:57 p.m. plaintiff sent a text message to attorney Robert Weed stating, "Well I have told you not to file anything so don't go against my filings I have placed on the record, don't get distant in our communications again setting meetings and wasting my time."

36. Respectfully, Plaintiff submits with clean hands, that attorney Robert Weed submitted to the courts a certificate of mailing on April 10, 2012 showing that on April 11, 2012 attorney Robert Weed's Motion to Withdraw as Counsel For Plaintiff was mailed via USPS Certified Mail **with return receipt requested** after plaintiff was allegedly non-cooperative in arranging a personal meeting with petitioner Robert Weed.

37. Respectfully, Plaintiff submits with clean hands, plaintiff did not fire counsel and it was attorney Robert Weed's own decision to withdraw as counsel and that finding an trustworthy attorney at this point in time in the case would absolutely create more financial losses, mental anguish and

7

may cause more harm than good, as my trust in any other counsel has been aggressively effected due to the fact that (1) defendants having defaulted to the original claims set forth throughout the case.

38. Respectfully, Plaintiff has not received any certified rebuttals notarized under penalties of perjury from Defendants counsel or attorney Robert Weed addressing any of plaintiff's filings of Affidavits and Motions entered in to the court records on March 22, 2012 and April 2, 2012.

39. Respectfully, Plaintiff submits with clean hands, defendants counsel and attorney Robert Weed's failing to respond accordingly to plaintiff's filings entered in the court records on March 22, 2012 and April 2, 2012, has ultimately initiated Plaintiff's entries of record on April 6, 2012, which shows Plaintiff's Affidavit & Notice of All Private and Independent Matters; Plaintiff's Demand for Default Judgment and Plaintiff's Motion for Judgment on the Pleadings.

40. Respectfully, Plaintiff submits with clean hands, that plaintiff has made entries into the court records in order to redress grievances in regards to both defendants counsel and attorney Robert Weed's practices, by way of notarized Affidavit(s) and Motions and plaintiff has made these entries into the court records under penalties of perjury. Additionally plaintiff with respect to all court actions will be forwarding plaintiff's concerns to the Attorney Grievance Commission 535 Griswold, Suite 1700 Detroit, MI 48226.

41. Respectfully, Plaintiff states for the record, Plaintiff contacted the courts on March 21, 2012 and left a brief voice message addressed to the case manager and the honorable Judge John Corbett Omeara, describing plaintiff's findings and initial entries filed in the court records.

8

**Conclusion Statement**

I am mentally competent to make these statements of fact and I do recognize right from wrong. If the statements herein damage anyone, if he/she/or they will inform me by facts in affidavit form I will sincerely make every effort to amend my declaration to improve the entries of data in my affidavits to suit the truth and facts made. I hereby and herein reserve the right to amend and make amendments to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that will controvert and overcome this affidavit advise me in written affidavit form within 30 days from certified receipt of this document providing me with your counter affidavit demonstrating with particularity by stating all requisite actual evidentiary facts and all requisite actual law and not merely un-detailed irrelevant facts or inconclusive irrelevant facts of law. If the counter affidavit is substantially and materially false and made in order to attempt to change my authenticated status and declarations of fact by assumption, falsification of the record, and general unlawful and illegal actions, the counter affidavit will stand as unfounded and may be subject to penalty of perjury. Your silence stands as consent and as implied and tacit approval of the factual declarations herein being established as fact as a matter of law.

I Usir El Bey f.k.a. John Snead declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

[Made pursuant to the United States Constitution & Title 28 USCA Section 1746]

Submitted this _16ᵗʰ_ day of April, 2012



DONALD F. GAY, JR.
Notary Public, State of Michigan
County of Wayne
My Commission Expires Mar. 10, 2013
Acting in the County of _WAYNE_

Usir El Bey, In Pro Per, A.R.R.
c/o 16734 Lamphere
Detroit, MI 48219
313.618.8711

Mailing Address: c/o 18701 Grand River Ste 184
Detroit, Michigan 48223

9

# **Copy 5**

# The Aboriginal Cherokee Choctaw Tribal Court

Treaty Between the Cherokee –Choctaw and the United States of America
August 24 1835 United States Statutes at Large Volume 7 Stat 474
& July 19th 1866 Treaty Volume 14 Stat 799



# TRIBAL NAME CHANGE

Shaykhamaxum Date (5-05-2009)

This is to certify that the Indigenous American listed herein:

(Usir Nynetjer El Bey) formerly known as (John Jr. Snead) Born on 7-19-1973

*Was this day granted a legal name change within the rights of his/her indigenous heritage and within the Tribal Court of the Aboriginal Cherokee Choctaw Nation. (Usir Nynetjer El Bey) is a certified member of the Aboriginal Cherokee Choctaw tribe through genealogy Certification via the Dawes Roll and meets all of the standards to exist within the tribe and receive this legal and lawful name change. The name change is not an attempt to defraud anyone in any manner and does not negate former legal liabilities and legal duties. This name change is effective within the tribe and recognized within the jurisdiction of the United States via Article IV of the Constitution for the United States of America and certification 06013144-1 of the United States Department of State. This authentication is valid within the jurisdiction of all tribes and the United States of America*
*Effective Date: (5-05-2009 15094 Indigenous Calendar)*

Aboriginal Cherokee Choctaw Tribal Court

Record # ANC06013144-1

Attest: _____
Tribal Clerk

Court Contact

1-888-574-9042

EXT-103

International Indigenous Society
Aboriginal Cherokee-Choctaw
Clerk of Court-Tribal Xi-Amaru
Chief Asiya Alimah-Arub El
Lanabi Ia'au Waset
US Dep. of State Auth #06013144-1



# **Copy 6**

Original - Court 1st copy - Tenant
2nd copy - Mailing 3rd copy - Landlord

| STATE OF MICHIGAN JUDICIAL DISTRICT 36th DC Detroit | COMPLAINT TO RECOVER POSSESSION OF PROPERTY | CASE NO. |
|---|---|---|

**Court address**
421 Madison St, Detroit, MI 48226-2358

Court telephone no.
313.965.5794

**Plaintiff name(s), address(es), and telephone no.(s)**
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET BACKED CERTIFICATES, SERIES 2004-5

v

**Defendant name(s) and address(es)**
John Snead, Enola Snead and all other occupants
16734 Lamphere St
Detroit, MI 48219-3761
Trott #446043E01

Property situated in City of Detroit

**Plaintiff's attorney, bar no., address, and telephone no.**
Trott & Trott, P.C.
Donald J. King P55358, Primary Attorney
Ryan Barr P68047
31440 Northwestern Hwy Ste 200
Farmington Hills, MI 48334-5422
248.723.6452

**The plaintiff states:**

1. ☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint

   ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in _____ Court. The docket number and assigned judge are .

   The action   ☐ remains   ☐ is no longer pending.

2. Attached to this complaint is a copy of the lease or occupancy agreement, if any, under which possession is claimed, and a copy of the notice to quit or demand for possession showing when and how it was served.

3. The person entitled to possession of the property described
   ☐ in the attached notice/demand   ☒ as follows: see the attached Sheriff's Deed, recorded on October 9, 2013 in Liber 51100 on Page 236 in instrument 2013428560 in Wayne County Records is the Plaintiff as referenced above.

4. The defendant is in possession of the following portion of the property:   all of the above captioned property
   _____

5. The plaintiff has a right to possession of the property because:
   ☐ a. lease expired on _____   ☐ b. tenancy terminated by notice to quit
   ☐ c. lease terminated per provision in lease (para no. _____).   ☐ d. defendant is a trespasser. Explain in space beneath item f
   ☐ e. forcible entry made or possession held by force after peaceful entry.
   ☒ f. other: _____
   Describe in detail how the trespass occurred or how the premises are being illegally held. State that no lawful tenancy existed between the parties in the time that has passed since the trespasser took possession. Defendants are wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale. Upon information and belief, property is not occupied by a "bona fide tenant" as defined by Protecting Tenants at Foreclosure Act P.L. 111-22(702). No lawful tenancy existed between the parties in the time that has passed since the trespasser took possession.

☐ 6. (If applicable)   The tenancy involves regulated housing operated by or under rules of a governmental unit.  The rule or law under which the tenancy is ended is _____.

☐ 7. The Plaintiff declares that this residential property was kept fit for the use intended and has been kept in reasonable repair during the term of the lease.

☐ 8. The defendant remains in possession of the property.

9. Plaintiff asks for a judgment of possession and costs.

☐ 10. The plaintiff demands a jury trial.

**SUPPLEMENTAL COMPLAINT**

☐ 11. Complaint is made and judgment is sought for money damages against the defendant as follows:

_____
Date

Plaintiff/Attorney signature   Ryan Barr P68047

DC 102c (1/12)   COMPLAINT TO RECOVER POSSESSION OF PROPERTY

MCR 2.113(C), MCR 4.201(B), MCL 6000.5714

# **Copy 7**

| STATE OF MICHIGAN<br>36TH JUDICIAL DISTRICT | **REGISTER OF ACTIONS** | CASE NO: **14327007**      LT<br>STATUS: PEND |
|---|---|---|

| Court Address 421 MADISON AVENUE<br>DETROIT         MI   48226 | Court Telephone<br>(313) 965-5794 |
|---|---|

JUDGE OF RECORD: GARRETT,RUTH ANN,                    P-37281

```
                                        Attorney
P01   PLAINTIFF            (PEND)        P-55358
      THE BANK OF NEW YORK MELLON//      KING,DONALD J.,
                                         31440 NORTHWESTERN HWY
                                         STE 200
                                         FARMINGTON HILLS MI 48334
                                         (248) 642-2515
D01   DEFENDANT            (PEND)
      SNEAD/JOHN/
      16734 LAMPHERE
      DETROIT          MI 48219

D02   DEFENDANT            (PEND)
      SNEAD/ENOLA/
      16734 LAMPHERE
      DETROIT          MI 48219

D03   DEFENDANT            (PEND)
      AND ALL OTHER OCCUPANTS//
      16734 LAMPHERE
      DETROIT          MI 48219
```

```
DISPOSITION:     DISMISSED          JUDGMENT FOR     JUDGMENT BY
                 {} WITH PREJUDICE    {} PLAINTIFF   {} DEFAULT   {} TRIAL
DATE:            {} WITHOUT PREJUDICE {} DEFENDANT   {} CONSENT   {} NO CAUSE

FEES/COSTS:   FILING    SERVICE      JURY     TRIAL    WITNESS   ATTORNEY      OTHER

JUDGMENT AMOUNT:    FEES/COSTS   +   DAMAGES   +   INTEREST   =   TOTAL
```

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|
| 10/20/14 | | |
| P01 | SUMM & COMP  TERMINATION OF TENANCY FIKING,DONALD J., P-55358 | 745 |
| D01 | SUMM & COMP  BY PLAINTIFF ISSUED | 661 |
| D02 | SUMM & COMP  BY PLAINTIFF ISSUED | 661 |
| D03 | SUMM & COMP  BY PLAINTIFF ISSUED | 661 |
| ALL | HEARING SCHEDULED   10/29/14  08:30A | 661 |
|  | FILING FEE PAID        $45.00   RCPT # CD77508 | 661 |
| 10/21/14 | | |
|  | D01 ADDRESS ADDED | 745 |
|  | D02 ADDRESS ADDED | 745 |
|  | D03 ADDRESS ADDED | 745 |

*** END OF REGISTER *** 10/29/14 07:44 DCY 252 (6/82) CIVIL REGISTER OF ACTIONS

| STATE OF MICHIGAN JUDICIAL DISTRICT 36th DC Detroit | SUMMONS Landlord-Tenant / Land Contract | CASE NO. |
|---|---|---|

**Court address**
421 Madison St, Detroit, MI 48226-2358

**Court telephone no.**
313.965.5794

1432770011

| Plaintiff's name, address, and telephone no. | Plaintiff's attorney, bar no., address and telephone no. |
|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05 | Donald J King P55358 Trott & Trott, P.C. 31440 Northwestern Hwy Ste 200 Farmington Hills, MI 48334-5422 248.723.6452 |

v

| Defendant's name, address, and telephone no. |
|---|
| John Snead, Enola Snead and all other occupants 16734 Lamphere St Detroit, MI 48219-3761 T&T #112335E07 |
| Property situated in City of Detroit |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings please contact the court immediately to make arrangements

☐ Rental unit eviction

☐ Land contract forfeiture

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. The plaintiff has filed a complaint against you and wants ☐ a money judgment for ☐ to recover possession, after land contract forfeiture, of ☒ to evict you from

| Address or description of premises |
|---|
| 16734 Lamphere St Detroit, MI 48219-3761 |

2. You are summoned to be in the district court on __10.29.14__ at __8:30__
   Day and date                          Time
   ☐ at the address above, ☐ _____ courtroom __432__
                              Location

3. You have the right to a jury trial. If you do not demand a jury trial and pay the required jury fee in your first defense response, you will lose this right.

4. If you are in district court on time, you will have an opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you.

5. If you are not in district court on time, you may be evicted without a trial and a money judgment may be entered against you.

__10.20.14__                          _____
Date issued                          Court clerk

*The certificate of mailing applies to landlord-tenant cases only.

This document must be sealed by the seal of the court.

### CERTIFICATE OF MAILING BY COURT*

I certify that on this date I served a copy of this summons and the complaint and required attachments on the defendants by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

_____                          _____
Date                                  Court clerk/officer

### CERTIFICATE OF MAILING BY PLAINTIFF*

I certify that on this date I served a copy of this summons and the complaint and required attachments on the defendants by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3). I have attached a receipt of mailing from the post office.

_____                          _____
Date                                  Plaintiff signature

DC 104 (3/08)   SUMMONS, LANDLORD-TENANT / LAND CONTRACT       Court

MCL 600.5735, MCR 2.102, MCR 4.201(C), MCR 4.202(E)

Original - Court 1st copy - Tenant
2nd copy - Mailing 3rd copy - Landlord

| STATE OF MICHIGAN JUDICIAL DISTRICT 36th DC Detroit | COMPLAINT TO RECOVER POSSESSION OF PROPERTY | CASE NO. |
|---|---|---|

Court address
421 Madison St, Detroit, MI 48226-2358

Court telephone no.
313.965.5794

Plaintiff name(s), address(es), and telephone no.(s)
The Bank of New York Mellon f/k/a The Bank of New York
as Trustee for the Certificate Holders of CWABS 2004-05

V

Defendant name(s) and address(es)
John Snead, Enola Snead and all other occupants
16734 Lamphere St
Detroit, MI 48219-3761
T&T #112335E07

Property situated in City of Detroit

Plaintiff's attorney, bar no., address, and telephone no.
Trott & Trott, P.C.
Donald J. King P55358, Primary Attorney
Ryan Barr P68047
31440 Northwestern Hwy Ste 200
Farmington Hills, MI 48334-5422
248.723.6452

**The plaintiff states:**

1. ☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint
   ☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in US District Court Eastern District Court. The docket number and assigned judge are 11-324130-LT, 5:11-CV-14066.

   The action ☐ remains ☒ is no longer pending.

2. Attached to this complaint is a copy of the lease or occupancy agreement, if any, under which possession is claimed, and a copy of the notice to quit or demand for possession showing when and how it was served.

3. The person entitled to possession of the property described
   ☐ in the attached notice/demand ☒ as follows: see the attached Sheriff's Deed, recorded on March 1, 2011 in Liber 49006 on Page 1439-1444 in instrument 2011055872 in Wayne County Records is the Plaintiff as referenced above.

4. The defendant is in possession of the following portion of the property:   all of the above captioned property

5. The plaintiff has a right to possession of the property because:
   ☐ a. lease expired on _____.   ☐ b. tenancy terminated by notice to quit
   ☐ c. lease terminated per provision in lease (para no. _____).   ☐ d. defendant is a trespasser. Explain in space beneath item f
   ☐ e. forcible entry made or possession held by force after peaceful entry.
   ☒ f. other: _____
   Describe in detail how the trespass occurred or how the premises are being illegally held. State that no lawful tenancy existed between the parties in the time that has passed since the trespasser took possession. Defendants are wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale. Upon information and belief, property is not occupied by a "bona fide tenant" as defined by Protecting Tenants at Foreclosure Act P.L. 111-22(702). No lawful tenancy existed between the parties in the time that has passed since the trespasser took possession.

6. ☐ (If applicable)   The tenancy involves regulated housing operated by or under rules of a governmental unit. The rule or law under which the tenancy is ended is _____

7. ☐ The Plaintiff declares that this residential property was kept fit for the use intended and has been kept in reasonable repair during the term of the lease.

8. ☐ The defendant remains in possession of the property.

9. Plaintiff asks for a judgment of possession and costs.

10. ☐ The plaintiff demands a jury trial.

**SUPPLEMENTAL COMPLAINT**

11. ☐ Complaint is made and judgment is sought for money damages against the defendant as follows:

Date  10.15.14

Plaintiff/Attorney signature   Ryan Barr P68047

DC 102c (1/12)   COMPLAINT TO RECOVER POSSESSION OF PROPERTY

MCR 2.113(C), MCR 4.201(B), MCL
6000.5714

2011 MAR -1 AM 11:13

FILE DO NOT MAIL



**M**STATE OF
**ICHIGAN**
Wayne County
March 01, 2011  11:13:00 AM
Receipt # 42365

REAL ESTATE
TRANSFER TAX
$122.10 - CO
$0.00 - ST
Stamp # 213700

Bernard J. Youngblood
Wayne County Register of Deeds
March 01, 2011  11:13 AM
Liber 49006 Page 1439-1444
02011066072  SHD  FEE: $30.00

112335F03 Snead - FC X

### SHERIFF'S DEED ON MORTGAGE SALE

This Indenture Made this 16th day of February, A.D. 2011, between, **Ralph Leggat** , a Deputy Sheriff in and for Wayne County, Michigan, whose address is 1231 Saint Antoine St Detroit, Michigan 48226-2300 , party of the first part, and The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05, whose address is 7105 Corporate Dr # PTX-B-32, Plano, TX 75024-4100 , party of the second part (hereinafter called the grantee).

WITNESSETH, That Whereas a certain mortgage made by John Snead, A Married Man and Enola Snead, His Wife, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated April 28, 2004, and recorded on June 7, 2004 in Liber 40734 on Page 540, and assigned by said Mortgagee to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05 as assignee as documented by an assignment dated September 29, 2009 recorded on October 2, 2009 in Liber 48148 on Page 798, in Wayne county records. Michigan and

WHEREAS, said mortgage contained a power of sale which has become operative by reason of a default in the condition of said mortgage, and

WHEREAS, no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof, and

WHEREAS, by virtue of saic power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in said mortgage, that the said premises, or some part of them, would be sold at 1:00 PM on the 2nd day of December, A.D. 2009 (sale adjourned from December 2, 2009 to February 16, 2011), at public vendue, that being the place of holding the Circuit Court for Wayne County where the premises are situated and

WHEREAS, pursuant to said notice I did, at on the day last aforesaid, expose for sale at public vendue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of One Hundred Ten Thousand Eight Hundred Eighty-Two and 53/100 Dollars ($110,882.53), that being the highest bid therefore and the grantee being the highest bidder, and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, more particularly described in exhibit A, attached and commonly known as:

16734 Lamphere St
Property Tax Parcel ID 22-116352 Lot 19, 22-116351, Lot 20
This property may be located within the vicinity of farmland or a farm operation. Generally, accepted agricultural and management practices, which may generate noise, dust, odors, and other associated conditions, may be used and are protected by the Michigan right to farm act.

Now, this Indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain and sell unto the grantee, its successors and assigns, forever, all the estate, right, title and interest, which the said Mortgagor(s) had in said land and tenements and every part thereof, on the 28th day of April A.D. 2004, that being the date of said mortgage, or at any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoof forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

Ralph Leggat

Deputy Sheriff in and for the County of Wayne

STATE OF MICHIGAN
COUNTY OF WAYNE

On this 16th day of February, A.D. 2011, before me, a Notary Public in and for said County of Wayne came **Ralph Leggat** , a Deputy Sheriff of said County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that he executed the same to be his free act and deed as such Deputy Sheriff.

LAURA DYAMENT

Notary Public, Wayne County, Michigan
My commission expires:
Acting in the county of Wayne

THIS INSTRUMENT IS EXEMPT FROM MICHIGAN TRANSFER TAX UNDER MCL 207.526(v)

MCL 207.526(v)

**<u>Copy 8</u>**

2.504

ID. 114

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | DISMISSAL | |
| JUDICIAL CIRCUIT | | 14 327007 |
| COUNTY PROBATE | | |

36th DC Detroit

**Court Address**
421 Madison St, Detroit, MI 48226-2358

**Court telephone no.**
313.965.5794

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05 | v | John Snead, Enola Snead, Mr Occupant, Mrs Occupant<br>16734 Lamphere St<br>Detroit, MI 48219-3761<br>T&T #112335E07 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Trott & Trott, P.C.<br>Donald J. King P55358, Primary Attorney<br>Ryan Barr P68047<br>31440 Northwestern Hwy Ste 200<br>Farmington Hills, MI 48334-5422<br>248-723-6452 | | Defendant's attorney, bar no., address, and telephone no. |

[X]   **NOTICE OF DISMISSAL BY PLAINTIFF**

1. Plaintiff/Attorney for plaintiff files this notice of dismissal of this case    [ ] with [X] without    prejudice as to:
   [X] all defendants
   [ ] the following defendant(s): _____

2. I certify, under the penalty of contempt, that:
   a. This notice is the first dismissal filed by the plaintiff based upon or including the same claim against the defendant.
   b. All costs of filing and service have been paid.
   c. **No answer or motion has been served upon the plaintiff by the defendant as of the date of this notice.**
   d. A copy of this notice has been provided to the appearing defendant/attorney by [X] mail  [ ] personal service.

10/22/2014
Date

Plaintiff/Attorney signature    Ryan Barr P68047

[ ]   **STIPULATION TO DISMISS**

I stipulate to the dismissal of the case    [ ] with [ ] without    prejudice as to:
[ ] all parties
[ ] the following parties: _____

Date

Plaintiff/Attorney signature

Date

Defendant/Attorney signature

[X]   **ORDER TO DISMISS**

**IT IS ORDERED** this case is dismissed    [ ] with [ ] without    prejudice. Conditions, if any:

OCT 29 2014
Date

Judge                                          Bar no.

MC 09 (6/97) **DISMISSAL**          *COURT*                                          MCR

**Copy 9**

2013 JUN 10 PM 12: 11

Bernard J. Youngblood
Wayne County Register of Deeds
June 10, 2013   12:11 PM
Inst: 2013299882   SKB  Pages:2
Liber: 50832  Page: 947

## AFFIDAVIT EXPUNGING SHERIFF'S DEED ON MORTGAGE SALE FILED PURSUANT TO MCLA 565.451a

STATE OF MICHIGAN)
COUNTY OF OAKLAND) SS.

Tomika Horne (P70303), being duly sworn, deposes and says:

1. That she is employed by Trott & Trott, P.C., attorneys for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05, 7105 Corporate Dr # PTX-B-32, Plano, TX 75024-4100, and is familiar with the facts set forth herein.

2. That The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05, hereinafter referred to as MORTGAGEE, is the holder of a mortgage made by John Snead, A Married Man and Enola Snead, His Wife, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated April 28, 2004, and recorded on June 7, 2004 in Liber 40734 on Page 540, and assigned by said Mortgagee to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05 as assignee as documented by an assignment dated September 29, 2009 recorded on October 2, 2009 in Liber 48148 on Page 798, in Wayne County Records, Michigan; and encumbering property situated in the City of Detroit, Wayne County, MI, described as:

Lots 19 and 20, including adjoining 1/2 of the vacated alley at the rear thereof, of Allen L. Lamphere's Redford Subdivision, according to the Plat Thereof Recorded in Liber 28 of Plats, Page 98 of Wayne County Records

3. That MORTGAGEE caused said mortgage to be foreclosed and recorded a Sheriff's Deed on March 1, 2011 in Liber 49006 on Page 1439-1444 in instrument 2011055872, Wayne County Records.

4. That MORTGAGEE has discovered that said foreclosure sale was inadvertently held and that MORTGAGEE will not rely on said foreclosure sale and will treat such sale as having not been held.

5. That MORTGAGEE wishes this Affidavit to be recorded in order to correct record title and to show that the Sheriff's Deed dated February 16, 2011 and recorded on March 1, 2011 in Liber 49006 on Page 1439-1444 in instrument 2011055872, Wayne County Records, is hereby expunged, and that the mortgage recorded on June 7, 2004 in Liber 40734 on Page 540, is in full force and effect.

FURTHER, Affiant says not.

Dated: **MAY 3 0 2013**

2013299882  Page 2 of 2

Tomika Horne (P70303)
Attorney on behalf of The Bank of New York
Mellon f/k/a The Bank of New York as Trustee
for the Certificate Holders of CWABS 2004-05
Trott & Trott, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422
248.642.2515

Signed and sworn to before me in Oakland County, Michigan, on MAY 3 0 2013 by Tomika Horne (P70303), attorney on behalf of The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-05.

Kimberly M Camacho, Notary public
State of Michigan, County of Livingston
My commission expires July 14, 2013
Acting in the County of Oakland

Drafted by and when recorded return to:
Tomika Horne (P70303)
Trott & Trott, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422
248.642.2515

T&T # 112335F03          John Snead