335

MIED (Rev. 04/09/06) Notice of Appeal

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

BNY MELLON AS TRUSTEE FOR CWABS
Inc. Asset-Backed Certificates Series
2004-5 [Trust]
Appellee / Plaintiff(s),

Case No. 2:14-cv-14526

Judge John Corbett O'Meara

v.

Usir Nynetier El Bey
(U.S. National Citizen 8 USC 1401 (b))
Appellant / Defendant(s).

Magistrate Judge Michael J. Hluchaniuk

FILED
2015 FEB 18 A 10: 52
U.S. DIST. COURT
E. DIST. MICH.
DETROIT

_____/

### NOTICE OF APPEAL

Notice is hereby given that   I   Usir Nynetier El Bey   appeals
                                                    [Name of Party]

to the United States Court of Appeals for the Sixth Circuit from the:   ☐ Judgment   ☑ Order

☑ Other: *Notice Remanding Case to *36th District Court**

entered in this action on   1/20/15
                                   [Date]

Date: February 17, 2015

Counsel is: Usir Nynetier El Bey
[CJA, FDO, pro se, pro bono, retained, U.S. Atty]

ALL RIGHTS RESERVED

Usir Nynetier El Bey
Signature

Bar No. Non-Citizen/Non-Resident/Non-Domestic
%₀ 16734 Lamphere
Street Address
Detroit, Michigan Republic [48219]
City, State  Zip Code
313-989-5244
Telephone Number

_____
Primary Email Address

Appellant:  Please file this form with the District Court Clerk's Office.  If you are paying the filing fee, please make
your $455.00 check payable to:  Clerk, U.S. District Court.

**United States District Court**

**Wayne County**

| | |
|---|---|
| Usir Nynetjer El Bey | Case No. 2:14-cv-14526 |
| (U.S. National Citizen 8USC 1401(b)) | Judge John Corbett O'Meara |
| Ex Rel (Borrower/14th Amendment citizen JOHN SNEAD) | |

Usir Nynetjer El Bey
**(U.S. National Citizen 8USC 1401(b))**
**Ex Rel (Borrower/14th Amendment citizen JOHN SNEAD)**

        Appellant

vs.

BNY MELLON AS TRUSTEE FOR CWABS INC
ASSET-BACKED CERTIFICATES SERIES
2004-5 [Trust]

        Appellee/Repsondents'

Maddin Hauser Roth Wartell & Heller P.C.
Martin S. Frenkel (P49283)
Mark E. Plaza (P66038)

Attorney(s)

_____/

Case No. 2:14-cv-14526
Judge John Corbett O'Meara

**Companion Case**
**Case No. 5:11-cv-14066**
Dawn Yeaton (P73486)
Attorney

**Notice of Removal 12-1-14**
**State Court Case No. 14-329864**
Trott & Trott P.C. et al
Donald King (P55358)
Ryan Barr (P68047)
Rana D. Razzaque (P62627)
Attorney(s)

**Petition for Writ of Mandamus or Prohibition**
**filed separately in the U.S. Sixth Circuit Court**
**of Appeals Case No. 15-1065, In re: Usir El Bey**

**Jury Demand**

**Notice of Appeal Pursuant to**
**28 USC § 1447(d) and 28 USC § 1443(a)(1)(2)**

Notice is hereby given that I Usir Nynetjer El Bey appeals to the United States Court of Appeals for the Sixth Circuit from the: Order Dismissing/Remanding case and Notice Remanding case [**Example 1**] entered in this action on January 20, 2015. Please also see related Notice of Determination on Motion Without Oral Argument [**Example 2**] and a courtesy copy of the Civil Docket sheet attached as [**Example 3**]. Appellant further appeals from the court's discretion to not rule on his Notice of Removal from State Court and its discretion to override the Supreme law of the Land, federal and state statutes of the United States and its territories and insular possessions and its discretion in not ruling on both federal cases in accordance with the law which has therefore prejudiced, I Usir Nynetjer El Bey of his right to redress and remedy.

**Brief Statement of Facts**

Appellant is a law abiding U.S. National Citizen. Appellant appeals from the court's decision and has brought his appeal and claims ex rel the borrower/defendant before the court of appeals. Appellant also claims an interest in the property and perfect title as well by way of **Quitclaim Deed to Trust, International Irrevocable Trust Agreement # 071973UNEB, and recorded security interest - UCC Financing Statement and Amendment. Perfect Title** – One which shows the absolute right of possession and of property in a particular individual. **Henderson v. Beatty, 124 Iowa, 163, 99 N.W. 716; Wilcox Lumber Co. v. Bullock, 109 Ga. 532, 35 S.E. 52; Donovan v. Pitcher, 53 Ala. 411, 25 Am.Rep. 634.** These documents of priority lien interest in property are attached to Appellant's Applications to Proceed Informa Pauperis filed with the U.S. District Court.

1

Before deciding on making the allegations herein, Appellant has carefully reviewed his case and the court's decision and has determined in respect to the proceedings, that the court first erred in making its decision to dismiss and remand his case after the court received objections in that the assignee/trustee corporate Plaintiff and counsel failed to file with its appearance, it's Disclosure of Corporate Affiliations and Financial Interest in accordance with E.D. of Mich. LR 83.4(c) and as provided in the comment: LR 83.4 is based on 6th Cir. R. 26.1. It is the responsibility of the courtroom deputy clerk for the judge to whom the case is assigned to monitor compliance with this Rule including but not limited to sending out copies of the statement of disclosure to new defendants, and others affected under (b). No such Disclosures have been filed with Counsels Appearance and served upon Appellant in this case. (**Reference Example 4 below**) Docket # 20 Motion on Objections/Requests **Page 1 Para. 2.** These same instances of failing to receive filings are shown to also be true in Appellant's companion case. Please reference Example 4 below Docket #10 Copy 4 in its entirety.

Appellant appeals from the court's decision and its discretion in deciding on the merits of his Citizenship after Appellant has long-established before the court that his self-determination in correcting his name and nationality and Citizenship are due to unlawful acts of denationalization and genocide and to further strengthen the unlawful acts of denationalization and genocide, he maintains that at all times herein mentioned his nationality affidavits sets forth these declarations and that his name correction was not done in an attempt to defraud anyone in the United States nor in contract; as has been made obvious that the borrower JOHN SNEAD is the original party to the mortgage contract as disclosed in the above caption and I Usir Nynetjer El Bey have brought his claims of interest ex rel the debtor/borrower and that the Plaintiff (hereinafter assignee/trustee) and it's counsel have noticeably filed suit against the borrower JOHN SNEAD and not Appellant as evidenced in the state trial court action. Please reference Certificate of Mailing [**Example 4**] and its attachments specifically the Motion for Writ of Mandamus Docket #10 and its attachment Copy 3, in which the U.S. District court's order has already reserved Appellant's offers of proof and authenticated nationality affidavits which have been time-honored as attachments to his filed Motion to Procede In Pro Per Copy 4.

Appellant appeals from the court's decision and its discretion to not rule on his objections and offers of proof procured before the U.S. District Court and where any equivocal rulings may attempt to preserve error and has requested the court's ruling and deciding on the Objections, Offers of Proof, Preliminary Questions of Conditional Relevancy and Remedy/Relief Sought in Appellant's Docket Entries #'s 1-5, 9-12, 15, 17-24 and that the court, assignee/trustee and counsel answer as requested, on whether there is any credible and qualified witnesses of both litigants, a privilege exists in the banking activities herein, or evidence is admissible or inadmissible. Understandably, in so deciding the court is not bound by evidence rules, except those on privileges. F.R. Civ P. –Rule 104(a). Appellant's requests also included, since there are case laws to support Appellants standing and allegations, that the court also decide on his preponderance of evidence and the merits in his litigation as well which details each party's standing to either foreclose or to challenge the assignment and wrongful foreclosure sale. In accordance with **E.D. of Mich. LR 37.1**, on January 5, 2015, Appellant, communicated with counsel for assignee/trustee seeking its concurrence in advance of the hearing in a good faith effort to narrow the areas of disagreement, but Appellant was unable to obtain concurrence in the relief sought. **WHEREFORE,** Appellant respectfully requested that the U.S. District court enter an order to Compel Discovery and the production of documents in their entirety to sever both litigants defenses/claims and evidence, and that a Rule 26 hearing be held in order to determine (via Proper subpoena and or discovery requests) the whereabouts of the borrower's $76,000 wet-ink signed promissory note, so that the court and litigants may lawfully inspect it, to help narrow the areas of disagreement in rather I Usir Nynetjer El Bey have lawful standing to continue to pursue his standing to challenge the wrongful foreclosure and any other such appropriate relief sought in but not limited to his time-honored Docket #18 Motion for Joinder of Parties and #19 Brief in support of Appellant's filings.

Appellant appeals from the court's decision and its discretion in not ruling on the merits of his case which has denied him the right to assert on behalf of the borrower/obligor his rights in standing and to demand presentment of the original debt instrument pursuant to M.C.L. 440.3501 which states:

(1) "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

(2) (b) Upon demand of the person to whom presentment is made, the person making presentment must: (i) Exhibit the instrument; (ii) Give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so; and (iii) Sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

(3) Without dishonoring the instrument, the party to whom presentment is made may: (i) Return the instrument for lack of a necessary indorsement; or (ii) Refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

Presentment requires: exhibition of the instrument for the purpose of enforcement (production of the **original ink- signed note**), and as Wells Fargo Bank is not the holder in <u>due course of the alleged debt obligation and no longer possesses the rights to enforce, presentation of a copy of the alleged debt obligation [**Example 5**] would be a blatant violation, and thereby should be deemed inadmissible as evidence. Introduction of a copy of the alleged debt obligation rather than the original ink-signed promissory note, by Wells Fargo Bank, using the excuse that it is of "customary procedure", is inadmissible.</u> In **United States of America v. Hibernia National Bank, 841 F.2d 592 96 A.L.R.Fed. 895, 5 UCC Rep.Serv.2d 1392, United States Court of Appeals, Fifth Circuit. April 5, 1988. Rehearing and Rehearing En Banc Denied May 9, 1988, the court stated:** *"Hibernia's reliance on commercial custom is misplaced. Commercial custom does not apply where the U.C.C. provides otherwise".*

Appellant appeals from the court's decision and its discretion in not deciding on the merits of the breached mortgage contract, before the borrower's (JOHN SNEAD) initial default and assignment was executed. As cited in the referenced case law attached: **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP, vs. LINDA A. NASH, et al, supra [Example 6]**. The court held in this case that AWL cited a borrower's mortgage and note to be a Corporation organized and established under the laws of New York and due to AWL non-existence as alleged in its instruments, the alleged lender could not have been licensed as a mortgage lender in Florida, and Appellant takes this statement as well as being applied in any state including Michigan. The court also held that the alleged mortgage and note that gave rise to the assignment is also therefore invalid, null and void and Appellant takes this statement as well as being applied to any other mortgage, note and assignment where AMERICA'S WHOLESALE LENDER recites in a borrower's mortgage and note to be a New York Corporation established under the laws of New York. The mortgage and note in this instant matter is between the **(Borrower/14th Amendment citizen JOHN SNEAD'S)** and AWL. **Lassiter, 28 F.3d at 1149; Ensley v. Soper, 142 F.3d 1402, 1406 (11th Cir. 1998)** *(the litigant must point to case law which predates the official's alleged improper conduct, involves materially similar facts, and truly compels the conclusion that the litigant had a right under federal law)*.

Appellant, appeals from the court's decision and its discretion to not rule on the merits of the breached PSA/Trust Agreement, even though the borrower is not a party to the assignment or the terms of the PSA/Trust Agreement, these are issues <u>that also truly compels the conclusion that Appellant had/has a right under federal law</u> to challenge those claims and defenses asserted against the borrower. <u>Appellant holds that, he has in his custody a certified copy of the full Pooling & Servicing Agreement that he ordered from the Securities & Exchange Commission (SEC), which provides absolute indicia of reliability, and is therefore admissible evidence under federal and state law.</u> Please referenced **PSA Attestation and Usir El Bey's Certified Securitization Audit/PSA Summary Report [Example 7]**, which would help to narrow any areas of disagreement in that any attempt to assign borrower's mortgage to the trust after the trust's closing dates of May 27, 2004 and August 24, 2004 is unquestionably a void and invalid transfer in the assignment. The Summary Report clearly provides on [pgs. 9-11and13-14] that: **"MERS failed to execute an assignment within the time constraints as required by Section 2.01 of the PSA." "The failure to name a beneficiary for the Trustee also renders the assignment without merit.** In a ruling held in: **Glatski v. Bank of America National Association Case# F064556 July 13, 2013 in the Court of Appeals Fifth District California [Example 8]**. The court concluded that: "<u>a borrower may challenge the securitized trust's chain of ownership by alleging the attempt to transfer the deed of trust to the securitized trust (which was formed under New York law) occurred after the trust's closing date. Transfers that violate the terms of the trust</u>

instrument are void under New York law and borrowers have standing to challenge void Assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement."

Appellant appeals from the court's decision and its discretion to dismiss Appellant's complaint and remand the case back to the state trial court; due to the assignee/trustee being awarding possession of property without ruling on the merits and determining if assignee/trustee and counsel have verified the original debt instrument in order to commence and defend against actions filed in federal court which resulted in the U.S. District Court rulings in 2011 that Appellant's claims are barred by the doctrines of res judicata. Essentially, all claims in court evolve in essence from [contract law] an original debt instrument or obligation rather it be tacit, an oral agreement or in writing or just by mere accident. Unless there is a statute that supports that a party or litigant may file a claim without verifying the obligation/contract between another party the federal courts have erred in not demanding that the corporate Plaintiff produce its standing to assert such a claim in equity and has prejudiced Appellant of all the remedies made available for such verification.

In addition, to the lack of verification of the ORIGINAL debt obligation/instrument, Appellant asserts that the 10 year statutes of limitation to collect on the debt has also come into question before the U.S. District Court and state trial court. Reference **MCL 600.5807(4)** damages for breaches of contract in which assignee/trustee have no standing to make such a claim of breach of mortgage contract without verifying the ORIGINAL debt instruments which include the whereabouts of the:

(a) Wet ink signature Landlord/Tenant Land Contract and Rental Agreement signed between the landlord and tenant which provides in the state trial court proceeding that some type of rental situation and contract between the borrower and assignee/trustee exists and was negotiated and agreed upon.

(b) If none of the above, ORIGINAL instruments and events have been verified or evidenced before the state trial and federal courts, then Appellant makes the claims that the assignee/trustee has failed to state a claim in which relief was granted in its favor for being awarded possession and having Appellant's claims barred by the doctrines of res judicata in 2011. Both the state trial court and federal court erred in making its decisions and ruling in favor of the assignee/trustee and Appellant has rightfully so, noticed the U.S. District court of his removal, Application for Temporary Restraining Order, Lis Pendis and Motion for Writ of Mandamus to issue filed against the state trial court eviction proceedings.

(c) If none of the above, ORIGINAL instruments and events have been verified or evidenced before the state trial and federal courts, then Appellant makes the claims that the U.S. District court erred in its decision to dismiss and remand Appellant's complaint. Accordingly, throughout Appellant's complaints and filings **[Docket # 15 and 20]** he has challenged the Landlord Tenant Venue in which the state trial court and assignee/trustee relies on the familiar principle that a breached mortgage creates tenancy-at-sufferance clause which allows a justice court to resolve the issue of possession independent of title issues. However, in every case held against Appellant, the courts erred in not showing that Appellant has also challenged the validity of the original mortgage being used to establish a tenancy at-sufferance relationship. Ref. also **[Docket # 20 pg.22]**. To challenge successfully, the denial of an improper exclusion of evidence, the appellant must bring forth the court reporter's entire record. **S.H. v. National Convenience Stores, 1996, 936 SW2d 406, 407. Ref. Appellant's Objection** A forcible detainer action requires proof of a landlord-tenant relationship. *Haith v. Drake*, **596 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.);** *Dent v. Pines*, **394 S.W.2d 266, 268 (Tex. Civ. App.—Houston 1965, no writ)**. Although such a relationship is not a prerequisite to jurisdiction, *see Academy Corp. v. Sunwest N.O.P., Inc.*, **853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied)**, the lack of such a relationship indicates that the case may present a title issue. *See, e.g., Pinnacle Premier Props.*, **2014 WL 5791549, at \*3 n.9.**

Appellant has made multiple arguments' that he has been prejudiced against his claims/defenses and any remedies provided by state and federal law and that the assignee/trustee has failed to comply with the foreclosure statutes of Michigan. **Kim v. JP Morgan Chase Bank, 493 Mich. 8, 115-16 (2012).**

(d)  If none of the above, ORIGINAL instruments and events have been verified or evidenced before the state trial and federal courts, then Appellant makes the claims that the U.S. District court erred in its decision and discretion to deny injunctive relief and to issue a writ of mandamus and rule that Appellant's request for injunctive relief is moot and even if excepted as true, in order for the 36th District Court to stay the eviction proceeding as stated in the U.S. District court's Dismissal; Plaintiff would have had to motion the state trial court to stay such proceedings. Appellant provides herein that his request for injunctive relief was filed against assignee/trustee on December 1, 2014 and has been denied or ignored because the state trial court under its rescinded court rules have now made the claims in writing that the assignee/trustee has motioned to place the files on administrative hold on December 15, 2014, when no such motion has been served upon Appellant that has been prepared for filing by counsel in the lower state trial court. Appellant includes, this discretionary activity constitutes the practice of law by its judges' own issuance of the state trial court's (Motion/Order & Notice to Appear) [**Example 9**] and is a blatant violation of (1) <u>**USC Title 28 Sec. 1446(d) which clearly provides as stated after notice is received by the state trial court clerk such notice effects a removal and prohibits the state court from proceeding any further unless or until the case is remanded**</u>. (2) **Michigan Code of Judicial Conduct. Canon 4 (H.) Practice of Law.** A judge should not act as an arbitrator or mediator, except as otherwise provided by law.

(e)  If none of the above, ORIGINAL instruments and events have been verified or evidenced before the state trial and federal courts, then Appellant makes the claims that the U.S. District court has erred in its ruling that a valid stay has been entered after removal has been made effective and that the assignee/trustee and counsel's citing, of the Anti-Injunction Act and federal statute 28 USC Sec. 2283 and the court's decision to deny appellant's injunction are just mere incantations of plaintiff and counsel's frantic measures and cleverness to avoid having the state court action enjoined by persuading the U.S. District Court to generally preclude, prohibit, prevent, exclude, rule out, disqualify, bar and stop or overrule a federal injunction from being issued [in favor of Appellant]; in order to stay the removed foreclosure proceedings in the state trial court and even if the stay is excepted as true, the federal court had the authority [USC Title 28 Sec. 1446(d)] to enjoin the state court action under these circumstances, grant injunctive relief for further proceedings during the effectiveness of the removal which brings into question the conditional relevancy (statutes and rules) in which the state trial court has attempted to further secure the assignee/trustee claims.

Appellant appeals from the court's decision and its discretion to dismiss Appellant's complaint and remand the case back to state trial court, without ruling on the merits of the state trial courts rescinded court rules. Assignee/trustee and counsel TROTT & TROTT P.C. sought relief first by making its appearances and the filings of its complaints in the state trial court in accordance to Michigan Court rules 2.113 and then counsel MADDIN HAUSER ROTH WARTELL & HELLER P.C. asserted its defenses in the removed action and the companion cases. What has also been even more problematic and quite disturbing in BNY MELLON rendition to seeking collections on the assigned claims, TROTT & TROTT P.C. rendered its services on the assigned claims in accordance with the state trial court Michigan Court Rule (MCR) 2.113 **Form of Pleading and Other Papers which has been rescinded as of** <u>**March 25, 1991**</u>, effective immediately for 36th Judicial District Court; along with **MCR 2.603 Default and Default Judgment** rescinded as of <u>**November 3, 2004**</u>, effective immediately; **MCR 4.201 Summary Proceedings to Recover Possession of Premises** rescinded as of <u>**June 9, 2004**</u>, effective immediately and; **MCR 4.202 Summary Proceedings; Land Contract Forfeiture** rescinded and has been effective immediately as of <u>**March 22, 2011**</u>. [Emphasis added].

Appellant has raised rhetoric issues that those additional violations encompasses the assignee/trustee's procurement of jurisdictions through its counsel in both state and federal court cases shown below as follows:

5

(a) U.S. District Court Eastern District of Michigan – companion [**Case No. 5:11-cv-14066** Sept. 19, 2011] – counsel MADDIN HAUSER;

(b) 36th Judicial District Court – [**Case No. 11-324130 LT** Sept. 21, 2011] – counsel TROTT & TROTT;

(c) 36th Judicial District Court – [**Case No. 14 327007** Oct. 15, 2014] – counsel TROTT & TROTT;

(d) 36th Judicial District Court – [**Case No. 14329864** Nov. 10, 2014] – counsel TROTT & TROTT; and

(e) U.S. District Court Eastern District of Michigan – [**Case No. 2:14-cv-14526** Dec. 1, 2014] – counsel MADDIN HAUSER.

*Fraud committed in the procurement of the court's jurisdiction.* **Freeman Brothers Furniture v. Dept. of Revenue, 109 Ill.2d 202, 486 N.E. 2d 893 (1985).** **Madison-Hughes v. Shalala, 80 F.3d 1121, 1130 (6th Cir. 1996)**. *Records and Proceedings of courts wanting jurisdictions are not entitled to credit.* **Board of Public Works v. Columbia College, 84 U.S. (17 Wall.) 521, 528 (1873). See also Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 291 (1888); Huntington v. Attrill, 146 U.S. 657, 685 (1892); Brown v. Fletcher's Estate, 210 U.S. 82 (1908); Bigelow v. Old Dominion Copper Co., 225 U.S. 111 (1912); Spokane Inland R.R. v. Whitley, 237 U.S. 487 (1915)**. *However, a denial of credit, founded upon a mere suggestion of want of jurisdiction and unsupported by evidence, violates the jurisdiction clause.* **Rogers v. Alabama, 192 U.S. 226, 231 (1904); Wells Fargo & Co. v. Ford, 238 U.S. 503 (1915).**

Appellant, appeals from the court's decision and its discretion to not rule on the merits of his case and to use its judicial cognizance for prohibiting any violations that encompasses the unauthorized practice of law, which holds the assignee/trustee out as engaged in such practice; where counsel has agreed by accepting to render the services of collecting on the assigned claims, which requires the use of their legal knowledge and discretion in taking on the assigned claims, in drafting, preparing and the filing of legal instruments/documentation of all sorts on behalf of the assignee/trustee, in which such practice has involved the element of an "assignment" of mortgage for an illegal purpose.

Appellant, appeals from the court's decision and its discretion to not rule on the merits of his case and to use its judicial cognizance to further inquire into rather counsel can evidence its purchase of the assigned claims themselves or if they have only taken colorable assignment so they may render or cause to be rendered legal services and defenses to the assignee/trustee et al, this would help to effectuate rather they are in fact holding themselves out as engaged in aiding the unauthorized practice of law.

Appellant, appeals from the court's decision and its discretion to not rule on the merits of his case and to use its judicial cognizance in determining if the assignee/trustee is dealing in the property on his own account or have they only sold those services **by merely adopting the guise of the investors** [lender/certificate holders/creditors] to conceal the real nature of their operations and standing by using counsel [TROTT & TROTT P.C.] & [MADDIN HAUSER WARTELL ROTH & HELLER P.C.] to bring and defend against the assigned claims." This essential fact has remained hidden by the stratagem of the assignment as being sufficient. See **MCL 600.5201** and **Bank of N.Y. v. Mulligan, 2008 N.Y. Slip. Op. 31501 (2008)** ("The Court is concerned that [the person who signed the assignment] may be engaged in a subterfuge, wearing various corporate hats…").

Appellant, appeals from the court's decision and its discretion to not rule on the merits of his case and to use its judicial cognizance in determining that the assignment itself, if used to permit this practice, is for illegal purposes and one proceeding under such an assignment [ASSIGNEE/TRUSTEE] is not protected by the constitutional provisions giving one the right to appear for the purpose of prosecuting or defending a cause to which he is a party. The policy of the courts and the legislature in this regard have ruled that this prohibition not be circumvented by the subterfuge of a layman taking an assignment to permit him to carry on the business of practicing law. **Layman**- one who is not of the legal profession of practicing law. When this is done by one not licensed as an attorney it constitutes the unauthorized practice of law whether done by him in person or through his agent, **regardless of whether the latter (agent) be a layman or a licensed attorney.**

6

There are no constitutional provisions or statutes that denies a party the right to file suit in his name and appear in his own behalf, in fact the constitutional provisions and statutes are designed to do just that, insure the right of a party to appear in his own behalf, but <u>no provisions authorizes nor protects the practice of the assignee/trustee for rendering legal services to others by adopting the form of an assignment</u>.

Appellant, appeals from the court's decision and its discretion which has left the existence of the following conditions as questionable. For example: Has the assignee/trustee and counsel cited cases that supports their activities as just a mere incantation that rests solely on the judicial cognizance of the judge and a narrow construction of a constitutional provision and statute being violated in Michigan or just simply not in effect in Michigan or under federal law? Has or can Appellant provide evidence as his offer of proof before the court which indicates that the mortgage and assignment is in fact invalid, null and void and not voidable? Has or can Appellant demonstrate that the court must reverse its decision and that it has only made equivocal rulings by neglecting or refusing to rule on objections, which must actually be overruled or it does not preserve error? See **Federal Rules of Civil Procedure Rule 51** <u>error is preserved by an implicit ruling.</u> Has or can Appellant demonstrate that the courts have abused its discretion in making its decisions and that any errors assumed to be preserved were reasonably calculated to cause and probably did cause rendition of an improper judgment? In each instance above, the admissibility of evidence in the court can only turn upon the answer to the questions of the existence of the conditions. Since both litigants have submitted evidence and Appellant maintains that the assignee/trustee and its counsel have together abused its discretion to collect on the claims as this constitutes the unauthorized practice of law, then I quote **McCormick §53; Morgan, Basic Problems of Evidence 45-50 (1962)**, that the "Accepted practice, incorporated in the rule of law, has placed on the judge the responsibility for these determinations".

## I.  Matters Before the Court filed by Usir Nynetjer El Bey

1. **Docket # 1** - Notice of Filing of Removal, Notice of Removal From State Court, filed and JS 44 Civil Cover Sheet **12/01/14**
2. **Docket # 2** - Informa Pauperis **filed 12/01/14**
3. **Docket # 3** - Application for Temporary Restraining Order, Preliminary Injunction, Declaratory Relief filed **12/01/14**
4. <u>**Docket # 4** - Lis Pendens filed **12/01/14**</u> – [Ref. Black's Law Dictionary 4th Ed. pg. 1081] **Lis Pendens** – notice of all facts apparent on face of pleadings and exhibits and of all other facts of which they would put a person of ordinary prudence on inquiry.
5. **Docket # 5** - Correction to JS 44 Civil Cover Sheet filed **12/02/14**
6. **Docket # 9** - Notice of Filing/Separate Docket Entries filed **12/15/14**
7. **Docket # 10** Motion & Application for an Order in the Nature of a Writ of Mandamus **12/15/14**
8. **Docket # 11** Notice of Filing/Additional Separate Docket Entries filed **12/17/14**
9. **Docket # 12** Notice of Filing/Additional Separate Docket Entries filed **12/19/14**
10. **Docket # 15** Notice to Court / Claim of Unconstitutionality filed **12/23/14**
11. **Docket # 17** Notice of Counterclaimant's Acceptance and FOIA Requests for Oaths for Justices' and Counsels' filed **1/5/15**
12. **Docket # 18** Counterclaimant's Motion for Joinder of Parties filed **1/5/15**
13. **Docket # 19** Counterclaimant's Brief In Support of Docket Entries [1-5, 9-12, 15, 17-20] With Further Notice of Omnibus Motion (All Independent Matters) filed **1/5/15**
14. **Docket # 20** Counterclaimant's Motion on Objections With Offer of Proof by way of Affidavit/Notice of Commercial Fraud & Memorandum In Opposition of Plaintiff's Filings Docket #'s [7, 8, 13, 14, 16] filed **1/5/15**
15. **Docket # 21** Notice of Counterclaimant's Mistakes & Corrections filed **1/8/15**
16. **Docket # 22** Proof of Service filed **1/8/15**
17. **Docket # 23** Proof of Service filed **1/12/15**
18. **Docket # 25** Pro Se Application for E-Filing filed **1/16/15**
19. **Docket # 28** Petition for Writ of Mandamus filed (against attorneys) with the U.S. Sixth Circuit Court of Appeals.

Appellant has been deprived of his protected constitutional and substantive rights, as a living breathing sentiment man and natural born Citizen and in applying the applicable constitutional and statutory laws to challenge the subject foreclosure proceedings in state court and file a federal complaint and therefore sets to liberate from a void mortgage and assignment and wrongful foreclosure and the U.S. District court's Order to Dismiss and Remand his case back to state trial court, after assignee/trustee through use of its counsel improperly filed its actions in the State of Michigan 36th Judicial District Court under a Landlord Tenant venue.

Accordingly, Appellant sets to liberate from the courts order and notice to remand as no filing exists showing that the assignee/trustee executed and filed a MOTION TO REMAND before the U.S. District Court in accordance with: (1) **Title 28 U.S.C. §1447(c) Procedure after removal generally.** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction **must be made within 30 days** and; (2) The **E.D. of Mich. LR 81.1 Removal of Diversity Actions (d)** if a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, **the plaintiff must include with the motion,** a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate. **(e)** the court will not enter an order to remand on the ground that the amount in  controversy does not exceed the required jurisdictional amount without an opportunity to be heard. **Comment:** Nothing in LR 81.1 is intended to alter the otherwise applicable burden of proof. At both a show cause hearing or hearing on a motion to remand, both parties may file statements of facts supporting their jurisdictional allegations. These statements may be supported by affidavits or documentary evidence. The statements and supporting materials are "papers" within the meaning of **Fed. R. Civ. P. 11**.

Appellant also appeals from the court's decision and makes the claims that the court abused its discretion in failing to use its judicial cognizance and address the specifics in that Appellant's removed action clearly involves diversity of jurisdiction; and exceeds the jurisdictional amount in controversy of $75,000, and by the court failing to acknowledge this specific in particular, the court has abused its discretion in making its decision and issuing its order and notice to remand the proceedings back to the state trial court. "The party seeking removal has the burden of proving the jurisdictional and procedural requirements for removal." **Laughlin v. Prudential Ins. Co., 882 F. 2d. 187 (5th Cir. 1989).** Appellant, to minimize this issue, makes the claim that no such motion to remand has been served upon Appellant that has been prepared for filing by assignee/trustee in the U.S. District court.

Appellant's offers of proof also provide that his citizenship meets the requirements to remove this action to federal court and to stand on his constitutional right as a Citizen **Hales vs. Hinkel supra**, thereby challenging the mortgage loan and assignment as being invalid, null and void, and therefore Appellant thought it appropriate to also Motion the U.S. District court to issue an order in the nature of a Writ of Mandamus. Please reference Docket # 10 attached.

Appellant at all times herein maintains that the U.S. District court abused its discretion by assuming in personam Jurisdiction over Appellant as a litigant; as the Courts are only privileged in gaining personal jurisdiction by agreement (contract) whether oral, tacit, or written, by and through Citizenship/Nationality within the jurisdiction of its government, or through location (address, domicile). To establish **Personam jurisdiction** the courts must prove its jurisdiction over a person whether it is a natural person (living being) or artificial person (fictitious entity or corporate citizen). **In Re: Personam jurisdiction** the Supreme Courts and lower federal and state courts have ruled consistently that a court judgment or general power to adjudicate is not valid without personal jurisdiction over the defendant. A defendant must voluntarily authorize the proceeding of jurisdiction [**Grover & Baker Machine Co. versus Radcliffe 137 U.S. 287 (1890)**], [**Brown vs. Fletcher's Estate 210 U.S. 82 (1908)**].

Appellant at all times herein maintains that the U.S. District court abused its discretion by assuming Appellant to be a citizen of the STATE OF MICHIGAN INC. and to satisfy and strengthen this discretionary act, I apply the old adage Corporator Doctrine to determine if the STATE OF MICHIGAN INC., is operating within the bounds of a Corporate Entity, that has dissolved its Sovereignty as a Republic by referencing the following case law: _Bank of United States v. Planters' Bank of Georgia, 22 U.S. 9 Wheat. 904 (1824)._ The court held that, _"As a member of a corporation, a government never exercises its sovereignty. It acts merely as a corporator"_ and further that _"when a government becomes a partner in any trading company, it divests itself, so far as concerns the transactions of that company, of its sovereign character and takes that of a private citizen."_

Appellant at all times herein maintains that Citizenship and jurisdiction are very important elements in this matter of dispute and those standards for exercising jurisdiction is a responsibility of the litigants, specifically when accessing the rules of the court. As the Supreme Court has also backed this statement and has made this very clear in **Hales vs. Hinkel, 201 US 43, 74-75** "We are of the opinion that <u>there is a clear distinction in this particular between an individual and a corporation</u>, and that the latter has no right to refuse to submit its books and papers for examination on the suit of the State. <u>The individual may stand upon his Constitutional Rights as a Citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or his neighbors to divulge his business, or to open his doors to investigation, so far as it may tend to incriminate him. He owes no such duty to the State, since he receives nothing there from, beyond the protection of his life, liberty, and property. His Rights are such as the law of the land long antecedent to the organization of the state, and can only be taken from him by due process of the law, and in accordance with the Constitution. Among his Rights are the refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except under warrant of law. He owes nothing to the public so long as he does not trespass upon their rights.</u> "Upon the other hand, the corporation is a creature of the state. **It is presumed to be incorporated** for the benefit of the public. **It receives certain special privileges** and franchises, <u>and holds them subject to the laws of the state and the limitations of its charter</u>. Its rights to act as a corporation are only preserved to it as long as it obeys the laws of it creation. <u>There is a reserved right in the legislature to investigate its contracts and find out whether it has exceeded its powers. It would be a strange anomaly to hold that the State, having chartered a corporation to make use of certain franchises, could not in exercise of its sovereignty inquire how those franchises had been employed, and whether they had been abused, and demand the production of corporate books and papers for that purpose.</u> The governing statute that gives a mortgage lender authority to do business in Michigan is in accordance to **MCL 450.1211, 450.1212 and 450.1217** and any other applicable statute not mentioned herein**.**

Appellant at all times herein maintains that any decisions affecting his standing to challenge the subject foreclosure; <u>A decree should enter against those judgments and in conformity with the below statutes and opinions of</u> **Bay County Bar Association v. Finance Systems, Inc. supra,** and <u>for also providing for a permanent injunction restraining the assignee/trustee, their laymen, agents, servants, employees and attorneys from engaging in the unauthorized/unlawful practice of law</u>. To the extent, the assignee/trustee disagrees with the facts set forth herein, and the U.S. District Court cannot simply accept the assignee/trustee version of events as true. Rather, in that event, an evidentiary hearing is required. **See School Bd. of Broward County v. Polera Building Corp., 722 So. 2d 971 (Fla. 4th DCA 1999)**.

Appellant at all times herein maintains that he has made several attempts to secure an explicit ruling admitting or excluding his evidence, that is, a ruling on the record, either in open court, or in writing, that specifically state the court's ruling, i.e., that the objection is overruled or sustained. If the trial court sustains the objection, it will admit the evidence; if it overrules the objection it will not admit the evidence. See **Standard of Review- Wolfe v. Wolfe, 1996, 918 SW2d 533, 542 [Example 10]**. Under Federal Rules of Civil Procedure Rule 51, <u>error is preserved by an implicit ruling</u>. The party to who's objections and evidence offered was overruled still has other options that it must exercise, or it waives the error. If the court does not make an explicit ruling but admits evidence over a specific objection, the court implicitly overruled the objection and the error has been preserved. <u>To preserve error an objection must actually be overruled. If the trial court says that it will rule on the objection later, the statement is not ruling and does not preserve error.</u> **TEIA v. Moore, 1955, 284 SW 2d 175, 178**. If the trial court invites the party to re-urge the objection later, that is not a ruling and <u>does not preserve error</u>. **Bushell v. Dean, 1991, 803 SW2d 711, 712**. If the trial court responds to an objection by saying, "Okay," that is not a ruling and <u>does not preserve error</u>. **Wal-Mart v. Gonzales, 1997, 954 SW2d 777, 782**. [Comment]: These types of rulings are called "equivocal rulings" and any ruling on an objection to evidence that is not "overruled" or "sustained" is an equivocal ruling and <u>does not preserve error</u>. There are a thousand ways a judge can equivocate and the "pro se" [litigant] must be alert to these equivocations at all times and insist that the judge makes a ruling. For instance, it might be stated, "Let the record reflect that an objection to the hearsay testimony of Attorney, Lawyer has been made, but the court has

9

neglected or refused to rule on the objections, this also does not preserve error and the litigant must object to the court's neglect or refusal to rule. The trial court has the discretion to admit or exclude evidence; the appellate court will reverse only on the abuse of discretion standard. See: **National Liab. & Fire Ins. Co. v. Allen, 2000, 15 SW3d 525, 527-28**, and see: **City of Brownsvill v. Alvarado, 1995, 897 SW3d 750, 753**.

## II.  IRREGULARITIES IN: SHERIFF DEED /AFFIDAVIT OF AUCTIONEER and DEPUTY SHERIFF /AUCTIONEER

In addition to the challenges of unauthorized practice of law herein, Appellant makes the claims against the capacity of the alleged Deputy Sheriff [Felicia Mack], Auctioneer [Felicia Mack] and asserts that the FOIA request and/or responses [**Copy 11**] are from credible Municipalities in and for the County of Wayne and have been offered before the U.S. District court and state trial court as proof of the assignee/trustee fraud in its foreclosure by advertisement. The FOIA responses below are conscious shocking and as follows makes available that all necessary procedures in order to carry out the effectiveness in the execution of and the recording of the assignment, auctioning and sale of property and the execution and recording of the Sheriff Deed in and for the County of Wayne have not been followed in accordance with the statutes provided below. "The Court may consider a document that is not attached to a complaint that is part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim [.]" **Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999)**. A court may also consider "matters of public record" when making its determination. For instance, as shown hereafter the:

    (a)   Wayne County Sheriff's Court Division has provided that, "After a diligent search for the requested records [**Sheriff Deed on Mortgage Sale for Felicia Mack**]," "I have determined and certify the records do not exist in the Wayne County Sheriff's Department," (3 pgs.);

    (b)   Office of the County Clerk has provided that, "After a diligent search for the requested records [**BOND for Deputy Sheriff Felicia Mack**]," "I have determined and certify the records do not exist in the Wayne County Sheriff Department," (2 pgs.);

    (c)   Wayne County Treasurer has provided that, "the described FOIA request for public records [**Oath & BOND for Auctioneer Felicia Mack**]," from the Office of the Wayne County Treasurer has been received. This request has been denied, as the Office of the Wayne County Treasurer has no such records, (1 pg.);

    (d)   Wayne County Sheriff's Court Division has provided only Appointments and Oaths for Felicia Mack as a "**SPECIAL DEPUTY SHERIFF**" [Term ending 12/31/12]; [Term ending 12/31/16]. (4 pgs.);

    (e)   Wayne County Register of Deeds has provided that, "the above request has been received and reviewed." After a diligent search for the requested records [**Affidavit of Auctioneer Felicia Mack**], I have determined and certify the records do not exist in this office." (3 pgs.);

    (f)   Office of the County Clerk and Wayne County Sheriff's Office have also provided the Appointments and Oaths for Daniel Pfannes as the past and current "**DEPUTY SHERIFF**" [Recorded 7/28/09 - Term ending 12/31/12]; [Term ending 12/31/16]. (4 pgs.) and;

    (g)   Office of the County Clerk has provided that, "the above request has been received and reviewed." "After a diligent search for the requested records [**Bond for Assignment**]," "I have determined and certify the records do not exist in this department." (2pgs).

In also, challenging the Sheriff Sale and Auctioneer each of the following documents executed Sheriff Deed and Affidavit of Auctioneer [**Example 12**], Appellant asserts that upon a careful analysis, one can conclude that these instruments for example: have not been properly notarized and do not maintain an embossed seal or stamp of a notary public and therefore lacks the aforementioned duties in their administrative functions, by having these instruments acknowledged before a notary public in order to perpetuate its testimony as a certified statutory declaration, which is necessary for certain classes of documents.

(h)  The applicable statutes that governs the required bonding (insuring the liability) of the sheriff, auctioneer is **MCL 51.70, 51.73**; **MCL 446.26 – 446.30; MCL 446.33, 446.35.**

## III.  Michigan Compiled Laws Governing ASSIGNMENTS

(i)  After further review of the statutes below that govern the assignment in accordance with letter (g) above, it clearly states in part and provides that the assignee/trustee are in violation of the following statutes:

(1)  **MCL 600.5201 – (1)** All Assignments are <u>void unless a bond for the faithful performance of the trust by the assignee are filed in the office of the clerk of the circuit</u> court in the county where the assigned property is principally located. **(2)** No such assignment is effectual to convey the title to property to the assignee until such bond is filed, with and approved by said clerk. **(3)** No attachment or execution levied upon any assigned property, before the filing of such bond is valid and does not create any lien upon such property. **(5)** Such bond shall be to the assignor for the benefit of himself and all creditors in a penal sum at least double the value of the assigned property as shown by such inventory and conditioned for the prompt and faithful administration of the trust by the assignee and shall be signed by the assignee and sufficient surety or sureties'.

**Appellant asserts that:** After being provided with the FOIA request that no bond exists, the assignment is void as no bond has been filed with the clerk of the circuit court and no such assignment is effectual to convey title to property and no attachment or execution has been levied upon his property which can be deemed valid to create any lien upon such property and appellant believes that no bond has ever existed and no valid assignment, conveyance or lien exists and has never existed.

(2)  **MCL 600.5205 –** Such assignment shall be deemed to convey to the assignee all property of the assignor. The assignee shall also be the trustee of the estate of the debtor.

**Appellant asserts that:** such assignment cannot be deemed to convey to assignee, his property or no such assignment can be deemed to be property of the assignor MERS because appellant believes that no assignee or trustee exists and has never existed over the estate of the debtor and that none has ever existed

(3)  **MCL 600.5211 – (1)** Among other things the Assignee has the power to: sue in his own name as such assignee, but no suit seeking equitable relief shall be brought by the assignee involving less than $500.00 without the consent of the court. **(5)** Settle all accounts between such assignor and his debtors and creditors.

**Appellant asserts and believes that:** the assignee lacks the power to sue in his own name as such assignee, and has no power to seek equitable relief in the 36th District Court landlord tenant venue and has failed to settle the accounts between the assignor which in turn would settle all accounts with debtor/borrower JOHN SNEAD. See Applicable Statues for the Discharge and Satisfaction of Mortgage in accordance with Michigan's Revised Statute of 1846 Chapter 65. Of Alienation by Deed, and the Proof and Recording of Conveyances, and the Cancelling of Mortgages (**MCL 565.41, 565.42, 565.45 and 565.44**). State law also allows for complete discharge of an obligor/borrower in every state at **UCC Article 3 section 305(a)** which has also been denied.

(4)  **MCL 600.5215 –** As soon as practicable after receiving said assignment, the assignees <u>shall cause an appraisement of such property to be made and filed with the clerk</u>. Within 10 days after completion of the appraisal, the assignee shall apply to the circuit court or the judge thereof for the exercise of its equitable power to direct the disposition of the assets. Such Application shall be by petition. Notice of such application of not less than 10 days shall be given by mail to all creditors and proof thereof filed with the clerk prior to such hearing.

**Appellant asserts that:** no valid assignment has been received to cause appraisement to property which has been filed with the clerk and as required the assignee has not applied to the circuit court or the judge the exercise of its equitable power to direct the disposition of the assets and believes that none exists and has never existed. Appellant believes that no such application has been made by petition and no notice has been made within the required time frame to all creditors with proof filed with the clerk and that none exists and has never existed.

(5)  **MCL 600.5221 –** Within 10 days after receiving such trust, the assignee shall give notice to all creditors personally or by mail (accompanied by blank proof of claim) requiring them to prove their claims within 90 days by a proof of claim to be filed with the assignee.

**Appellant asserts that:** no trust has been received and that the assignee has not given notice to all creditors requiring them to

11

prove their claims by proof of claim and believes that no trust or proof of claim exists and has never existed on file with the assignee. Please reference Usir El Bey's Securitization Audit/PSA Summary Report attached.

(6)   **MCL 600.5255 –** Each proof of claim must be sworn to and must state the actual amount unpaid and owing, the actual consideration thereof, when the same was contracted, when the same has become due, whether any or what securities are held therefore, that the sum claimed is justly owing from the assignor to the claimant, and that the claimant has not, nor any other person for his use, received any security or satisfaction whatever other than set forth in such proof. When the claim is founded upon an account an itemized statement thereof shall be given and when the claim is founded upon any note or similar instrument, a copy thereof shall be attached and the production of the original may be required by the assignee.

<u>Appellant asserts that:</u> no proof of claim has been sworn to showing an actual amount unpaid or owing, and believes that no securities are held or that the sums claimed are justly owed to MERS or the original Lender AWL and Appellant believes that none exists. Appellant also emphasizes that the claims founded upon the borrower's account and promissory note or similar instrument, lacks itemized statements to remand, in which Appellant has also secured those specific requests for the production of the original wet ink signed note or rental agreement and itemized statements that may be required by the assignee, in which appellant also believes that none exists and has never existed. Reference E.D. of Mich. LR 81.1

(7)   **MCL 600.5231 –** The assignee may contest any claim. Any creditor desirous of having a claim contested may by writing, request the assignee to do so or any creditor may petition the court for an order requiring the assignee to contest any claim.

<u>Appellant asserts that:</u> no true assignee has contested his claims and no creditor is desirous in contesting his claims in writing requesting the assignee to do so or that no creditor will petition the circuit court for an order requiring the assignee to contest his claims and Appellant believes that no lawful contests or proof of claim exists and has never existed.

(8)   **MCL 600.5235 –** In all cases of mutual debts or mutual credits between the state of an assignor and a creditor, the account shall be stated and 1 debt shall be set-off against the other and the balance only shall be allowed or paid.

<u>Appellant asserts that:</u> the assignee/trustee failed to prove mutual debts or credits between the assignor and creditor exists which reveals the account showing 1 debt has been set-off against the other and the balance shall be allowed or paid and appellant believes that none exists and has never existed.

(9)   **MCL 600.5241 –** <u>Circuit courts have original jurisdiction to hear and determine matters concerning assignments,</u> commonly called common law assignments for the benefit of creditors, according to the following provisions.

(1)   The circuit court has <u>supervisory power over all matters, questions, and disputes arising</u> under all those assignments except as otherwise provided.

(2)   <u>Upon application of the assignee</u> or of any other interested person <u>the proper circuit court may make all necessary and proper orders for:</u>
(a)   The management and disposition of the assigned property;
(b)   The allowance of claims;
(c)   Re-examination of claims;
(d)   Distribution of assets and avails;
(e)   The recovery of all property claimed by third persons;
(f)   The prevention of any fraudulent transfer or change in the property or effects of the assignor or the allowance or payment of any unjust fraudulent claims,

(3)   On Application of the assignee or any creditor the judge of this court may require the assignor or any person to appear before him and submit to examination under oath upon all matters relating to:
(a)   The disposal of the property of the assignor;
(b)   The assignor's trade and dealings with others and his accounts;
(c)   All debts due or claimed from the assignor;
(d)   Any and all other matters concerning the assignor's property and estate or the concealment and embezzlement of his property and estate, and;
(e)   The due settlement of the estate according to law.

(4)   At any time before the final settlement of the accounts of the assignee the judge of the proper circuit court may

examine the assignee as to all matters appertaining to the estate of the assignor or the administration of the trust and may make any order which he deems proper in regards to costs.

(5)     No power conferred upon the judge by the above subsections (1) through (4) shall be exercised by a circuit court commissioner except under a special reference made by the circuit court.

**Appellant asserts that:** the corporate assignee/trustee and counsel improperly filed its actions in the 36th District Court and improperly asserted its defenses in the U.S. District Court and believes that they have always lacked jurisdiction in personam and subject matter to bring its claims and defenses and that no application by the assignee has been made to the proper circuit court or any such power has been conferred upon a judge or by special reference made by the circuit court for intervening with a verified proof of claim filed by assignee/trustee and appellant believes that none exists and has never existed.

(10)   **MCL 600.5245** – The assignee shall keep a regular account of all money received by him, to which account every creditor shall be at liberty at all reasonable times to have access. Within three months after receiving such trust, the assignee shall file a report in said clerk's office of the condition of the estate, containing a statement of all property received by him and the disposition made thereof, and all moneys received, disbursed and on hand, and shall quarterly make like report covering all matters.

**Appellant asserts that:** the assignee has failed to prove a regular account of all monies received by him, to which account every creditor shall be at liberty to access, and that no trust has been received by the assignee to have filed a report in said clerk's office showing the condition of the estate and property received by the assignee for disposition along with all monies received and disbursed and believes that none exists and has never existed.

(11)   **MCL 600.5261** – In case there is any fraud in the matter of the assignment, or if the assignee fails to file it, or to qualify or to comply with any of the provisions of this chapter, or to promptly and faithfully execute the trust, any person interested therein may bring a civil action in the proper county for the enforcement of the trust. The court may order the summary examination of any party or witness or other proceedings, relative to the matters of the trust, and enforce attendance and the giving of testimony. Proceedings under this chapter, except the contest of claims under section 5231, are equitable in nature.

**Appellant asserts that:** if the assignment is void, no assignee or trust exists and in this case there exists fraud in the matter of the assignment, and no true assignee has filed an assignment or qualified to comply with the provisions of this chapter, nor has any true assignee promptly and faithfully executed the trust named CWABS Inc. Asset-Backed Certificates Series 2004-5, nor has any person interested therein, brought a civil action for the enforcement of the trust and appellant believes that none exists and has never existed. Appellant also asserts that If no valid assignee or trust exists and there exists fraud in the matter of the assignment and non-compliance in the above statutes and provisions herein, then the circuit court would therefore lack subject matter jurisdiction to hear these claims over the instruments; without the assignee applying to the circuit court or the judge, showing the assignee's rights to exercise its equitable power with proof of claim from the creditors for directing the disposition of the assets for the benefit of the creditors.

In short and summary, the above statutes governing the assignment demonstrate that assignments are void unless a bond for the faithful performance of the trust by the assignee are filed in the office of the clerk of the circuit court in the county where the assigned property is principally located and no such assignment can be considered effectual to convey the title to property to the assignee until such bond is filed. Appellant herein honorably requests that the 6th Circuit court of Appeals take **JUDICIAL NOTICE of the fact that**, no valid assignment exists to dispute and even if the Assignment is accepted as true, the documents, statutes and FOIA responses above clearly identifies that the events leading up to and surrounding the execution of the assignment amongst other documents is central to the assignee/trustee's commencing of court proceedings; all in which have not been fully complied with as demonstrated above in paragraphs (a-i) and as provided by the securitization audit attached hereto; the assignor, assignment, assignee and trustee and counsel are all in actuality trespassers of the law, who have executed fraudulent assigned claims by use of the alleged mortgage between the original lender and the borrower JOHN SNEAD and Appellant brings forth that the alleged assignee/trustee herein named BNY MELLON has failed and neglected to sue in his own name as such assignee/trustee in the 3rd Judicial Circuit court of the county of Wayne and instead resorted to the unauthorized practice of law and to collect on its claims through counsel in the 36th District court. The assignee/trustee and counsel have improperly filed its actions in

13

the 36th District Court and have improperly requested the U.S. District court to remand Appellant's removed action back to the state trial court, in which the U.S. District court erred in its decision to do so because the 36th District court has always lacked subject matter jurisdiction over the assigned claims, which helps to understand why its court rules have been rescinded, effective immediately [Emphasis added], and why the Assignee/trustee absent counsel have waived its right in filing its claims before the circuit court in the county of Wayne.

## IV.  UNAUTHORIZED/UNLAWFUL PRACTICE OF LAW CLAIMS

In Michigan, as in most states the unauthorized practice of law is regulated by its State Bar Rules and statutes. Here in Michigan, the applicable unauthorized practice of law rule and statutes are in accordance with the **State Bar Rules of Michigan –Rule 16; MCL 600.916 and 450.681** and the applicable Real Party in Interest statute is **MCL 600.2041. MCL 450.681** provides, in part: <u>It shall be unlawful for any</u> <u>corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this</u> <u>state or before any judicial body, or to make it a business to practice as an attorney-at-law, for any person other than itself.....</u>

In interpreting the Unauthorized Practice of Law Statutes this is left under the control of the courts discretion. It is the cardinal principle of statutory construction that courts must give effect to legislative intent. **Omelenchuk v. City of Warren, 466 Mich 524, 528; 647 NW2d 493 (2002).** When reviewing a statute, courts must first examine the language of the statute. If the intent of the Legislature is clearly expressed by the language, no further construction is warranted. **Helder v. Sruba, 462 Mich 92, 99; 611 NW2d 309 (2000).**

Although formidable, the task of formulating a definition of the practice of law is not impossible. The full meaning of the language in **MCL 450.681** prohibiting the unauthorized "practice of law" and engagement in the "law business" may not be immediately apparent. However, the language is capable of being construed. In order to accomplish that, we review the purpose of the unauthorized practice of law statutes. <u>These purposes are apparent from the regulations governing the legal profession that preceded and coincided with the enactment of the</u> <u>statutes. From them, it is possible to extrapolate a sufficiently accurate definition of the "practice of law" enough to guide parties in their</u> <u>dealings with each other to understand its meaning.</u> Increasing concerns have now developed with I Usir Nynetjer El Bey, that the spread of unlicensed practitioners are causing harm and has now spread into the extrajudicial activities of the court, which is dangerous to myself, and also the public. With the enactment of the unauthorized practicing law statutes and its enforcements becoming effective, its interest in protecting the public from the dangers of unskilled persons practicing law are demonstrated herein. "Citing, **Cramer supra**, "<u>Laymen are</u> <u>excluded from law practice… solely to protect the public.</u>' … <u>It is this purpose of public protection</u> which must dictate the construction that legislation has put on the term "unauthorized practice of law." **Id., at 134**, quoting **Oregon State Bar v. Security Escrows, Inc, 233 Or 80, 87; 377 P2d 334 (1962).**

Some activities are plainly the practice of law. "It is too obvious for discussion" that the <u>conduct of cases in courts" is the practice of law,</u> as is "the preparation of pleadings and other papers</u> incident to actions … <u>and the management of such actions and proceedings on behalf of</u> <u>clients before judges and courts … [.]" **Detroit Bar Assn v. Union Guardian Trust Co, 282 Mich 216, 222 [276 NW 365] (1937),** quoting In re **Duncan, 83 SC 186; 65 SE 210 (1909);** and **Denkema, [supra] at 63**. <u>Doing those things, at least doing them well, demands the unique</u> <u>training and skills of an attorney. It is likewise obvious that, for the same reason, the practice of law includes "the giving of legal advice in any</u> <u>action taken for others in any matter connected with the law," [id.] at 63, even though unrelated to any action in the court.</u> Much of what lawyers do is "performed outside of any court and [has] no immediate relation to proceedings in court," [id] at 64, quoting Opinion of the Justices, **289 Mass 607, 613;194 NE 313 (1934),** and giving competent legal advice requires a lawyer's training and skill.

14

What's even more problematic is the drafting of documents. In **Denkema, supra [at 63]**, our Supreme Court said that the practice of law includes 'the preparation of all legal instruments of all kinds whereby a legal right is secured," and <u>in **Detroit Bar Assn, [supra] at 221**, that Court quoted holdings from other courts</u> which included within the practice of law "the drafting of legal documents of all kinds."

When composing a document requires 'the determination of the legal effect of special facts and conditions," that activity is the practice of law, **[Ingham Co Bar Ass'n v Walter Neller Co, 342 Mich 214, 228; 69 NW2d 713 (1955) (citation omitted).]** "[P]rofound legal knowledge [is] necessary" to properly draft such documents. **Detroit Bar Assn, [supra] at 223 (citation omitted)**. <u>The practice of law does not, on the other hand, encompass drafting "the ordinary run of agreements [used] in the everyday activities of the commercial and industrial world,"</u> **Detroit Bar Assn, [supra] at 229**. <u>Legal training and knowledge are not necessary to properly compose them.</u>

In accepting the assigned claims, the assignee/trustee and its counsel of choice under false pretenses and its traditional method of practice have continuously vindicated the assignment as being valid and that MERS has lawfully and legally assigned the Mortgage to BNYM by written assignment. This undoubtedly constitutes the unauthorized practice of law and the U.S. District Court has considered the assignment as part of the pleadings since the "document has been referred in the state trial court complaint and is central to the assignee/trustee and counsel's claims and defenses [.]" The court has also considered this document as valid and a "matter of public record" while making its determinations and decisions. **Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999).**

This definition "unauthorized practice of law" is in accordance with the purpose of the statutes, and provides for the protection of the public. It maintains the integrity of legal profession without overburdening the normal economic activities with unnecessary restrictions. Also, it provides parties with a common-sense approach to conforming, their conduct so to avoid committing the unauthorized practice of law.

Hence, the courts have consistently rejected the assertion that the Legislature thought that a person practiced law when simply drafting a document that affected legal rights and responsibilities. **Walter Neller, 342 Mich 228- 229; Cramer, 399 Mich 133**. <u>Instead, the courts have found a violation of the unauthorized practice of law statutes when a person counseled another in matters that required the use of legal knowledge and discretion. We agree and reiterate that a person engages in the practice of law when he counsels or assists another in matters that require the use of legal discretion and profound legal knowledge.</u> When trial counsel knows or foresees the possibility of false statements of material facts he/she should testify on behalf of a party about a disputed fact on the issues (not attorney fees), the lawyer should also resolve doubts in favour of preserving the integrity of the evidence [assignment] and decide against continued participation as trial counsel. **See: Warrilow v. Norrell, 1989, 791 SW2d 515, 523 n.10.**

This issue has also been raised in Appellant's evidence attached to his Notice of Removal From State Court. Please reference **Docket# 1 Notice of Removal Copy 2 Exhibit 3/Example 3**. This evidence provided before the U.S. District court indicates that RANDALL S. MILLER & ASSOCIATES P.C. claims are also central to the assignment of mortgage and their preparation and recording of the current sheriff deed and its attachments in this appealed action, which is **valued at $138,709.52**. RANDALL S. MILLER & ASSOCIATES P.C. et al have received Appellant's COMMERCIAL NOTICE by AFFIDAVIT OF NOTICE OF REJECTION OF YOUR OFFER TO CONTRACT WITH MY COUNTER-OFFER OF **CONTRACT # ARNA-UNEB-8913-RMA** (please reference pg. 3 paragraph 10 bullets 3-7) that details my notice made against the unauthorized practice of law and its prohibition in accordance with MCL statutes 450.681 and 600.916. Please also reference Appellant's Unauthorized Practice of Law Complaint filed against the assignee/trustee as an exhibit to my most recent communications filed with the U.S. Sixth Circuit Court of Appeals Writ of Mandamus, Prohibition, and Other Appropriate Relief **[Case No. 15-1065] [Example 13]**, which further justifies my standing and claims as made known in Appellant's filed Notice of Removal from State Court.

**V.  Cases supporting Appellant's standing to further advance in challenging the assigned claims and "Unauthorized Practice of Law"**

In citing, from **Bay County Bar Association v. Finance Systems, Inc. 345 Mich 434, 76 NW2d 23 [Example 14]** please reference:

Pg. 2)    In **Kearns v. Michigan Iron & Coke Co., supra,** a controlling question was whether plaintiff, as assignee was the real party in interest within the meaning of the cited statute entitling him to sue as party plaintiff. We quoted therein from **Poy v. Allan, 247 Mich 385,** to the effect that <u>the real party in interest statute was enacted to protect a defendant from being harassed repeatedly by a municipality of suits for the same cause of action, but that when a defendant's rights are fully protected in the litigation and judgment against him therein will stand as a conclusive adjudication of the rights in controversy and a bar to any further suit by another party, the purpose of the statute has been served.</u> We held, accordingly, that because the plaintiff in Kearns had an assignment such that satisfaction of judgment obtained thereon by him would discharge the defendant from his obligation to the assignor, plaintiff was the real party in interest within the meaning and for the purpose of the statute and, hence, could maintain his suit against any objection by defendant on that score. <u>To hold, however, that a plaintiff meets the test of the real party in interest statute is a far cry from holding that, in bringing</u> **[Page 439]** <u>such suit, he is not engaging in the unauthorized practice of law</u> in violation of CL 1948, Sec. 601.61 (Stat Ann Sec. 27.81); CL 1948, Sec. 450.681 (Stat Ann Sec. 21.311).

Pg. 2)    Defendants cite 3 cases from other jurisdictions to support their contention that the practice in which they are engaged does not amount to the practice of law. **Cohn v. Thompson, 128 Cal App 783 (16 P2d 364); Clark v. Andrews, 109 Cal App2d 193 (240 P2d 330); Washington State Bar Ass'n v. Merchants Rating & Adjusting Co., 183 Wash 611 (49 P2d 26).** Cohn, in which the decision is not that of a court of last resort, on first impression appears to lend support to defendant's position but, as the Tennessee court observed in **State v. James Sanford Agency, 167 Tenn 399, 346, 347 (69 SW2d 895),** the decision in Cohn "was expressly grounded upon a statute of the State of California recognizing the right of a collection agency to carry on its business by 'obtaining in any manner the payment of a claim.' This statutory provision, the court ruled, 'is broad enough to include bringing a suit.' "We have no such statute." <u>**Clark** is not authority for defendants' position and, interesting to note, holds that one who assigns a claim for collection thereby makes the collection agency his agent for the purpose of collection so that he is liable for the consequences of a wrongful attachment by such agent.</u> Decision in Washington Bar Association Case supports defendants, but rests on a narrow construction of a statute being violated in Michigan.

Pg. 2)    "Nothing in this section shall prohibit one unlicensed as an attorney from personally representing their own interest in a cause to which he is a party in his own right and not as assignee."

Pg. 2-3)    Taking note of a provision of the Utah constitution (art 1 sec. 11) that: "No person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party," the court held that if quoted statutory language must be read to prohibit an assignee who is not an attorney from representing himself in court in a suit on the assigned claim, such statutory prohibition would be unconstitutional under the above-quoted provision of the constitution and must be "spelled out of the language" of the act because, as that court went on to say (p388), <u>"in numerous cases we have held that an assignee is a real party in interest even though the assignment be only for the purpose of suit"</u> (citing case). The parallel between the pertinent legal rights and status of assignees in Utah and in Michigan is therefore manifest. In an exceedingly well-reasoned opinion the Utah court held that despite the fact that an assignee for collection purposes only is a real party in interest and thus entitled to sue on the assigned claim and to represent himself in the case, nevertheless such assignment may not be employed to accomplish the unlawful purpose, as the court phrased it, of evading or circumventing the statutory prohibition against the unauthorized practice of law. In recognizing that an assignee for the purpose of collection of a claim in which the assignor retains a beneficial interest may bring suit thereon in individual cases the court pointed out that such holding is not determinative of the [page 441] question of whether the assignee, in doing so, is engaging in the practice of law. We quote with approval from that court's opinion the following (pp 391-394):

Pg. 3)    "The Defendants take the position that constitutional provision, article 1, Sec. 11, discussed above gives them the right to proceed as assignees to do the various things of which the plaintiff's complain. We have already noted that an assignee is party within the meaning of the constitutional provision even though the assignment be only for purpose of bringing suit. But this holding is not determinative of this point. <u>Before one may proceed in the courts to prosecute a claim in which another has a beneficial interest it must be determined whether or not the assignment was made to accomplish an illegal purpose. Section 6-0-24- prohibits the practice of law by laymen. The courts themselves will not permit laymen to appear in court in a representative capacity. The policy of the courts and the legislature in this regard may not be circumvented by subterfuge of a layman taking an assignment to permit him to carry on the business of practicing law.</u>

Pg. 3)    "The **casual assignment** for procedural conveniences falls in an entirely different class. See comment in **Graustein v. Barry, 315 Mass 518 (53 NE2d 568).** The **casual assignment** does not constitute a business of collecting claims for others. Rather such assignments are made for procedural and administrative convenience and permit groups of persons collectively to pursue a similar or common right. There may well be legitimate purposes for the taking of an assignment by one engaged in the business of collecting claims for others. <u>But collection agencies as a part of their business of serving others, clearly should not be permitted to prepare legal papers, commence suits, appear in court, prepare judgments and generally manage law suits for its various customers.</u> See cases last cited. <u>It [Page 442] does not matter what particular form or name they give their procedure the practice of furnishing or performing legal services for another is essentially the same.</u>

Pg. 3)   "When the defendants solicit the placement of claims with them for collection, they are asking third parties to allow them to render the service of collecting the claim. At that time the collection agency has absolutely no interest, either legal or beneficial, in the claim. The only interest they ever get comes by virtue of a promise to prosecute the claim. Courts cannot remain blind to the fact that the assignment of the claim to the defendants for collection is not made as a gratuity. The percentage of the amount collected which is allowed to the defendants is given to them for one purpose only; to compensate them for services rendered in the collection thereof. Where the collection practice involves the preparing of legal papers, furnishing legal advice and other legal services, the compensation allowed must be assumed to be in part allowed to pay for the legal services so rendered. No matter how one looks at it, this constitutes the rendering of legal services for others as a regular part of a business carried on for financial gain. This essential fact cannot be hidden by the subterfuge of an assignment. The assignment itself, if used to permit this practice, is for illegal purpose and one proceeding under such an assignment is not protected by the constitutional provisions giving one the right to appear for the purpose of prosecuting or defending a cause to which he is a party. See comment in **Rae v. Cameron, 112 Mont 159 (114 P2d 1060) (modifying State, ex rel. Freebourn, v. Merchants' Credit Services, Inc. 104 Mont 76 [66 P2d 337])** in which the court noted that such a practice involves the element of an assignment for an illegal purpose.

Pg. 3)   "The taking of an assignment under circumstances such as those detailed above cannot possibly change the essential fact that the defendants are rendering legal services for another for gain. The constitu- [Page 443] tional provision designed to insure the right of a party to appear in his own behalf neither authorizes nor protects the practice of the defendants of rendering legal services to others by adopting the form of an assignment. Though the State will not interfere if an individual desires to conduct his own legal affairs without the aid of counsel, the public interest demands that no person hold himself out to the public as qualified to render legal services for others unless he in fact so qualified. **Bump v. District Court of Polk County, 232 Iowa 623 (5 NW2d 914).**

Pg. 3-4)   "The fact, that the defendants in some instances employ a regularly licensed attorney to prepare necessary legal papers and conduct the trial of a suit does not make their conduct legal. One cannot do through an employee or an agent that which he cannot do by himself. If the attorney is in fact the agent or employee of the lay agency, his acts are the acts of his principal or master. When an attorney represents an individual or corporation, he acts as servant or agent. Since he acts for others in a representative capacity, doing those things which are customarily done by an attorney, he practices law within the meaning of 6-02-24. The same conduct on the part of laymen would likewise be the practice of law, and since said layman would be unlicensed, such practice would be illegal. The prohibition against the practice of law by a layman contained in section 6-0-24 applies alike to the practice by a layman directly and in person and to the indirect practice through an agent or employee. It is immaterial that said layman may select duly licensed attorneys as his agents or employees through whom he practices law. If the attorney be in fact the agent or employee of a layman, his act is that of the layman (his principal). Such principal would be engaging in the **illegal practice of law** if he through such an agent rendered legal services to a third party for compensation and as a regular and customary business practice."

Pg. 4)   The legality of assignments of choses in action with right of the assignee to litigate same in his own name, the right of a party to try his own case in any court, and the fact that appearance by agent in justice court is permitted under our statute are not questioned here. What is questioned is the right of Plaintiff to hold himself out as one specially equipped to render services requiring special legal training and knowledge and the right to make a business of habitually rendering such services under the claimed protection of any propositions.

Pg. 4)   [Page 445] Take the first right of an assignment and of the assignee to bring action in his own name on the assigned chose. The Carson, Pirie Scott Case fairly illustrates an exercise of these rights. It did not involve  in anyway a practice by plaintiff of soliciting claims for litigation or collection, of holding itself out as able to repossess property, or of contracting for the conduct of litigation. Plaintiff in that case was one of several creditors  of the defendant. The claims of others were assigned to plaintiff so all could be sued on in one action. It reveals a legitimate exercise of the statutory powers referred to above.

Pg. 4)   "Other examples could no doubt be imagined. Undoubtedly, one might for example engage in the business of buying claims as investments  and might take assignments of them to himself and maintain actions thereon in his own name. But when he does not purchase the claims and only takes colorable assignment of them so he may render or cause to be rendered legal services to others, and holds himself out as engaged in such practice, it is a quite different matter. In one case he is dealing in property on his own account; in the other he is selling service and merely adopting the guise of an investor to conceal the real nature of his operations.

Pg. 4)   "And so with the right of a plaintiff to try his own lawsuit in any court. If it is really his own litigation, the right is unquestioned and unquestionable. But if it is another's lawsuit or action, placed in plaintiff's name so as to enable him to render service to that other under the pretext of trying his own case, it does not come under the protection of the rule. And if it is done by one who engages in it as a business and holds himself out as peculiarly qualified or equipped, it comes under the ban of illegal practice of law.

Pg. 5)   "So likewise with the argument that because our statute, section 10526, Code of 1939, provides that in justice court either party may appear 'in person or by agent,' appellant is thereby permitted to en- [Page446] gage in the practice regularly of representing clients in justice courts. The conclusion does not logically follow. The **salutary purpose of the statute may not thus be perverted to encourage the growth of a class of "justice court lawyers," unfettered by the rules that bind licensed attorneys and without training in law and ethics.** Such rules are just as important in justice courts as in courts of record – more important, perhaps, because the justice of the peace is

often one untrained in such matters – and certainly such safeguards are not less important by reason of the fact, if it be a fact, that justice courts are 'poor men's courts.' The poor man is entitled to the same professional service as are more favored litigants.

Pg. 5)   "Appellant quite misses or evades the point when he argues: 'But if a transaction involving a single assignment of an account is valid, when and how does it become illegal by reason of repetitions by an assignee with different assignors? If this be the proper test as to when the practice of taking assignments of accounts for the purpose of collection becomes the practice of law, there is no standard set forth in the findings or decree by which a party may test his conduct in order to void encroachment upon the legal field.

Pg. 5)   "It is not a question of volume or number of transactions but of intent to engage in the business or occupation as a profession. The housewife who sells off an item or many items of unwanted furniture does not thereby become a merchant dealer. But if she advertises to her neighbors that she is equipped to render similar service to them and solicits their patronage she becomes one.

Pg. 5)   "And while Volume and number is not the test, evidence of numerous transactions of the same kind tends to throw light on the nature of the individual's activities. When proof of such numerous instances is combined with evidence of solicitation and advertisement asking to be intrusted with the conduct of just such transactions, the conclusion that the indi- [page 447] vidual is regularly engaged in the practice becomes irresistible.

Pg. 5)   "We are convinced the record here shows that appellant is engaged in the illegal practice of law and should be enjoined. Our Conclusion finds ample support in many cases, including our own decision in **Bump v. District Court of Polk County, 232 Iowa 623, 633 (5 NW2d 914, 919)."**

Pg. 5)   Hence, when the defendants herein prosecute such suits, even though as parties plaintiff, they and laymen attorneys representing them also represent, and control the interests of, the assignors. Recognizing as did Utah and Iowa courts in the above cases, the possible propriety of individual and isolated instances of assignments for collection and suit thereon, as in Kearns, or of casual assignments for procedural convenience which permit groups of persons collectively to pursue a similar or common right or one of a defendant's creditors to sue in one action on the claims of all his creditors, we cannot escape the conclusion that engaging in the business of representing the interests of assignors and controlling the proceedings to be taken in suits on assigned claims in which assignors retain an interest, as done by defendants, is engaging in the practice of law. **Detroit Bar Ass'n v. Union Guardian Trust Co., 282 Mich 216.** When this is done by one not licensed as an attorney it constitutes the unauthorized practice of law whether done by him in person or through his agent, regardless of whether the latter be a layman or a licensed attorney.   **Detroit Bar Ass'n v. Union Guardian Trust Co supra; Hightower v. Detroit Edison Co.,** [Page 448] **262 Mich 1 (86 ALR 509); Nelson v. Smith, supra; Bump v. Barnett, supra**.

Pg. 5)   the corporate defendant has engaged in the unlawful practice in Bay County and there is no assurance that it will not continue or commence to do so again. The case against it was improperly dismissed.

Pg. 5)   Decree below reversed and set aside. A decree may enter here in conformity with this opinion providing for a permanent injunction restraining defendants, their agents, servants, employees and attorneys from engaging in the unauthorized or unlawful practice of law in the manner complained of or in any manner whatsoever. Cost to plaintiff.

These circumstances presented for appeal have created a huge financial burden on Appellant, and has caused tort claims to a point that the judges or attorneys may not be willing to report such activity as required by law, because they themselves may be found blameworthy of giving Aid and Comfort due to the assignee/trustee dissatisfaction with the Supreme laws of the Land.

## VI.  ISSUES ON IMMUNITY

**On Immunity of Counsel:**
Prosecutors are entitled to immunity for activities that are "intimately associated with the judicial phase of the criminal process," but a prosecutor engaged in investigative or administrative activities is only entitled to a good faith defense. **Imbler v. Pachtman, 424 U.S. 409, 430 (1976).** See also, **Kalina v. Fletcher, 522 U.S. 118 (1997).**

Supreme Court **Virginia v. Consumers Union, 446 U.S. 719 (1980); Tenney v. Brandhove, 341 U.S. 367 (1951).** However, individual legislative immunity does not apply where the decision is an application of policy to a specific party. In that instance, the act is said to be administrative as opposed to legislative. **Crymes v. DeKalb County, 923 F.2d 1482, 1486 (11th Cir. 1991).**

**Judicial Immunity of Judges:**
See: (1) Civil Rights Vol.4, US Supreme Court Digest Page 555 Judges not totally immune. **(1) 87 SCT 1213 Pierson v. Ray;  (2) 94 SCT 1683 Scheur v. Rhodes; (3) 96 SCT 984 Imbler v. Pathtman; (4) 98 SCT 2018 Monell v. Social SVS; (5) 98 SCT 2894 Butz v. Economov.**

**On absolute Immunity of Judges:**
A complaint is actionable against a judge under Title 42 U.S.C. Sec. 1985 (3), whose immunity does not extend to conspiracy under color of law. Section 1985 (3) reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct.

## VII. Further Notice / Abuse of Discretion / Void Judgments-Orders-Notices

It is also of the essence that Appellant prays that any other appropriated relief be granted as to protect a litigant from a judge's intentional torts. The Court in **Yates v. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962)** held that "not every action by a judge is in exercise of his judicial function.... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a trial court abuses its discretion to act within its judicial functions it becomes liable for any negligence and intentional torts that's described as a civil wrong resulting from an intentional act on the part of the tort feasor. The level of intent required to render a party liable for an intentional tort has been described as "substantial certainty" that the following results would occur. Common law intentional torts include:

(A)  Assault
(B)  Battery
(C)  Slander and Libel
(D)  False Imprisonment
(E)  Intentional Infliction of Emotional Distress
(F)  Trespass to Land
(G)  Trespass to chattels
(H)  Unlawful Conversion

The Supreme Court has held that the Due Process Clause was not intended to supplant tort law, or to become "a font of tort law to be superimposed upon whatever system may already be administered by the states." When a judge does not follow the law in consistency with the judicial functions of the court, the judge loses subject-matter jurisdiction and the judge's intrinsic worth in issuing orders are void, of no legal force or effect. The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." **Von Kettler et al. V. Johnson, 57 Ill. 109 (1870).** Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities." "They are not voidable, but are simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them." "They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." **Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).**

When a judge has a duty to act (under its extrajudicial activities), he does not have discretion – he is then not performing a judicial act, he is performing a ministerial act. **Ministerial Act –** One which a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or exercise of his own judgment upon the propriety of the act being done. **State Tax Commission of Utah v. Katsis, 90 Utah 406, 62 P.2d 120, 123, 107 A.L.R. 1477.** Source: Black's Law Dictionary 4th Ed.

Appellant at all times herein maintains that any decisions affecting his standing to challenge the subject foreclosure should be deemed void not voidable and should be reversed to say the least. Appellant's complaint should not be dismissed unless it appears to a certainty that he would be entitled to no relief under any state of facts that could be proved in support of his complaint. See **Gomez v. Toledo (1980, US 64 L Ed 2d 572, 100 S Ct 1920.** *A judgment to dismiss because of some trumped up technicality giving excuse to dismiss a non-lawyer pro se litigant's complaint with merit is a redress-able issue subject to appeal.* Appellant has filed a removal Pro Se/Pro per, wherein the pleadings are to be considered without regard to technicalities, the pleadings are not to be held to the same high standards of perfection as practicing lawyers. See **Power 914 F2d 1459 (11th Cir. 1990),** and **Hulsey v. Owens 63 F3d 354 (5th Cir. 1995).** In Re: **HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)." "**The court is required to construe Appellant's pro se complaint liberally and hold Appellant's complaint to a less

stringent standard than one drafted by an attorney." **Spotts v. United States, 429 F.3d 248, 250 (6ᵗʰ Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).**

The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented (by assignee/trustee and counsel), its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." **The People v. Brewer, 128 Ill. 472, 483 (1928).**

Respect and confidence in the judicial system depends on not just actual fairness and impartiality, but also on the perception that the system is fair. This includes the public's perception, but starts with that of the litigants'. A judge must not only be impartial, but he should leave the impression of his impartiality upon all who attend court. **Anderson v. State, 287 So. 2d 322, 324 (Fla. 1ˢᵗ DCA 1973).** A judge is held to a high standard of impartiality. "Every litigant is entitled to nothing less than the cold neutrality of an impartial judge." "It is the duty of the Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought into question." **Hayslip v. Douglas, 400 So.2d 553, 557 (Fla. 4ᵗʰ DCA 1981).** Whenever a judge acts where he/she does not have jurisdiction to act, the judge can also be engaged in an act or acts of treason. **U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).** Pursuant to **The Code of Conduct for United States Judges:**

**Canon (1) provides: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY**
**Commentary** Deference to the judgments and ruling of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law. The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, **other court rules** and decisional law, and in the context of all relevant circumstances. The Code is to be construed so it does not impinge on the essential independence of judges in making judicial decisions.

**Canon (2) provides: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES**
**Canon 2A** An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include **violations of law, court rules**, or other specific provisions of this Code.

**Canon (3) provides: A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE FAIRLY, IMPARTIALLY AND DILIGENTLY. (C) Disqualification**. (1) a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. **(D) Remittal of Disqualification**. Instead of withdrawing from the proceeding, a judge disqualified by Canon 3(C)(1) may, except in the circumstances specifically set out in subsection (a) through (e), disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate. The agreement should be incorporated in the record of the proceeding.

**Canon (4) provides: A JUDGE MAY ENGAGE IN EXTRAJUDICIAL ACTIVITIES THAT ARE CONSISTENT WITH THE OBLIGATIONS OF JUDICIAL OFFICE**. A judge shall not participate in extrajudicial activities that detract from the dignity of the judge's office, interfere with the performance of the judge's official duties, reflect adversely on the judge's impartiality, lead to frequent disqualification, or violate the limitations set forth. [(A) Law-related Activities **(5) Practice of Law. A judge should not practice law.**

See also **Michigan Rules of Professional Conduct: Rule 5.5 Unauthorized Practice of Law**

A lawyer shall not:
   (a)  Practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or
   (b)  Assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

In reviewing sections (I-VII as incorporated), one can conclude that only a irrational person would assert that the assignee/trustee and counsel are not familiar with the unauthorized practice of law statutes as provided above in **Bay County Bar Association v. Finance Systems, Inc. supra**, and that a judge is not at all familiar with the conduct of his office or that he is also prohibited from the practice law; and that in any instant matter before a court of the United States,  assignee/trustee, counsel and a judge can create the assumption that during all activities of the assignee/trustee and counsel and all the extrajudicial activities of the judge while in office he/she does not have to be cognitive of the salutary purpose of the statutes governing the assignment and the unauthorized practice of law and that they may not thus be perverted to encourage the practice of law and growth of a class of "justice court lawyers," unfettered by the rules that bind licensed attorneys and without training in law and ethics. As such events would ultimately become actions under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law [Foreclosure by Advertisement statutes, Redemption statutes, federal law or the rules of courts].

**Appellant appeals in accordance with:**

**Title 28 U.S.C. §1447 Procedure after removal generally.—**

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction **must be made** within 30 days after the filing of the notice of removal under section 1446. If any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, **except that an order remanding a case** to the State court from which it was removed **pursuant to section** 1442 or **1443 of this title shall be reviewable by appeal** or otherwise

**Title 28 U.S.C. §1443.— Civil rights cases**

(a) Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)     Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)     For **any act under color of authority** derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Accordingly, Appellant in addition to his appeal, also seeks in accordance with **6th Cir. I.O.P. 21** that a **Writ of Mandamus and Prohibition, and Other Extraordinary Writs** to issue against the U.S. District Court; which has been filed separately, to synchronize with Appellant's Notice of Appeal.

(a) A Party seeking an extraordinary writ may file the petition in paper format with an electronic copy as provided in 6 Cir. R. 25(b)(1) and (3).

(b) Status Report from Respondent. When a petition seeks to expedite a district court or tax court case, this court will request a status report from the respondent judge and send a copy of the request to petitioner.

(c) Petition Raising Substantive Issues. When a petition raises substantive legal issues, this court will invite a preliminary response from respondent and send a copy of the request to petitioner.

21

## VIII. IRREPERABLE HARM SUFFERED

- Appellant establishes herein that there is a reasonable fear that he has not and did not obtain a fair hearing in companion [**Case No. 5:11-cv-14066 Sept. 19, 2011**] and did not obtain a fair hearing in [**Case No. 2:14-cv-14526**] as Appellant has only become subject to intentional torts  which has prejudiced and deprived Appellant of his standing and factual legal findings in which the judge will not and has not been willing to publicly or privately make a legal finding and ruling against the Assignee/trustee absent counsel by sustaining Appellant's objections and offers of proof;

- The assignee/trustee has employed the "**Assignment of Mortgage**" attached and its choices in counsel TROTT & TROTT P.C., MADDIN HAUSER WARTELL ROTH & HELLER P.C. RANDALL S. MILLER & ASSOCIATES P.C. et al, without proof of claim from its creditors in which counsel have knowingly aided in the unauthorized practice of law to accomplish these purposes as several courts have phrased it, as evading or circumventing the statutory prohibition against the unauthorized practice of law. The policy of the courts and the legislature in this regard have ruled that this prohibition not be circumvented by the subterfuge of a layman taking an assignment to permit him to carry on the business of practicing law. **Layman**- one who is not of the legal profession of practicing law;

- It is not a question of volume or number of transactions, but of intent to engage in the business or occupation as a profession. When accompanied proof of such numerous instances (proceedings) is combined with evidence of intent and knowingly aiding in the unauthorized practice of law by advertising, solicitation or acceptance to be entrusted with the conduct of just such transactions, the determining that the Assignee/trustee absent counsel has shown an apparent pattern of being regularly engaged in the unauthorized practice of law;

- There are no constitutional provisions or statutes that denies the Assignee/trustee absent counsel the right to file suit in his name and appear in his own behalf, in fact the state statute (MCL 600.5211) and constitutional provisions are designed to do just that, insure the right of a party to appear in his own behalf, but no provisions authorizes nor protects the practice of the assignee/trustee for rendering legal services to others by adopting the form of an assignment. When this is done by one not licensed as an attorney it constitutes the unauthorized practice of law whether done by him in person or through his agent, **regardless of whether the latter (one not licensed) be a layman or a licensed attorney**;

- Counsel TROTT & TROTT P.C., MADDIN HAUSER WARTELL ROTH & HELLER P.C. and RANDALL S. MILLER & ASSOCIATES P.C. et al, have knowingly aided in the unauthorized practice of law and solicited the placement of these assigned claims with them for collections, thereby guaranteeing the third party corporate assignee/trustee its collection in allowing them to render the services of collecting on and defending its assigned claims. At that time these collection agencies had absolutely no interest, either legal or beneficial, in the claims. The only interest they ever got came by virtue of their promise to prosecute the assigned claims. Courts cannot remain blind to the fact that the assignment of the claim to counsel for collections is not made as a gratuity. See comment in **Rae v. Cameron, 112 Mont 159 (114 P2d 1060) (modifying State, ex rel. Freebourn, v. Merchants' Credit Services, Inc. 104 Mont 76 [66 P2d 337])** in which the court noted that such a practice involves the element of an assignment for an illegal purpose. Where the collection practice involves the preparing of legal papers, furnishing legal advice and other legal services, the compensation allowed must be assumed to be in part allowed to pay for the legal services so rendered. No matter how one looks at it, this constitutes the rendering of legal services for others as a regular part of a business carried on for financial gain. This essential fact cannot be hidden by the subterfuge of an assignment. The assignment itself, if used to permit this practice, is for illegal purpose and one proceeding under such an assignment is not protected by the constitutional provisions giving one the right to appear for the purpose of prosecuting or defending a cause to which he is a party;

- The corporate assignee/trustee has taken its assigned claims and sought counsel(s) legal advice and services in executing, recording the assignment, and thereafter counsel knowingly aided in the unauthorized practice of law by using the assignment to **bring suits and defend against suits** on behalf of the assignee/trustee. As explained in **Bay County Bar Association V Finance System, Inc. supra**. "One might for example engage in the business of buying claims as investments and might take assignments of them to himself and maintain actions thereon in his own name." "But when he does not purchase the claims and only takes colorable assignment of them so he may render or cause to be rendered legal services to others, and holds himself out as engaged in such practice, it is a quite different matter. In one case he is dealing in property on his own account; in the other he is selling service and merely adopting the guise of an investor to conceal the real nature of his operations." See **Bank of N.Y. v. Mulligan, 2008 N.Y. Slip. Op. 31501 (2008) ("The Court is concerned that [the person who  signed the assignment] may be engaged in a subterfuge, wearing various corporate hats...")**;

- Assignee/trustee absent counsel failed to file a motion to remand within 30 days and Appellant appeals for but not limited to those action under color of authority and violations as cited herein. In respect to the Court's Notice of Determination on Motion Without Oral Argument, Order Granting Dismissal and Notice Remanding Case back to State Court; Appellant must reiterate that the state trial court rules have been rescinded and the U.S. District court's determination on motion, included the reviewing of Appellant's Motion & Application for Writ which maintains this undisputable fact; that the lower state trial court rules have been rescinded effective immediately [Emphasis added];

- The assignee/trustee after waiving its rights to the 3rd Judicial Circuit Court over six years ago, has through its counsel caused interruption and delays in Appellant's case and the normal extrajudicial activities that are consistent with the business of the U.S. District court, its court rules and the aforementioned obligations of the attorneys and judge's duties pursuant to the **Michigan Rules of Professional Conduct for Attorneys/Lawyers** and the **Code of Conduct for United States Judges** and all applicable statutes mentioned herein.

## VIII. CONCLUSION

Appellant concludes that, the only court left to hear and address Appellant's claims is the United States District Court. Pursuant to Title 48 Territories and Insular Possessions the federal government has a means and procedure to stop any state court claims in the commercial and financial side. There are way too many constitutional provisions to point out every single provision, but the federal government has the power of "imminent domain" over all lien issues. The constitution for the United States allows Congress to control all issues in equity in a uniform manner throughout the United States and its state enclaves (territories and insular possessions) and that source can be found directly in **Article 1 Section 8** of the United States Constitution. **Article 3 Sec. 2** established courts to deal with all matters in dealing in law and equity. **Article 4** Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. **Article 6** in part, the Constitution and Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, shall be the Supreme law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the Contrary notwithstanding. All executive and judicial officers both of the United States and the several States, shall be bound by Oath or Affirmation, to support this Constitution. **7ᵗʰ Amendment** In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.

Respectfully, Appellant concludes that, at all times herein mentioned the U.S. District court has held **Subject Matter jurisdiction** – jurisdiction over the particular actions committed within its geographical boundaries and the power to grant relief sought in Appellant's removed action. Subject matter jurisdiction has also been established by the borrower interfacing at law or commercially with financial entities subject to the court's jurisdiction. **MCL 445.1633** tells us the jurisdiction is federal, which provides, "A person shall broker, make, or service mortgage loans in accordance with all applicable state and federal laws. Appellant has not requested the court to entertain an action over which it lacks subject matter jurisdiction. Federal courts may not entertain an action over which jurisdiction is lacking. See **Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1892)**.

Due to assignee/trustee violations of the assignments governing statutes, Appellant concludes that, No proper pleadings have ever been presented by the assignee/trustee and counsel as a justifiable issue in either the state trial or federal court proceedings. **Ligon v. Williams, 264 Ill. App 3d 701, 637 N.E. 2d 633 (1ˢᵗ Dist. 1994).** The assignee/trustee and counsel have never stated a cognizable cause of action in their complaints and defenses filed against Appellant in any court proceedings mentioned herein. See **Charles v. Gore, 248 Ill App. 3d 441, 618 N.E. 2d 554 (1ˢᵗ Dist. 1993).** As assignee/trustee and counsel have only brought its foreclosure proceedings under the guise of want of "standing to sue," in other words, it is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple <u>syllogism takes us from there to a well overdue "jurisdictional" dismissal</u>. **Indymac Bank v. Boyd, 880 N.Y.S.2d 224 (2009).**

Appellant concludes that, if the U.S. District court has laws written within its nation, or nation state which governs the actions and has power to grant relief then subject matter jurisdiction may be established. Appellant has met the burden standards of alleging sufficient information to establish a basis for federal subject matter jurisdiction. *Subject matter jurisdiction can never be presumed waived, or construed to be waived, even by mutual consent of the parties, which has two parts: (1) The statutory or common law authority for the court to hear the case, and (2) The appearance and testimony of a competent fact witness – in other words, sufficiency of pleadings. It is power conferred by the* Constitution or by law, **Corby v. Dooley, 313 Ill. App. 509, 40 N.E.2d 581, 584**; *including questions of law as well as fact,* **Schlosser v. Welsh, D.C.S.D., 5 F.Supp. 993, 996.**

Appellant concludes that, any issues with the borrower's mortgage and note are redressable issues before the U.S District Court. The federal court has original jurisdiction over the [removed action] including any breached mortgage and note in value [$76,000] between borrower and AWL that exceeds the amount in controversy of $75,000 [28 USC Sec. 1332] and the breached PSA/Trust Agreement pursuant

to the terms of the PSA; **Glatski v. Bank of America National Association supra**, and that these are issues that truly compels the conclusion that Appellant had/has a right under federal law to challenge those claims made against the borrower. Appellant again reiterates his standing and that the borrower is not a party to the PSA/Trust Agreement or assignment and any issues which relates to the effectiveness of its assigned claims and trust, but these issues do fall within the jurisdiction and authority of the federal government and courts as questionable activity  which includes fraud, and as party of interest, I Usir Nynetjer El Bey ex rel the borrower concludes that, none of the above statutes governing the assignment and trust have been complied with and those specific violations amongst a wide range of others have completely prejudiced I Usir Nynetjer El Bey against asserting his constitutional, natural and substantive rights to seek remedy and relief before the U.S. District Court. Appellant is only required to plead those facts sufficient to show a redress for legal wrong exists. **Dekoven v. Bell, 140 F. Supp.2d 748, 755 (E.D. Mich. 2001)**.

Appellant concludes that, the conversion in the assignee/trustee's assigned claims is largely nonsensical as it seems on its face to be legal and lawful on the apparent basis that the mortgage, note, default, assignment, redemption period and sheriff deed/sale are valid and even if accepted as true; Appellant's removal and all of his filings states sufficient "facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)**.

Appellant concludes that, he has demonstrated before the U.S, District court, that the assignee/trustee and counsel conduct is unlawful and has facial plausibility, factual content that allows any court of the United States to draw the reasonable inference that the assignee/trustee and counsel are liable for the misconduct alleged. **Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)**. An allegation is inherently probable if any reasonable person would believe that the allegation, either on its face or in light of other available evidence, could be true." A review of the evidence and statements made herein and the available complaints (docket entries) discloses that, Appellant's notice of removal and allegations are inherently valid and plausible with factual support.

Appellant concludes that, he has made a clear showing of fraud, or irregularity by the assignee/trustee and its representatives. Id. (**quoting Schulthies v. Barron, 16 Mich. App. 246 (1969)**) and the misconduct relates to but is not limited to the breached and void mortgage loan, breached securitized trust, void assignment, invalid sheriff deed and affidavit of auctioneer, wrongful foreclosure procedures, and the unauthorized practice of law. The assignee/trustee also failed to bring suit in the proper court, in its own name on its assigned claims and on its own behalf and therefore failed to comply with the statutes governing assignments, sheriff deed/sales, auctioneers, and unauthorized practice of law and all the requirements of Michigan's foreclosure by advertisement and redemption statutes which also renders the foreclosure void not voidable.

Appellant concludes that, his allegations satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Complaint/Removal (1) specifies the statements that the Appellant contends were fraudulent, (2) identifies the speaker(s), (3) state where and when the statements were made, and (4) explains why the statements were fraudulent. **Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008)**. At a minimum plaintiff has alleged the time, place and contents of the misrepresentations upon which he or she has relied. Id. (**citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984)**.

Appellant concludes that, Michigan's non-judicial foreclosure procedure allows foreclosures to proceed without documentary evidence based solely on unsworn statements and forged signatures on a recorded Assignment. This procedure is constitutionally defective under **Mitchell v. W.T. Grant Co.** (1974) 416 U.S. 600, 94 S. Ct. 1895, and **Connecticut v. Doehr** (1991) 501 U.S. 1, 115, 111 S.Ct. 2105. Moreover, Assignee/trustee offered no proof that the borrower's loans were assets on the books of BNY MELLON. Appellant's Loan that was

allegedly transferred to the Trust pursuant to the PSA was not listed in any of the documents filed by the Trust and available to the public at [ref. www.edgar.gov.] which raises due process issues in the state trial court proceedings.

The orders granting dismissal in both of Petitioner's federal cases do not address due process. When granting summary judgment, Judge Wright wrote in the **Wilshire** case: "(N)owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal. App.4th 1149, 1155. The Court of Appeal therefore noted that recognizing the right to bring suit to determine whether one is able to proceed with foreclosure 'would fundamentally undermine the non-judicial nature of the process' and allow for lawsuits to be filed solely to delay valid foreclosures. The upshot of *Gomes*, then, is that Michigan's non-judicial foreclosure scheme does not allow a court action to challenge the authorization of a foreclosing entity in a non-judicial foreclosure. "Here, like the borrower in *Gomes*, Usir Nynetjer El Bey Ex rel the borrower JOHN SNEAD has always challenged the foreclosing party's authority to foreclose on the grounds that he does not know the identity of the beneficial interest holder and avers that the foreclosure is improper without authorization from the original lender/creditors. But *Gomes* held that California law does not permit a borrower to challenge the authorization of a nominee to foreclose under these circumstances. See *Gomes*, **192 Cal. App. 4th at 1154–57**. Because the Michigan non-judicial-foreclosure scheme does not allow for a judicial action to determine if the party initiating foreclosure is authorized, Usir Nynetjer El Bey's claim for wrongful foreclosure is precluded by law."

Appellant is informed and believes that BNY MELLON cannot produce an original Note because BNY MELLON does not own the loan and cannot identify the owner of the loan. BNY MELLON did not purchase the loan when it assumed certain assets of the securitized trust named CWABS Inc. Asset-Backed Certificates Series 2004-5, because Countrywide failed to sell the assets to the depositor for a true sale to exist under which BNY MELLON purchased those assets from [depositor] CWABS Inc, a Delaware corporation.

A foreclosure under such a non-judicial statutory scheme is not based on a judgment, yet the privately conducted foreclosure starts a "domino" effect of post-deprivation wrongful takings by allowing evictions, releases of mortgages, and statutory presumptions of validity of the trustee's Sheriff Deed upon sale—all before a post-deprivation action that challenges the validity of the defective foreclosure can be resolved. This is exacerbated when the court requires that the homeowner tender the full amount of the unsubstantiated claim as a condition to a quiet title action. In deciding what process is constitutionally due in various contexts, the Supreme Court emphasizes that "procedural due process rules are shaped by the risk of error inherent in the truth finding process. *Mathews v. Eldridge, supra,* **424 U.S. 319, 344**; *Carey v. Piphus* (1978) **435 U.S. 247, 259**. Fundamental requirements of due process require that Michigan's non-judicial foreclosure statutes be declared unconstitutional, that documentary evidence be required to support all elements of a foreclosure, and that property owners be afforded adequate remedies to redress erroneous deprivations and be protected from wrongful takings. The Supreme Court addressed due process requirements for foreclosure in *Mitchell v. W.T. Grant Co.* (1974) **416 U.S. 600, 616, 94 S. Ct. 1895**, where Louisiana statutory procedures withstood due process scrutiny: "[B]are conclusory claims of ownership or lien will not suffice under the Louisiana statute. Article 3501 authorizes the writ 'only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by verified petition or affidavit. Moreover, in the parish where this case arose, the requisite showing must be made to a judge, and judicial authorization obtained. Mitchell was not at the unsupervised mercy of the creditor and court functionaries. The Louisiana law provides for judicial control of the process from beginning to end. This control is one of the measures adopted by the State to minimize the risk that the ex parte procedure will lead to a wrongful taking. It is buttressed by the provision that should the writ be dissolved there are 'damages for the wrongful issuance of a writ' and for attorney's fees 'whether the writ is dissolved on motion or after trial on the merits.'

"Documentary proof is particularly suited for questions of the existence of a vendor's lien and the issue of default...Louisiana law expressly provides for an immediate hearing and dissolution of the writ 'unless the plaintiff proves the grounds upon which the writ was issued." The fact that a procedure would pass muster under a feudal regime does not mean it gives necessary protection to all property in its modern forms. *Sniadach v. Family Finance Corp.* (1969) 395 U.S. 337, 340; 89 S.Ct. 1820.

If a buyer takes out a loan to purchase a house, he must accept the terms of the Note and Deed of Trust presented by the lender or the title company for signature. The Note and the Deed of Trust are adhesion contracts. The borrower must sign on the dotted line or walk away from the deal. Fundamental elements of *Mitchell's* due process inquiry were reiterated in *Mathews v. Eldridge*, then refocused and again applied in *Connecticut v. Doehr* (1991) 501 U.S. 1, 111 S. Ct. 2105, resulting in a three-part inquiry to guide the Court's analysis. Various types of property interests are involved in these cases, but the Supreme Court is "no more inclined now than we have been in the past to distinguish among different kinds of property in applying the due process clause." *North Georgia Finishing, Inc. v. Di–Chem, Inc.* (1975) 419 U.S. 601, 608; 95 S.Ct. 719. In *Doehr*, as in the instant case, the dispute was between private parties, one of whom sought to rely on a state statute to file a lien on the other's real property. "For this type of case, therefore, the relevant inquiry requires, as in *Mathews*, first, consideration of the private interest that will be affected by the prejudgment measure; second, an examination of the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternative safeguards; and third, in contrast to *Mathews*, principal attention to the interest of the party seeking the prejudgment remedy, with, nonetheless, due regard for any ancillary interest the government may have in providing the procedure or forgoing the added burden of providing greater protections." *Connecticut v. Doehr, supra*, 501 U.S. 1, 11. Federal courts apply a three-part due process inquiry:

1. **Private Homeowner Interests Affected**. For a property owner, attachment clouds title, impairs the ability to sell or otherwise alienate the property, taints any credit rating, reduces the chance of obtaining a home equity loan or additional mortgage, and can place an existing mortgage in technical default. Even temporary or partial impairments to property rights that attachments and similar encumbrances entail are sufficient to merit due process protection. Without doubt, state procedures for creating and enforcing attachments, as with liens, "are subject to the strictures of due process." *Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 85, 108 S.Ct. 896, 899. Michigan homeowners not only face the loss of real property in a foreclosure under MCL 600.3204 by a party that is not required to produce evidence of its right to enforce a security interest in the property, but they also face the risks of erroneous partial impairments of property rights that concerned the Court in *Doehr*. As soon as a foreclosing party files a Notice of Default to commence the foreclosure, the following occurs: (1) the Trustee records the Notice of Default in the office of the County Recorder, creating a cloud on title; (2) the Trustee publishes a Notice of Trustee's Sale, which includes the names of the foreclosing party, the names of the original grantors of the deed of trust, the legal description of the property, and the date of the sale. This creates a stigma for the property and the owner, diminishes the market value of the property, and negatively impacts the homeowner's credit rating. Here, as in *Doehr*, Michigan procedures for enforcing a lien on real property through the foreclosure procedures prescribed in MCL 600.3204 are "subject to the strictures of due process."

2. **Risk of Erroneous Deprivation**. The risks of erroneous deprivation of protected property interests through Michigan's non-judicial foreclosure process are substantial. The provisions of MCL 600.3204 bypass the fundamental documentary evidence foundations on which *Mitchell v. W. T. Grant Co., supra*, relied in upholding Louisiana's statute. Unsworn statements: (1) are nothing more than "bare conclusory claims of ownership or lien;" (2) do not constitute "specific fact shown by verified petition or affidavit;" (3) diminish the "requisite showing [that] must be made to a judge" to a mere unsworn statements; (4) place the homeowner "at the unsupervised mercy of the creditor and court functionaries;" (5) eliminate the need for documentary proof; and, (6) excuse the foreclosing party from proving the grounds upon which the Notice of Trustee's Sale was issued. The risks of erroneous deprivation of real property under these procedures are substantial.

3. **Interests of Foreclosing Party and State**. The interests of the foreclosing party will not be impaired if the due process defects are remedied. The foreclosing party may still enforce a valid lien on real property and will simply have to produce evidence to support its claim. Due process requires documentary proof rather than "bare conclusory claims of ownership or lien" (*Mitchell v. W. T. Grant Co., supra*, 416 U.S. at 616-618, 94 S. Ct., at 1904-1905). To comply with *Mitchell's* due process standard, Michigan courts must take judicial control over the proceedings and require evidence to support claims of right to invoke the power of sale. The required elements of due process minimize unfair or mistaken deprivations by enabling persons to contest the basis upon which a State enables others to deprive them of protected interests. The core of these requirements is notice and a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross examination, and for discovery; that a decision be made based on the record. *Ballard v. Hunter* (1907) 204 U.S. 241, 255; *Palmer v. McMahon* (1890) 133 U.S. 660, 668. Michigan courts and the U.S. District Court have refused to grant homeowners the right to a hearing before an impartial tribunal or an opportunity for confrontation, cross-examination, and discovery. Justice Douglas wrote in a dissenting opinion in *Jackson v. Metropolitan Edison Co.* (1974) 419 U.S. 345, 360: "In *Burton v. Wilmington Parking Authority, supra*

26

365 U.S. 715, we said: "Only by sifting facts and weighing circumstances can the non-obvious involvement of the State in private conduct be attributed its true significance. A particularized inquiry into the circumstances of each case is necessary in order to determine whether a given factual situation falls within "the variety of individual-state relationships which the Fourteenth Amendment was designed to embrace." The non-judicial foreclosure provisions at issue were authorized by state law and were made enforceable by the weight and authority of the State.

The statutory foreclosure requirements that should be followed, but has been intricately avoided by the lender and assignee in pursuit of its non-judicial foreclosure scheme, are made available in intricate detail in MCL§§ 450.1211, 450.1212 and 450.1217 Business Corporation Act; MCL§§ 600.3201… 600.328 Foreclosure of Mortgage by Advertisement and MCL §§ 600.5201….600.5265 Assignments for the Benefit of Creditors. Appellant requests the attorneys to show cause why its continued representation of BNY MELLON should not be prohibited.

"I (**Usir Nynetjer El Bey f.k.a. John Snead**), declare under penalty of perjury under the dejure laws of the United States of America [Republic] and Michigan Republic that the foregoing is true and correct.

_____
[Made Pursuant to the United States Constitution & Title 28 USCA Section 1746]

With Explicit Reservation of ALL Natural Aboriginal Indigenous jurisdictions & Birthrights, Waiving None

_Usir Nynetjer El Bey natural-born Citizen of the Republic_          Authentication-Seal-Signature Counterclaimant

Honorably Appealed, **February 17, 2015**

## Remedy/Relief Sought

- I request remedy/relief from all discriminatory determinations against my status; in that the U.S. District Court must provide proof of its claims that Appellant is a citizen of the Corporate STATE OF MICHIGAN INC. and its basis for making such a determination. A courtesy copy of I Usir Nynetjer El Bey's Genealogy & Tribal Court Name Change Certification(s) – Authenticated Nationality Affidavits – updated personal information identifying his domicile [Passport card/ Nationality ID / Government Employee ID-Tax Exempt / International Native American Driver's License are attached to Appellant's Petition for Writ of Mandamus.

- I request remedy/relief in that the U.S. District Court must review the above statutes governing assignments and after its reviewing of such statutes, it must provide proof of its claims and findings that the 36th District court's has always maintained original jurisdiction over the assigned parties of the assignee/trustee and the courts proof must also include that the assignee/trustee has or has not waived their rights in accessing the circuit court's jurisdiction to hear these matters involving the assignment of mortgage after the assignee/trustee has failed to execute such bond and appraisal in accordance with MCL 600.5201 and MCL 600.5215 and by application to the circuit court showing such power has been conferred upon the judge by special reference made by the circuit court in accordance with MCL 600.5241. The alleged improper conduct herein truly compels the conclusion that Appellant has been denied a right protected under federal law without proof of claim of such creditors.

- I request remedy/relief from the U.S. District Court's [Dismissal and Remand] in the form of a decree being entered in conformity with **Glatski v. Bank of America National Association supra**, thereby reversing the judgment of dismissal and remanding Appellant's case back to the U.S. District Court for further proceedings.

- I am requesting remedy/relief in that the U.S. District court grant me a Rule 26 hearing in support of Appellant's Brief in support of Docket Entries [1-5, 9-12, 15, 17-20] Docket #19 and that the U.S. District court demand the production of the documents specifically the borrower's original wet-ink signed promissory note and the assignee/trustee's Disclosure of Corporate Affiliations and Financial Interest to determine all interested parties; including the issuance of the proper subpoenas to obtain the information requested and that the court grant me a jury trial;

- Since this misconduct is directly associated with the borrower's original mortgage and note and the securitized trust and counterclaimant's property, thus I request the remedy/relief from the U.S. District Court to include the proper joinder of all interested parties as provided in Appellant's Motion for Joinder of Parties Docket #18, and that TROTT & TROTT P.C.; MADDIN HAUSER ROTH WARTELL & HELLER P.C. BANK OF AMERICA N.A.; MERS and any other interest parties of record be added to the discovery who has acted under color of authority and prohibited me from a federal right, privilege or immunity that I am guaranteed under Statute and under title 42 section 1983 of the United States Code; in order to determine (via Proper subpoena and or discovery requests) whether the banks/financial institutions or the attorneys', and any other interest parties ever had a valid interest and jurisdiction to sue and/or defend against actions and to allow for the financial entities and all attorneys' and any other interested parties to answer any violations cited, in respect to the financial entities and all counsels' claims of interest. The joinder of parties shall also include CHICAGO TITLE INSURANCE COMPANY per the attached Title Insurance Policy and correspondence

Affirmation to Notary of Failure to Defend, Reinstate Title Policy & Make Payment [**Example 15 (8 pgs.)**]. Please Reference Usir El Bey's Securitization Audit/PSA Summary Report pg. 11 sec. (vi); [**the Depositor also failed to receive the homeowner's Title Insurance Policy for delivery to the Co-Trustee**].

- I request remedy/relief in the form of a decree being entered on the Court's own Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

- I request remedy/relief in the form of a decree being entered in conformity with the opinion of **Bay County Bar Association v. Finance Systems, Inc. supra,** to secure an explicit ruling admitting or excluding evidence, that is, a ruling on the record, either in open court, or in writing, that specifically state the court's ruling, i.e., that Appellant's filings and objections are sustained.

- I request remedy/relief in the form of a decree being entered in conformity with the opinion of **Bay County Bar Association v. Finance Systems, Inc. supra,** for the **reversal of judgments** in the state and federal court. To obtain a reversal of judgment based upon a trial court's decision to admit or exclude evidence, a litigant must show (1) the trial court abused its discretion in making a decision (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment." In Texas Supreme Court **Gee v. Liberty Mutual Fire Insurance Company, 765 S.W. 2d 394 (Texas 1989); Tex.R.App.P81(b)(1)** "The Texas supreme court has recognized that it is impossible to prescribe a specific test for making the latter determination, and call it a "judgment call entrusted to the sound discretion and good sense of the reviewing court." **Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 821(Tex. 1980).** This judgment call may be made of the entire case. It has been held that when the evidence is sharply conflicting and the case is hotly contested, any error of law by the trial court will be reversible error under rule 81(b)(1) of the Texas rule of appellate procedure. **Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 821 (Tex. 1980); Nix v. H.R. Management Co., 733 S.W.2d, 573, 576.**

- I request remedy/relief in the form of a decree being entered in conformity with the opinion of **Bay County Bar Association v. Finance Systems, Inc. supra,** the assignee/trustee and counsel have engaged in the unlawful practice of law and there is no assurance that it will not continue or commence to do so again. Appellant's case was improperly dismissed and I request that the U.S. District Court's order and remand be reversed and set aside providing for a permanent injunction restraining assignee/trustee, their agents, servants, employees and attorneys from further engaging in the unauthorized or unlawful practice of law in the manner complained of or in any manner whatsoever complained of herein including in accordance with the following docket entries:

A. **Temporary Restraining Order [Docket # 3]** – Without immediate intervention from the U.S. District Court and Sixth Circuit Court of Appeals, Appellant's family would become subject to eviction and homelessness. The standard for injunctive relief is satisfied [ref. **MCL statutes governing assignments**]. *If there is any equitable defense against foreclosure, those interested in the property being foreclosed by advertisement may apply to the proper court to enjoin the proceedings, such as to compel a foreclosure by action.* **Larson v. Guaranty Trust Co. of Detroit, 248 Mich. 211, 226 N.W. 819 (1929).** *For instance, if one mortgagee is pursuing a judicial foreclosure and another is engaged in a foreclosure by advertisement and sale, the mortgagee seeking the judicial foreclosure, on becoming aware of the foreclosure by advertisement, may seek to enjoin the sale.* **Church & Church Inc. v. A-1 Carpentry, 281 Mich. App. 330, 766 N.W.2d 30 (2008), aff'd on other grounds, 483 Mich. 885, 759 N.W.2d 877 (2009).** *An injunction may also be obtained where it would be inequitable to permit a foreclosure by advertisement to cloud titles.* **In re Chaffee, 262 Mich. 291, 247 N.W. 186 (1933).** *A district court has jurisdiction to hear and determine equitable claims and defenses raised by a mortgagor in a summary proceeding to recover possession of the mortgaged property following foreclosure by advertisement.* **Manufacturers Hanover Mortg. Corp. v. Snell, 142 Mich. App. 548, 370 N.W.2d 401 (1985).** *The party foreclosing the mortgage may be either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.* **Arnold v. DMR Financial Services, Inc., 448 Mich. 671, 532 N.W.2d 852 (1995).** *An assignee may foreclose by advertisement and sale only if the assignment of the mortgage is recorded properly.* **Canvasser v. Bankers Trust Co. of Detroit, 284 Mich. 634, 280 N.W. 71 (1938).** *There are three prerequisites to obtaining injunctive relief (Acer Paradise, Inc. v. Kalkaska County Road Com'n, 262 Mich. App. 193, 684 N.W.2d 903 (2004); Higgins Lake Property Owners Ass'n v. Gerrish Tp., 255 Mich. App. 83, 662 N.W.2d 387 (2003):* (1) justice must require that the court grant the injunction; (2) there must be no adequate remedy at law; and (3) there must be a real and imminent danger of irreparable injury. *Injunctive relief is proper where a litigant has shown that the Plaintiff's actions would cause him irreparable harm and that the litigant has no adequate remedy at law.* **Azzar v. Primebank, FSB, 198 Mich. App. 512, 499 N.W.2d 793 (1993).** *The courts grant or withhold injunctive relief depending on the accomplishment of an equitable result in light of all the circumstances surrounding the particular case.* **Oosterhouse v. Brummel, 343 Mich. 283, 72 N.W.2d 6 (1955).** *An injunction should not issue out of hand but should issue in cases where the right to such relief is clearly established.* **Saier v. Joy, 198 Mich. 295, 164 N.W. 507 (1917).** *Furthermore, it must appear that the litigant is equitably and in good conscience entitled to relief by injunction.* **Campau v. National Film Co., 159 Mich. 169, 123 N.W. 606 (1909).**

B. **Lis Pendens [Docket# 4]** – [Ref. Black's Law Dictionary 4th Ed. pg. 1081] – *notice of all facts apparent on face of pleadings and exhibits and of all other facts of which they would put a person of ordinary prudence on inquiry.* Ben

*Williamson & Co. v. Hall*, 290 Ky. 672, 161 S.W.2d 905, 907. *Notice of pendency of suit and warning to anyone interested to examine proceedings*. *Harris v. Lipson*, 167 Va. 365, 189 S.E. 349, 352, 108 A.L.R. 912. [Reiterated] See secured interest of USIR EL BEY TRUST U/A (Unincorporated Association) via [Quit Claim Deed, UCC-1 Financing Statement, Amendment, 1st to pages of International Irrevocable Trust Agreement] [ref. Notice of Removal Copy 2]. My Unincorporated Association has also sustained irreparable harm as my property has become unmarketable and Appellant has suffered a loss in the advancement of his husbandry and business operations in not being able to rent or sale his property at his own discretion as there still exists a "cloud in title" to his property;

- I request remedy/relief in the **Motion & Application for Order/Writ of Mandamus [Docket #10] –** as requested for prohibiting the inferior court's from proceeding any further over the assignee/trustee and counsel's claims after removal of the case in accordance with 28 U.S.C. § 1446(d) and for lack of subject matter jurisdiction as the 36th judicial district court rules have been rescinded effective immediately [Emphasis added] and to the extent the assignee/trustee failed to comply with the statutes governing the assignment and has waived its right in accessing the proper circuit court in and for the county of Wayne and Appellant requests that decree be entered in conformity with the statutes governing the assignment;

- I request remedy/relief in the form of a decree being entered in conformity with the statutes governing the assignment and the opinion of **Bay County Bar Association v. Finance Systems, Inc. supra,** for the dismissal and the severing of all assignee/trustee and counsel's defenses filed before the U.S. District court, that constitutes the unauthorized practice of law;

- I request remedy/relief in the form of a decree being entered thereby, demanding the joinder of parties as the court deems necessary; for enjoining any party as plaintiff who has attempted to assert a claim on behalf of its assignment and assigned claims;

- I request remedy/relief in the form of a decree being entered in conformity with the opinion of **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP, vs. LINDA A. NASH, et al  supra.** With ALL Costs to Appellant. I request the remedy/relief sought for damages at a later date as it is too early to decide upon the injuries incurred and the amount to be awarded, but upon proper discovery a sum certain (**$** to be determined) for any civil liabilities and damages for the irreparable harm can be exhausted before the U.S. District Court; including a complete list of all parties to be enjoined in the proceedings;

- I request that a decree be entered in conformity with all constitutional, state and federal statutes, authorities and decrees mentioned herein; thereby granting any other appropriate remedy/relief that the U.S. Sixth Circuit Court of Appeals may find justifiable under constitutional, natural and contract law.

"I Usir Nynetjer El Bey declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Made Pursuant to the United States Constitution & Title 28 USCA Section 1746]

Extraneous location/address for U.S. Sixth Court of appeals to communicate:
c/o 16734 Lamphere
Detroit, Michigan [48219]

Honorably Appealed, **February _17_, 2015**

D JOHNSON EL BEY
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires February 8, 2021
Acting in the County of _Wayne_

All Rights Reserved

Usir Nynetjer El Bey natural/born Citizen of the Republic

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

State Republic **Michigan**
County/Borough/Parish **Wayne**
This document was acknowledged before me on **02/_17_/2015** [Date]

_____
(Signature of Officer)
My commission expires: **02/08/2021**

### LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim.  In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. **Tampering with a witness, victim, or an informant**. The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department.  Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

29

## Certificate of Service

I (I Usir Nynetjer El Bey (**U.S. National Citizen 8 USC 1401(b)**) ex rel (Borrower/14**th** Amendment citizen JOHN SNEAD) Certify that on Date: **February 18, 2015** I served **Appellant's Informa Pauperis, Notice of Appeal form and Appellant's Notice of Appeal Pursuant to 28 USC § 1447(d) and 28 USC § 1443(a)(1)(2) w/attached [Examples 1-15]** via filing with the U.S. District Court clerk of the Eastern District of Michigan and other registered agents thereof; after attempting to file (Notice of Appeal) electronically on February 17, 2015 using the ECF E-Filing system as a participant, Appellant was unsuccessful and encountered technical problems with his Login and Password as being invalid. Cc: will also be filed with the clerk of the 36**th** Judicial District Court and the registered agents thereof and will be provided in a proof of service that service has also been made complete via USPS Certified Mail Return Receipt requested to the counsels of state and federal court at the following addresses below:

MADDIN HAUSER ROTH WARTELL & HELLER P.C.
Mark Plaza (P66038)
Martin Frenkel (P49283)
28400 Northwestern Highway Third Floor
Southfield, MI 48034-1839
USPS Certified Mail # 7012 1010 0001 2733 **4284**

TROTT & TROTT P.C.
Donald King (P55358)
Ryan Barr (P68047)
Rana D. Razzaque (P62627)
31440 Northwestern Highway Suite 200
Southfield, MI 48334
USPS Certified Mail # **7012 1010 0001 2733 4314**

"I certify to the fact that **Appellant's Informa Pauperis, Notice of Appeal form and Appellant's Notice of Appeal Pursuant to 28 USC § 1447(d) and 28 USC § 1443(a)(1)(2) w/attached [Examples 1-15]** was served upon the above parties."

"I Usir Nynetjer El Bey (**U.S. National Citizen 8 USC 1401(b)**) ex rel (Borrower/14**th** Amendment citizen JOHN SNEAD) declare under penalty of perjury under the dejure laws of the United States of America and of State of Michigan that the foregoing is true and correct.

_____

[Made Pursuant to the United States Constitution & Title 28 USCA Section 1746]

All Rights Reserved

Authentication Seal Signature

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

State Republic **Michigan**
County/Borough/Parish **Wayne**

This document was acknowledged before me on **02/17/2015** [Date]

(Signature of Officer)
My commission expires: **02/08/2021**

> D JOHNSON EL BEY
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF WAYNE
> My Commission Expires February 8, 2021
> Acting in the County of _____

### LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. **Tampering with a witness, victim, or an informant**. The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

# Example 1

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BANK OF NEW YORK MELLON,

     Plaintiff,

                             Case No. 14-14526

v.

                             Hon. John Corbett O'Meara

JOHN SNEAD, et al.,

     Defendants,

and

USIR N. EL BEY F.K.A. JOHN SNEAD,

     Counter-Plaintiff,

v.

THE BANK OF NEW YORK MELLON,

     Counter-Defendant.

_____/

## ORDER DISMISSING COUNTER-COMPLAINT
## AND REMANDING CASE TO STATE COURT

     Defendant/Counter-Plaintiff Usir N. El Bey, formerly known as John Snead

("Defendant"), removed this action from state district court and filed a counter-

complaint on December 1, 2014. Defendant has also filed several motions,

including a motion for a temporary restraining order and a writ of mandamus.

Plaintiff/Counter-Defendant Bank of New York Mellon ("Plaintiff" or "BNYM")

has moved for dismissal of the counterclaims and remand.

## **BACKGROUND FACTS**

This case involves an alleged wrongful foreclosure on Defendant's property at 16734 Lamphere Street, Detroit, Michigan.  In 2004, Defendant (then known as John Snead) obtained a loan in the amount of $76,000 from America's Wholesale Lender ("AWL").  As security for the note, Defendant granted a mortgage to MERS as nominee for AWL. Pl.'s Ex. 5.  MERS assigned the mortgage to Plaintiff BNYM in 2009.  Pl.'s Ex. 6.

Defendant defaulted on the loan and a foreclosure sale was held on February 16, 2011.  In this court, Defendant filed an action to set aside the foreclosure sale on September 19, 2011.  The court found the action to be barred by *res judicata* and because the redemption period had expired.  The court entered judgment for BNYM and the other defendants in that case in 2012.

However, BNYM determined that the foreclosure sale was "inadvertently held" and recorded an affidavit expunging the sheriff's deed on June 10, 2013.  After notice was provided to Defendant, a second foreclosure sale was held on September 19, 2013, at which time BNYM purchased the property for $138,709.52.  The redemption period expired on March 19, 2014; Defendant did not redeem the property.

On November 10, 2014, BNYM filed a complaint to recover possession of

the property in 36th District Court.  Defendant answered the complaint and filed a

notice of removal to this court.  The notice of removal presents counterclaims

involving allegations of breach of contract and wrongful foreclosure against

BNYM.  Defendant also seeks an injunction or writ of mandamus requiring the 36th

District Court to stay the eviction action.  BNYM seeks dismissal of Defendant's

counterclaims and remand of the eviction action to 36th District Court.

## LAW AND ANALYSIS

### I.     Injunctive Relief/Mandamus

The court will deny Defendant's request for injunctive relief and/or

mandamus, for two reasons.  First, the request is moot, given that the 36th District

Court stayed the eviction action on December 15, 2014.  Second, pursuant to the

Anti-Injunction Act, this court does not have the authority to enjoin a state court

action under these circumstances.  See 28 U.S.C. § 2283; Cragin v. Comerica

Mortg. Co., 1995 WL 626292 (6th Cir. Oct. 24, 1995) ("28 U.S.C. § 2283 generally

precludes federal injunctions that would stay pending foreclosure proceedings in

the state courts.").

### II.    Counterclaims

Defendant makes several allegations – breach of the mortgage contract,

breach of the trust agreement, and irregularities in the sheriff's deed – all to the

point that the sale is invalid and should be set aside. To the extent Defendant's

allegations are true, they do not permit the court to set aside the foreclosure sale,

particularly in light of the fact that the redemption period has expired.

Foreclosures by advertisement are governed by statute under Michigan law.

See M.C.L. § 600.3201 *et seq.* The applicable statute provides that the mortgagor

has six months after the sheriff's sale to redeem the property. M.C.L. § 600.3240.

"If a mortgagor fails to avail him or herself of the right of redemption, all the

mortgagor's rights in and to the property are extinguished." Bryan v. JP Morgan

Chase Bank, 304 Mich. App. 708, 713 (2014). See also M.C.L. § 600.3236.

Once the redemption period expires, "the ability for a court to set aside a

sheriff's sale has been drastically circumscribed." Conlin v. MERS, 714 F.3d 355,

359 (6th Cir. 2013). "Michigan courts have held that once the statutory redemption

period lapses, they can only entertain the setting aside of a foreclosure sale where

the mortgagor has made 'a clear showing of fraud, or irregularity.'" Id. (citation

omitted).

In order to overcome this high hurdle and toll the redemption period, the

mortgagor must show fraud in connection with the foreclosure sale itself. Id.

Further, "to set aside the foreclosure sale, plaintiffs must show that they were

prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Kim v. JP Morgan Chase Bank, 493 Mich. 98, 115-16 (2012).

Sifting through Defendant's various allegations, it is clear that he has not alleged actionable prejudice – for example, that he is subject to double liability or that he would have been in a better position to keep his property absent the alleged irregularities. See Conlin, 714 F.3d at 362. Absent such allegations, Defendant's claims premised on an improper foreclosure must fail. The court will dismiss Defendant's counterclaims.

## III. Remand

Defendant removed the eviction action based upon diversity jurisdiction. Removal was improper because Defendant is a Michigan resident who cannot remove a diversity action to a Michigan federal court. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed is any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Therefore, the court will remand the eviction action to 36th District Court.

-5-

## ORDER

IT IS HEREBY ORDERED that BNYM's motion to dismiss counterclaims is GRANTED.

IT IS FURTHER ORDERED that all other pending motions are DENIED.

IT IS FURTHER ORDERED that the eviction action is REMANDED to 36th District Court.

s/John Corbett O'Meara
United States District Judge

Date: January 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 20, 2015, using the ECF system.

s/William Barkholz
Case Manager

-6-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BNY Mellon,

                                        Plaintiff(s),

v.                                                                Case No. 5:14-cv-14526-JCO-MJH
                                                                  Hon. John Corbett O'Meara

Usir N. El Bey [E-Filer],

                                        Defendant(s).

_____

**NOTICE OF REMAND**

TO:  36TH DISTRICT COURT


        Enclosed are certified copies of the Order of Remand and this Court's docket sheet.

        Please acknowledge receipt of these documents by returning a time-stamped copy of this
Notice to:

                        Clerk's Office
                        U.S. District Court for the Eastern District of Michigan
                        231 W. Lafayette Boulevard, 5th Floor
                        Detroit, Michigan  48226
                        (313) 234-5005




                                        **Certification**

        I hereby certify that this Notice was electronically filed, and the parties and/or counsel of
record were served.

                                DAVID J. WEAVER, CLERK OF COURT


                                By: s/ D. Peruski_____
                                    Deputy Clerk

Dated:   January 20, 2015

# Example 2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BNY Mellon,

                              Plaintiff(s),

v.                                              Case No. 5:14-cv-14526-JCO-MJH
                                                Hon. John Corbett OMeara

Usir N. El Bey,

                              Defendant(s),

_____

## NOTICE OF DETERMINATION OF MOTION
## WITHOUT ORAL ARGUMENT

The following motion(s) have been filed:

> Motion for Writ of Mandamus – #10
> Motion to Dismiss – #13
> Motion to Strike – #16
> Motion – #18
> Motion – #20

Pursuant to Eastern District of Michigan LR 7.1(f)(2), the motion(s) will be determined by District Judge John Corbett O'Meara *without* oral argument.

Response and reply briefs shall be filed in accordance with Eastern District of Michigan LR 7.1(e).

Courtesy copies shall be provided directly to chambers as soon as possible.

### Certificate of Service

I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

                              By: s/W. Barkholz
                                  Case Manager

Dated:  January 15, 2015

# **Example 3**

CLOSED,IFP,PROSE_EFILER,reassigned

# U.S. District Court
## Eastern District of Michigan (Ann Arbor)
## CIVIL DOCKET FOR CASE #: 5:14-cv-14526-JCO-MJH

BNY Mellon v. El Bey
Assigned to: District Judge John Corbett O'Meara
Referred to: Magistrate Judge Michael J. Hluchaniuk
related Case: 5:11-cv-14066-JCO-MJH
Case in other court: 36th District Court, 14329864
Cause: No cause code entered

Date Filed: 12/01/2014
Date Terminated: 01/20/2015
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

## **Plaintiff**

**BNY Mellon**
*as Trustee for CWABS Inc Asset-Backed*
*Certificates Series 2004-5 [Trust]*

represented by **Donald J. King**
Trott and Trott
31440 Northwestern Highway
Suite 200
Farmington Hills, MI 48334
248-642-2515
Fax: 248-205-4118
Email: dking@trottlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark E. Plaza**
Maddin, Hauser,
28400 Northwestern Highway
Suite 300
Southfield, MI 48034
248-208-0710
Email: mplaza@maddinhauser.com
*ATTORNEY TO BE NOTICED*

**Martin S. Frenkel**
Maddin, Hauser,
28400 Northwestern Highway
Suite 300
Southfield, MI 48034
248-354-4030
Fax: 248-359-6141
Email: msf@maddinhauser.com
*ATTORNEY TO BE NOTICED*

V.

## **Defendant**

**Usir N. El Bey [E-Filer]**
*formerly known as*
John Snead

represented by  **Usir N. El Bey [E-Filer]**
16734 Lamphere
Detroit, MI 48219
313-989-5244
Email: usirelbey@yahoo.com
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2014 | 1 | NOTICE OF REMOVAL by Usir N. El Bey from 36th District Court, case number 14329864. (Attachments: # 1 Document Continuation, # 2 Document Continuation, # 3 Document Continuation) (DTyl) (Entered: 12/01/2014) |
| 12/01/2014 | 2 | APPLICATION to Proceed without prepaying fees or costs by Usir N. El Bey. (DTyl) (Entered: 12/01/2014) |
| 12/01/2014 | 3 | APPLICATION for Temporary restraining order, preliminary injunction and declaratory relief by Usir N. El Bey. (DTyl) (Entered: 12/01/2014) |
| 12/01/2014 | 4 | NOTICE of pendency of action by Usir N. El Bey (DTyl) (Entered: 12/01/2014) |
| 12/02/2014 | 5 | Counterclaimant's Correction to JS 44 Civil Cover Sheet by Usir N. El Bey (SSch) (Entered: 12/03/2014) |
| 12/03/2014 | 6 | ORDER REASSIGNING CASE from District Judge Bernard A. Friedman and Magistrate Judge Mona K. Majzoub in Detroit to District Judge John Corbett O'Meara and Magistrate Judge Michael J. Hluchaniuk in Ann Arbor. (SSch) (Entered: 12/03/2014) |
| 12/09/2014 | 7 | ATTORNEY APPEARANCE: Mark E. Plaza appearing on behalf of BNY Mellon (Plaza, Mark) (Entered: 12/09/2014) |
| 12/09/2014 | 8 | ATTORNEY APPEARANCE: Martin S. Frenkel appearing on behalf of BNY Mellon (Frenkel, Martin) (Entered: 12/09/2014) |
| 12/15/2014 | 9 | NOTICE of Filing of Counterclaimant's Separate Docket Entries by Usir N. El Bey (LHos) (Entered: 12/15/2014) |
| 12/15/2014 | 10 ■ | MOTION for Writ of Mandamus [ENTITLED Counterclaimant's Motion & Application for an Order in the Nature of a Writ of Mandamus or Other Appropriate Relief] by Usir N. El Bey. (LHos) (Entered: 12/15/2014) |
| 12/17/2014 | 11 | NOTICE of Filing Counterclaimant's Additional Separate Docket Entries by Usir N. El Bey. (LHos) (Entered: 12/17/2014) |
| 12/19/2014 | 12 | NOTICE of Filing of of Counterclaimant's Additional Separate Docket Entries by Usir N. El Bey. (LHos) (Entered: 12/22/2014) |
| 12/22/2014 | | TEXT-ONLY CERTIFICATE OF SERVICE re 6 Order of Reassignment/Disqualification on Usir N. El Bey at 16734 Lamphere, Detroit, MI 48219. [previously not annotated on the docket] (ATee) (Entered: 12/22/2014) |
| 12/22/2014 | 13 | MOTION to Dismiss by BNY Mellon. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit |

| | | |
|---|---|---|
| | | 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14) (Plaza, Mark) (Entered: 12/22/2014) |
| 12/22/2014 | 14 | RESPONSE to re 3 Application filed by BNY Mellon. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16) (Plaza, Mark) (Entered: 12/22/2014) |
| 12/23/2014 | 15 | NOTICE to Court/Claim of Unconstitutionality Pursuant to E.D. of Mich. LR 9.1 by Usir N. El Bey. (LHos) (Entered: 12/23/2014) |
| 12/29/2014 | 16 | MOTION to Strike 10 ■ MOTION for Writ of Mandamus by BNY Mellon. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3) (Plaza, Mark) (Entered: 12/29/2014) |
| 01/05/2015 | 17 | NOTICE of Counterclaimant's Acceptance of Oaths for Justices' and Counsels' w/attached FOIA Requests by Usir N. El Bey (SOso) (Entered: 01/05/2015) |
| 01/05/2015 | 18 | MOTION for Joinder of Parties/Pleading on Reasons for Non-Joinder Pursuant to F.R. of Civ. P. - Rule 19 by Usir N. El Bey. (SOso) (Entered: 01/05/2015) |
| 01/05/2015 | 19 | SUPPLEMENTAL BRIEF in Support of Docket Entries re 17 Notice (Other), 10 ■ MOTION for Writ of Mandamus, 18 MOTION for Joinder of Parties/Pleading on Reasons for Non-Joinder Pursuant to F.R. of Civ. P. - Rule 19, 1 Notice of Removal, 15 Notice (Other), 5 Errata Sheet, 2 Application to Proceed Without Prepaying Fees or Costs, 11 Notice (Other), 4 Notice (Other), 12 Notice (Other), 3 Application, 9 Notice (Other) With Further Notice of Omnibus Motion (All independent Matters) filed by Usir N. El Bey. (SOso) (Entered: 01/05/2015) |
| 01/05/2015 | 20 | MOTION on Objections/Requests With Offer of Proof by way of Affidavit/Notice of Commerical Fraud & Memorandum In Opposition of Plaintiff's Filings/Docket #'s [7,8,13,14,16] re 14 Response to Petition/Request/Application, 7 Attorney Appearance, 13 MOTION to Dismiss , 16 MOTION to Strike 10 ■ MOTION for Writ of Mandamus , 8 Attorney Appearance by Usir N. El Bey. (SOso) (Entered: 01/05/2015) |
| 01/08/2015 | 21 | NOTICE of Counterclaimant's Mistakes & Correction to Docket #'s 17-20 and pg. 5 of Counterclaimant's Motion by Usir N. El Bey re 19 Supplemental Brief,, 17 Notice (Other), 20 MOTION on Objections/Requests With Offer of Proof by way of Affidavit/Notice of Commerical Fraud & Memorandum In Opposition of Plaintiff's Filings/Docket #'s [7,8,13,14,16] re 14 Response to Petition/Request/Application, 7 Attorn, 18 MOTION for Joinder of Parties/Pleading on Reasons for Non-Joinder Pursuant to F.R. of Civ. P. - Rule 19 (SOso) (Entered: 01/09/2015) |
| 01/08/2015 | 22 | CERTIFICATE OF SERVICE by Usir N. El Bey (SOso) (Entered: 01/09/2015) |
| 01/12/2015 | 23 | CERTIFICATE OF SERVICE re 19 Supplemental Brief,, 20 MOTION on Objections/Requests With Offer of Proof by way of Affidavit/Notice of Commerical Fraud & Memorandum In Opposition of Plaintiff's Filings/Docket #'s [7,8,13,14,16] re 14 Response to Petition/Request/Application, 7 Attorn, |

| | | |
|---|---|---|
| | | 10 ■ MOTION for Writ of Mandamus, 18 MOTION for Joinder of Parties/Pleading on Reasons for Non-Joinder Pursuant to F.R. of Civ. P. - Rule 19, 1 Notice of Removal, 9 Notice (Other) by Usir N. El Bey (SOso) (Entered: 01/13/2015) |
| 01/15/2015 | 24 ■ | Notice of Determination of Motions Without Oral Argument re 20 MOTION on Objections/Requests, 10 ■ MOTION for Writ of Mandamus, 18 MOTION for Joinder of Parties, 13 MOTION to Dismiss , 16 MOTION to Strike (WBar) (Entered: 01/15/2015) |
| 01/16/2015 | 25 | Pro Se Application for E-filing submitted by Usir N. El Bey [APPROVED PENDING COMPLETION OF ON-LINE TRAINING] (KCla) (Entered: 01/16/2015) |
| 01/20/2015 | | Pro Se E-filing Account Created for Usir N. El Bey [E-Filer]. (KCla) (Entered: 01/20/2015) |
| 01/20/2015 | 26 | ORDER dismissing counter-complaint and remanding case to 36th District Court. Signed by District Judge John Corbett O'Meara. (DPer) (Entered: 01/20/2015) |
| 01/20/2015 | 27 ■ | NOTICE remanding case to *36TH DISTRICT COURT*. (DPer) (Entered: 01/20/2015) |
| 01/22/2015 | 28 | Attached Petition for Writ of Mandamus, Prohibition, or Other Appropriate Relief and/or Exhibits have been filed with the U.S. Sixth Circuit Court of Appeals; State Bar of Michigan and Michigan Supreme Court (Attachments: # 1 Document Continuation, # 2 Document Continuation) (DTyl) (Entered: 01/26/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/27/2015 19:44:30 | | | |
| **PACER Login:** | dj2723:4095094:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-cv-14526-JCO-MJH |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# **Example 4**

# CERTIFICATE OF MAILING

From:
Usir Nynetjer El Bey

Non-Citizen/Non-Resident/Non-Domestic

Extraneous location/address for U.S District Court to communicate:
c/o 16734 Lamphere
Detroit, Michigan Republic [48219]

To Attn:

Judge John Corbett O'Meara
Federal Building
200 E. Liberty Street, Room 628
Ann Arbor, MI 48104
USPS Certified Mail # 7013 0600 0000 1200 8923

As requested a Checklist of the following docket entries [10, 18, and 20] have been enclosed in the package and mailed to the above Justices chambers:

1.  Copy of **[Docket 10]** Counterclaimant's Motion & Application for an Order in the Nature of a Writ of Mandamus or other Appropriate Relief w/attached Copies 1-9 (65 pgs.)
2.  Copy of Counterclaimant's Notice to 36th District Court (1 pg.)
3.  Copy of Counterclaimant's **[Docket 18]** Motion for Joinder of Parties / Pleading on Reasons for Non-Joinder (3 pgs.)
4.  Copy of Counterclaimant's **[Docket 20]** Motion on Objections/Requests With Offer of Proof by way of Affidavit/Notice of Commercial Fraud & Memorandum – In Opposition of Plaintiff's Filings / Docket #'s [7, 8, 13, 14, 16] (82 pgs.)
5.  Copy of Notice of Counterclaimant's Mistakes & Correction to Docket #'s 17-20 and pg. 5 of Counterclaimant's Motion on Objections/Requests With Offer of Proof by way of Affidavit/Notice of Commercial Fraud & Memorandum in Opposition of Plaintiff's Filings / Docket #'s [7, 8, 13, 14, 16] (1 pg.)
6.  Original Certificate of Mailing (1 pg) with a copy for my records.

_____

Print/Sign Name

**United States District Court**

**Wayne County**

BNY MELLON AS TRUSTEE FOR CWABS INC
ASSET-BACKED CERTIFICATES SERIES
2004-5 [Trust]

Trott & Trott P.C. et al
Donald King (P55358) et al

      Plaintiffs'

vs.

 Usir Nynetjer El Bey f/k/a JOHN SNEAD

Counterclaimant / Respondent,
_____/

Case No. 2:14-cv-14526
Honorable Judge Friedman, Bernard A.


**Companion Case**
**Judge John Corbett O'Meara**
**Case No. 5:11-cv-14066**

# COUNTERCLAIMANT'S MOTION & APPLICATION
# FOR AN ORDER IN THE NATURE OF A WRIT OF MANDAMUS
# OR OTHER APPROPRIATE RELIEF

## Pursuant to F. R. Civ. P. Rule 81(b)

(Related Notice of Removal filed separately on December 1, 2014)

1

# TABLE OF CONTENTS

APPLICATION FOR ORDER IN THE NATURE OF A WRIT OF MANDAMUS .................................................................5

VERIFICATION...........................................................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................................7

INTRODUCTION .......................................................................................................................................10

SUMMARY OF ARGUMENT .....................................................................................................................13

STATEMENTS FOR COMPANION CASE ....................................................................................................13

ARGUMENT. ...........................................................................................................................................17
1.      The trial court erred in holding its proceedings after its court rules have been rescinded. ...................17
2.      The state court abused its discretion by not reviewing counterclaimant's response and removal which acknowledges his legal name change and provides that the trial court lacks subject-matter jurisdiction ..............18
3.      The state court abused its discretion and is liable for any negligence and intentional torts herein that describes a civil wrong resulting from an intentional act on the part of the tort feasor................................................18

CONCLUSION............................................................................................................................................19
CERTIFICATE OF SERVICE.........................................................................................................................20